IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc.,[1] | : | Case No. 14-51720 (AHWS) |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker North America Inc.,[2] | : | Case No. 14-51721 (AHWS) |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker USA Inc.,[3] | : | Case No. 14-51722 (AHWS) |
| | : | |
| Debtor. | : | |

**MOTION OF DEBTORS FOR ORDER UNDER FED. R. BANKR. P. 1015
AND D. CONN. LBR 1015-1 AUTHORIZING JOINT
<u>ADMINISTRATION OF CHAPTER 11 CASES</u>**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"<u>Debtors</u>") hereby move (the "<u>Motion</u>") for entry of an order, under Rule 1015 of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1015-1 of the Local Rules of

---

[1] The last four digits of the debtor's taxpayer identification numbers is 7474. The debtor's address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[2] The last four digits of the debtor's taxpayer identification numbers is 7158. The debtor's address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[3] The last four digits of the debtor's taxpayer identification numbers is 3556. The debtor's address is 2603 Augusta Drive, Suite 440, Houston, TX 77057.

Bankruptcy Procedure (the "Local Rules"), authorizing the joint administration of the Debtors' Chapter 11 Cases (as defined herein) for procedural purposes only. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Adrian Tolson, General Manager North America of O.W. Bunker North America, Inc., in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court (the "Tolson Declaration"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal bases for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

3. On November 13, 2014 (the "Petition Date"), each of the Debtors commenced a voluntary case in this Court (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 Cases.

4. Information regarding the Debtors' business operations and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Tolson Declaration.

**RELIEF REQUESTED**

5. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of the Debtors' Chapter 11 Cases for procedural purposes only.

**BASIS FOR RELIEF**

6. Bankruptcy Rule 1015(b) provides that "if ... two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b)(4). Bankruptcy Code section 101(2), in turn, defines the term "affiliate" in pertinent part, as an:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor ....
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor ....
>
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

*See* 11 U.S.C. § 101(2).

7. Further, Local Rule 1015-1 provides:

> (a) Upon entry of an order directing the consolidation or joint administration of cases, notice thereof shall be served by the debtor on all creditors and other parties in interest.
>
> (b) Consolidated or jointly administered cases shall be assigned to the bankruptcy judge to whom the lower numbered case was assigned.

> (c) All pleadings and other papers filed in jointly administered cases shall bear a combined caption with the words "Jointly Administered." Except as provided in subsection (d) of this Rule, pleadings and other papers shall be docketed and placed in the case file of the lower numbered case only.
>
> (d) All proofs of claim filed in a jointly administered case shall be listed in the claims register and placed in the claims file for the specific case to which they pertain.
>
> (e) Notwithstanding the joint administration of cases, each debtor shall file schedules of assets and liabilities.

*See* D. Conn. LBR 1015-1.

8. The Debtors in these proceedings include O.W. Bunker Holding North America Inc. ("Holding") and two of its subsidiaries and affiliates. Holding is the direct, sole owner of both O.W. Bunker North America Inc. ("North America") and O.W. Bunker USA Inc. ("OWB-USA"). As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

9. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With three Debtors, each with its own case docket, the failure to jointly administer these cases would result in numerous duplicative filings for each issue, which would then be served upon separate service lists. This duplication would be extremely wasteful and would unnecessarily overburden the Bankruptcy Court Clerk.

10. Joint administration will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Moreover, this Court will be relieved of the burden of

entering duplicative orders and maintaining duplicative files. Joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

11. Further, joint administration of these Chapter 11 Cases will permit the Bankruptcy Court Clerk to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in these cases.

12. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Thus, all creditors will benefit from the reduced costs as a result of such joint administration.

13. Accordingly, the Debtors request that the official caption to be used by all parties in all pleadings and other filings in the jointly administered cases be as follows:

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : | Case No. 14-51720 (AHWS) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

The footnote 1 reference in such caption will set forth a complete listing of the Debtors' names, address as well as the last four digits of each Debtor's tax identification number.

14. The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request; and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(l), 2002(a)(7), and 2002(b), as applicable to these cases. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

15. In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Debtors' cases (except that of Holding), substantially as follows:

An order has been entered in this case consolidating this case with the case of O.W. Bunker Holding North America, Inc., Case No. 14-51720 (AHWS) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 14-51720 (AHWS) should be consulted for all matters affecting this case.

16. As joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

17. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an ex parte basis. *See* D. Conn. LBR 1015-1. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Indeed, the relief requested herein is commonly granted by numerous courts, including this Court. *See,*

*e.g., In re Rincon Beach Front, LLC and Golden Beach Group, Inc.*, Case No. 14-51046 (AHWS) (Bankr. D. Conn. July 10, 2014) (order directing joint administration of chapter 11 cases); *In re Latex Foam International Inc.*, Case No. 14-50845 (AHWS) (Bankr. D. Conn. June 4, 2014) (same); *In re 11 Burtis Avenue, LLC, et al.*, Case No. 14-50101 (AHWS) (Bankr. D. Conn. Jan. 1, 2014) (same). For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

18. Notice of this Motion will be given to: (a) the United States Trustee for the District of Connecticut; (b) the Internal Revenue Service; (c) the Office of the United States Attorney for the District of Connecticut; and (d) the parties included on the Debtors' consolidated list of twenty-one (21) largest unsecured creditors. The Debtors submit that, under the circumstances, no other or further notice is required. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto (a) jointly administering these Chapter 11 Cases for procedural purposes only as set forth herein, and (b) granting such other and further relief as the Court deems just and proper.

Dated: Bridgeport, Connecticut
       November 14, 2014

        Respectfully submitted,

        /s/ Michael R. Enright
        Michael R. Enright, Esq. (ct10286)
        Patrick M. Birney, Esq. (ct19875)
        ROBINSON & COLE LLP
        280 Trumbull Street
        Hartford, CT  06103
        Telephone: (860) 275-8290
        Facsimile:  (860) 275-8299
        menright@mmwr.com
        pbirney@rc.com

        - and -

        Natalie D. Ramsey, Esq. (NY #5242730)
            (*pro hac vice* pending)
        Joseph O'Neil, Esq. (NY #2596435)
            (*pro hac vice* pending)
        Davis Lee Wright, Esq. (NY #4761300)
            (*pro hac vice* pending)
        MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
        437 Madison Avenue, 29th Floor
        New York, NY 10022 (215) 772-1500
        Telephone: (212) 867-9500
        Facsimile:  (212) 599-1759
        nramsey@mmwr.com
        jo'neil@mmwr.com
        dwright@mmwr.com

        *Proposed Counsel for the Debtors and Debtors in Possession*