**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc.,[1] | : | Case No. 14-51720 (AHWS) |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker North America Inc.,[2] | : | Case No. 14-51721 (AHWS) |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker USA Inc.,[3] | : | Case No. 14-51722 (AHWS) |
| | : | |
| Debtor. | : | |

*EX PARTE*
**MOTION OF THE DEBTORS TO SCHEDULE AN EXPEDITED
HEARING ON, AND LIMIT NOTICE OF, THE FIRST DAY PLEADINGS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order under pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") granting an

---

[1] The last four digits of the debtor's taxpayer identification numbers is 7474.  The debtor's address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

[2] The last four digits of the debtor's taxpayer identification numbers is 7158.  The debtor's address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

[3] The last four digits of the debtor's taxpayer identification numbers is 3556.  The debtor's address is 2603 Augusta Drive, Suite 440, Houston, TX  77057.

3789411v3

expedited hearing, and shortening and limiting notice of this Motion and the following six additional motions (collectively, "First Day Pleadings"):

    A.    Motion of Debtors for Order Under Fed. R. Bankr. P. 1015 and Conn. Bankr. L.R. 1015-1 Authorizing Joint Administration of Chapter 11 Cases

    B.    Motion of Debtors for Order Under Fed. R. Bankr. 1007(c) Extending Time for Filing Schedules and Statements

    C.    Motion of Debtors for Interim and Final Orders Under 11 U.S.C. §§105(a), 363(b), 506(a), 507(a)(8) and 541 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Payment of Prepetition Taxes and Fees

    D.    Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105 and 546(c) Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims

    E.    Motion of the Debtors for an Order: (I) Approving the Continued Use of Their Cash Management System, Bank Accounts, and Business Forms; (II) Granting Them an Extension to Comply With the Requirements of Section 345 of the Bankruptcy Code; and (III) Authorizing Banks Participating in the Debtors' Cash Management System To Charge Certain Fees and Other Amounts

    F.    Debtors' Motion for Entry of an Order Under 11 U.S.C. §§ 105 and 362: (I) Directing Customer Payments Into a Segregated Debtor in Possession Account Pending Outcome of Adversary Proceeding to Avoid Lien; and (II) Authorizing and Establishing Procedures for Resolution of Supplier Liens Against Customer Vessels

In support hereof, the Debtors rely on the *Declaration of Adrian Tolson, General Manager of O.W. Bunker North America Inc., in Support of Chapter 11 Petitions and First Day Pleadings* (the "Tolson Declaration") filed contemporaneously herewith, and further state as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested herein is Bankruptcy Code §105 and Bankruptcy Rule 9007.

3789411v3

## BACKGROUND

2. On November 13, 2014 (the "Petition Date"), each of the Debtors commenced a voluntary case in this Court (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 Cases.

3. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4. Information regarding the Debtors' business operations and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Tolson Declaration.

## SUMMARY OF RELIEF REQUESTED AND SUPPORTING REASONS

5. By this Motion, the Debtors are requesting an expedited hearing on all of the First Day Pleadings, and authorization to limit notice of the First Day Pleadings to parties outlined further below. In order to avoid irreparable harm to the Debtors' operations, maintain employee morale, and to preserve the value of property of their estates, the Debtors need the relief requested in the First-Day Motions to be granted on an expedited basis.

6. The Debtors request that the Court authorize a preliminary hearing on two (2) days notice and limit notice of the First Day Pleadings to the following affected parties (the "Notice Parties"):

> A. The United States Trustee for the District of Connecticut (the "U.S. Trustee");
> B. The Office of the United States Attorney for the District of Connecticut;
> C. The twenty-one (21) largest unsecured creditors of each Debtor;
> D. Those parties with known security interests.
> E. The Internal Revenue Service;
> F. The Connecticut Department of Revenue Services; and

      G. The Connecticut Department of Labor.

      H. The Connecticut Attorney General

7. Bankruptcy Code § 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Courts have long recognized that the power granted by § 105(a) of the Code was meant to be exercised to effectuate the rehabilitation of a debtor. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989). The relief that the Debtors seek in this Motion – to have its First Day Pleadings heard on an expedited basis, with limited and shortened notice – is critical to their successful reorganization, because the relief requested in those First Day Pleadings is absolutely essential to maintaining orderly operations and, ultimately, maximizing creditor value.

8. Bankruptcy Rule 9007 grants the Court the power to designate the time within which, the entities to whom, and the form and manner in which notice shall be given. Bankruptcy Rule 2002(m) also grants the Court similar authority to prescribe the manner and scope of notices.

9. Therefore, the Bankruptcy Code and the Bankruptcy Rules give the Court the broad authority to direct the manner, scope, and extent of the notices required in a chapter 11 proceeding.

10. Limiting notice to the Notice Parties identified above, by the means outlined above, and shortening notice as requested, will enable the Debtors to have their First Day Pleadings heard within a timeframe that permits the Court to grant meaningful relief.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (a) granting an expedited hearing on the First-Day Motions, (b) limiting notice of such hearing to the Notice Parties, and (c) shortening notice of such hearing as described in paragraph 6 of this Motion, as well as such other and further relief as this Court deems just and appropriate.

-4-

Dated: Bridgeport, Connecticut
       November 14, 2014

                Respectfully submitted,

                */s/ Michael R. Enright*
                Michael R. Enright, Esq. (ct10286)
                Patrick M. Birney, Esq. (ct19875)
                ROBINSON & COLE LLP
                280 Trumbull Street
                Hartford, CT  06103
                Telephone: (860) 275-8290
                Facsimile:  (860) 275-8299
                menright@mmwr.com
                pbirney@rc.com

                - and -

                Natalie D. Ramsey, Esq. (NY #5242730)
                    (*pro hac vice* pending)
                Joseph O'Neil, Esq. (NY #2596435)
                    (*pro hac vice* pending)
                Davis Lee Wright, Esq. (NY #4761300)
                    (*pro hac vice* pending)
                MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
                437 Madison Avenue, 29th Floor
                New York, NY 10022 (215) 772-1500
                Telephone: (212) 867-9500
                Facsimile:  (212) 599-1759
                nramsey@mmwr.com
                jo'neil@mmwr.com
                dwright@mmwr.com

                *Proposed Counsel for the Debtors and Debtors in Possession*

3789411v3