**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| O.W. Bunker Holding North America Inc.,[1] | : | Case No. 14-51720 (AHWS) |
| Debtor. | : | |
| In re | : | Chapter 11 |
| O.W. Bunker North America Inc.,[2] | : | Case No. 14-51721 (AHWS) |
| Debtor. | : | |
| In re | : | Chapter 11 |
| O.W. Bunker USA Inc.,[3] | : | Case No. 14-51722 (AHWS) |
| Debtor. | : | |

**MOTION OF THE DEBTORS FOR AN ORDER: (I) APPROVING
THE CONTINUED USE OF THEIR CASH MANAGEMENT SYSTEM,
BANK ACCOUNTS, AND BUSINESS FORMS; (II) GRANTING THEM
AN EXTENSION TO COMPLY WITH THE REQUIREMENTS OF
SECTION 345 OF THE BANKRUPTCY CODE; AND (III) AUTHORIZING
BANKS PARTICIPATING IN THE DEBTORS' CASH MANAGEMENT SYSTEM TO
<u>CHARGE CERTAIN FEES AND OTHER AMOUNTS</u>**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

hereby move the Court pursuant to sections 345, 363 and 364 of title 11 of the United States

---

[1] The last four digits of the debtor's taxpayer identification numbers is 7474. The debtor's address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.
[2] The last four digits of the debtor's taxpayer identification numbers is 7158. The debtor's address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.
[3] The last four digits of the debtor's taxpayer identification numbers is 3556. The debtor's address is 2603 Augusta Drive, Suite 440, Houston, TX 77057.

Code (the "Bankruptcy Code") for entry of an order: (i) approving the Debtors' continued use of (a) their cash management system (the "Cash Management System") and (b) their existing bank accounts and business forms, including authorizing the Debtors to open and close bank accounts; (ii) granting the Debtors a 30-day extension to comply with the requirements of section 345 of the Bankruptcy Code; and (iii) authorizing all banks participating in the Cash Management System to charge Bank Fees (as such term is defined below) and certain other amounts (the "Motion"). In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Adrian Tolson, General Manager North America of O.W. Bunker North America Inc., in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court (the "Tolson Declaration"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 13, 2014 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "Chapter 11 Cases"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases.

3.	Contemporaneously therewith, the Debtors filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.	Information regarding the Debtors' business operations and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the Tolson Declaration.

*Description of the Cash Management System*

5.	Prior to the Petition Date, in the ordinary course of business, the Debtors maintained five (5) bank accounts (collectively, the "Bank Accounts").  A list of the Bank Accounts is below:

| Bank | Account Holder | Last Four Digits of Account Number | Account Type |
|---|---|---|---|
| Bank of America | O.W. Bunker USA, Inc. |  | Operating Account |
| Chase Bank | O.W. Bunker North America Inc. | 0716 | Operating Account |
| Chase Bank | O.W. Bunker North America Inc. | 9980 | Operating Account |
| Chase Bank | O.W. Bunker North America Inc. | 8190 | Operating Account |
| Chase Bank | O.W. Bunker Holding North America Inc. | 5852 | Operating Account |

6.	The Debtors maintain each Bank Account at a financial institution insured by the Federal Deposit Insurance Corporation (the "FDIC").  To manage the flow of cash through the Bank Accounts, the Debtors utilize an integrated cash management system that provides for the collection and disbursement of funds.

7.	The principal components of the Cash Management System are as follows: Each Debtor maintains at least one operating account (collectively, the "Operating Accounts").  These Operating Accounts receive certain payments that are not otherwise redirected pursuant to that certain English Omnibus Security Agreement, dated December 19,

2013, Between Chargors Listed in Schedule 1 and ING Bank N.V. as Security Agent. These Operating Accounts are also used to make disbursements, such as payroll, and satisfy obligations resulting from operations. Disbursements made from the Operating Accounts are made by check, ACH, or wire transfer.

## RELIEF REQUESTED

*The Continued Use of the Cash Management System Is Warranted*

8. The Debtors hereby seek authority to continue to use the Cash Management System as a customary and essential business practice of the Debtors, which is similar to cash management systems commonly employed by corporate enterprises of comparable size and complexity. It provides clear benefits to the Debtors, such as enabling them to: (a) control and monitor corporate funds; (b) ensure cash availability; and (c) reduce administrative expenses by facilitating the movement of funds and the development of timely and accurate account balance and presentment information.

9. Establishing an entirely new system of accounts, and a new cash management and disbursement system for each separate legal entity, would be burdensome to the Debtors. The maintenance of the Cash Management System is not only essential, but also is in the best interests of the Debtors' respective estates and creditors and minimizes disruptions to their operations.

10. Therefore, it is essential that the Debtors be permitted to continue to use their Cash Management System in accordance with their existing cash management procedures, with one exception: In post-filing discussions with the Office of the United States Trustee (the "U.S. Trustee"), the Debtors agreed to comply with U.S. Trustee's established guidelines with respect to the bank account held by Debtor O.W. Bunker USA Inc. in Bank of America.

As of the filing of this Motion, the Debtors are in the process of opening a new account for O.W. Bunker USA at a bank listed in the District of Connecticut's Authorized Bank Depositories, dated August 27, 2013.

11.     The Debtors further seek authority to implement ordinary course changes to their Cash Management System, as the Debtors may determine that other changes in the Cash Management System are beneficial. In addition, the Debtors request authority to open and close bank accounts as they deem necessary. The Debtors request that their banks and financial institutions (collectively, the "Banks") be authorized to honor the Debtors' requests to open or close any bank accounts, provided, however, that any new domestic account is established at a bank that is insured with the FDIC or the Federal Savings & Loan Insurance Corporation and is organized under the laws of the United States or any State therein, or, in the case of accounts that may carry a balance exceeding the insurance limitations set thereby, with only bank depositories authorized by the District of Connecticut or the Office of the United States Trustee for the District of Connecticut.

12.     Bankruptcy courts routinely permit chapter 11 debtors to maintain their existing cash management systems, generally treating requests for such relief as a relatively "simple matter." *In re Baldwin-United Com.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also In re Columbia Gas Sys.*, 997 F.2d 1039, 1061 (3d Cir. 1993) (recognizing that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient"); *Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985) (holding that allowing the debtors to use their prepetition "routine cash management system" was entirely consistent with applicable provisions of the Bankruptcy Code).

13.     The Debtors respectfully submit that, under the circumstances, the maintenance of the Cash Management System, in substantially the same form as it now exists, is in the best interests of the Debtors' estates and creditors.  Preserving a "business as usual" atmosphere and avoiding the unnecessary costs and distractions that inevitably would be associated with any substantial changes to the Cash Management System will facilitate the stabilization of the Debtors estates in light of these cases.

14.     As set forth above, the Debtors utilize five (5) Bank Accounts.  To avoid substantial disruption to the normal operation of the Debtors and their Operating Subsidiaries and to preserve a "business as usual" atmosphere, as part of their request to maintain their Cash Management System, the Debtors hereby request that they be permitted to continue to use their Bank Accounts with the same account numbers.  Absent this relief, the US Trustee Guidelines would require the Debtors to close all of their prepetition Bank Accounts and open new accounts.  Allowing the Debtors to continue to use their prepetition Bank Accounts will assist them in accomplishing a smooth transition to operating in chapter 11.

15.     To protect against the possible inadvertent payment of prepetition claims, the Debtors will immediately advise their banks not to honor checks issued prior to the Petition Date, except as otherwise expressly permitted by an order of the Court and directed by the Debtors.  The Debtors, moreover, have the capacity to draw the necessary distinctions between prepetition and postpetition obligations and payments without closing the Bank Accounts and opening new ones.

*The Continued Use of Existing Business Forms Is Warranted*

16.     In the ordinary course of their business, the Debtors use checks and other business forms (collectively, and as they may be modified, the "<u>Business Forms</u>").  To avoid

disruption of the Cash Management System and unnecessary expense, the Debtors request that they not be required to include the legend "D.I.P." and the corresponding bankruptcy case number on their Business Forms. Requiring the Debtors to include the legend "D.I.P." and the corresponding bankruptcy case number at the outset of these cases will cause the Debtors to bear an expense that the Debtors respectfully submit is unwarranted. As parties that presently conduct business with the Debtors likely will be aware of the Debtors' status as debtors in possession, the alteration of the Business Forms would be unnecessary.

*Request for Interim and Final Waiver of Section 345(b) Investment and Deposit Guideline*

17.  The Debtors do not invest the funds in the Cash Management System; instead, any and all excess funds are maintained in domestic bank accounts insured by the United States through the FDIC (collectively, the "Deposit Guidelines"). Accordingly, the Debtors believe that the Deposit Guidelines comply with the approved investment guidelines identified in section 345(b) of the Bankruptcy Code. Out of an abundance of caution, the Debtors seek a 30-day waiver of the requirements of section 345(b) in order to confer with the U.S. Trustee to determine whether any modifications to the Deposit Guidelines are required.

18.  Pursuant to section 345(b) of the Bankruptcy Code, any deposit or other investment made by a debtor, except those insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, must be secured by either a bond in favor of the United States that is secured by the undertaking of a corporate surety approved by the U.S. Trustee for the relevant district or the deposit of securities of the kind specified in 31 U.S.C. § 9303. As noted above, the Debtors believe the Deposit Guidelines comport with these requirements, but, even if they do not, section 345(b) also provides that a bankruptcy court may allow the

use of alternatives to these approved investment guidelines "for cause." *See* 11 U.S.C. § 345(b); *In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

19. In *Service Merchandise*, the court identified the following factors as a guide for determining whether cause exists to waive the requirements of section 345(b) of the Bankruptcy Code:

(a) the sophistication of the debtor's business;

(b) the size of the debtor's business operations;

(c) the amount of investments involved;

(d) the bank ratings of the financial institutions where the debtor's funds are held;

(e) the safeguards in place within the debtor's own business for insuring the safety of the funds;

(f) the debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

(g) the benefit to the debtor of current practices;

(h) the harm, if any, to the estate; and

(i) the reasonableness of the debtor's request for relief from the section 345(b) requirements in light of the overall circumstances of the case.

*Id*.

20. Examining these factors, the court concluded that "cause" existed in that case because the debtors were "large, sophisticated [companies] with a complex cash management system" that had the ability to shift money as needed to ensure the safety of their funds. *Id*. Moreover, the benefits to the debtor of waiving the section 345(b) requirements far

outweighed any potential harm to the estate, and the failure to waive the requirements "would needlessly handcuff these debtors' reorganization efforts." *Id*. at 896-97.

21. As in *Service Merchandise* and the other chapter 11 cases in which courts have granted requests for approval of the continued use of investment and deposit guidelines that did not strictly comply with section 345 of the Bankruptcy Code, the Debtors are large, sophisticated companies with a complex Cash Management System that provides the Debtors the ability to transfer funds rapidly to ensure their safety. In light of these factors and the safety of the Debtors' Bank Accounts, the Debtors respectfully request that, to the extent the Deposit Guidelines do not comply with the requirements of section 345(b), the Court extend the Debtors' time to comply with section 345(b) of the Bankruptcy Code for 30 days, without prejudice to the Debtors' ability to seek a final waiver of those requirements. During the extension period, the Debtors will engage in discussions with the U.S. Trustee and any statutory committee appointed in these chapter 11 cases to determine whether modifications to the Deposit Guidelines are appropriate under the circumstances.

*Request to Authorize the Banks to Charge Bank Fees and Certain Other Amounts*

22. The Debtors request authority for the Banks to charge and the Debtors to pay or honor both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors (collectively, the "Bank Fees"). The Debtors also request that the Court authorize the Banks to charge back returned items to the Bank Accounts in the normal course of business.

23.     The Debtors require this relief to minimize disruption to the Cash Management System and their Bank Accounts. Authority for debtors to pay bank fees and banks to charge back returned items has been granted in other chapter 11 cases.

**Waiver of Rules 6004(a) and (h) of the Federal Rules of Bankruptcy Procedure**

24.     The Debtors seek a waiver, to the extent they are applicable, of (a) the notice requirements under Rule 6004(a) of the Bankruptcy Rules, and (b) the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

**NOTICE**

25.     Notice of this Motion will be given to: (a) the United States Trustee for the District of Connecticut; (b) the Internal Revenue Service; (c) the Office of the United States Attorney for the District of Connecticut; and (d) the parties included on the Debtors' consolidated list of twenty-one (21) largest unsecured creditors. The Debtors submit that, under the circumstances, no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting: (i) the relief requested herein; and (ii) such other and further relief to the Debtors as the Court may deem proper.

Dated: Bridgeport, Connecticut
November 14, 2014

Respectfully submitted,

/s/ Michael R. Enright
Michael R. Enright, Esq. (ct10286)
Patrick M. Birney, Esq. (ct19875)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8290
Facsimile: (860) 275-8299
menright@mmwr.com
pbirney@rc.com

- and -

Natalie D. Ramsey, Esq. (NY #5242730)
   (*pro hac vice* pending)
Joseph O'Neil, Esq. (NY #2596435)
   (*pro hac vice* pending)
Davis Lee Wright, Esq. (NY #4761300)
   (*pro hac vice* pending)
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022 (215) 772-1500
Telephone: (212) 867-9500
Facsimile: (212) 599-1759
nramsey@mmwr.com
jo'neil@mmwr.com
dwright@mmwr.com

*Proposed Counsel for the Debtors and Debtors in Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc.,[1] | : | Case No. 14-51720 (AHWS) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**ORDER ON MOTION OF THE DEBTORS FOR AN ORDER: (I) APPROVING
THE CONTINUED USE OF THEIR CASH MANAGEMENT SYSTEM,
BANK ACCOUNTS, AND BUSINESS FORMS; (II) GRANTING THEM
AN EXTENSION TO COMPLY WITH THE REQUIREMENTS OF
SECTION 345 OF THE BANKRUPTCY CODE; AND (III) AUTHORIZING
BANKS PARTICIPATING IN THE DEBTORS' CASH MANAGEMENT SYSTEM TO
<u>CHARGE CERTAIN FEES AND OTHER AMOUNTS</u>**

This matter coming before the Court on the Motion of the Debtors for an Order: (I) Aproving the Continued Use of the Debtors' Cash Management System, Bank Accounts and Business Forms; (II) Granting Them an Extension of Time to Comply with the Requirements of Section 345 of the Bankruptcy Code; and (III) Authorizing Banks Participating in the Debtors' Cash Management System to Charge Certain Fees and Other Amounts (the "<u>Motion</u>"), filed by the above-captioned debtors (collectively, the "<u>Debtors</u>"); the Court having reviewed the Motion, the Tolson Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "<u>Hearing</u>"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C.§ 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

sufficient under the circumstances, and (v) cause exists, within the meaning of section 345(b) of the Bankruptcy Code, to allow the Debtors an additional 30 days from the Petition Date to comply with section 345(b) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Motion, the Tolson Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to: (a) maintain the Cash Management System in substantially the same form as described in the Motion; (b) implement ordinary course changes to their Cash Management System; and (c) open and close bank accounts. The Debtors shall provide notice of: (a) any ordinary course changes to their Cash Management System; and (b) the opening and closing of any bank accounts to the U.S. Trustee and any official committees appointed in these cases.

3. The Debtors are authorized to continue to use the Bank Accounts under existing account numbers without interruption; provided, however, that no checks issued by the Debtors prior to the commencement of these chapter 11 cases, if any, shall be honored, except as otherwise authorized by an order of this Court and directed by the Debtors.

4. The Banks are authorized to charge, and the Debtors are authorized to pay or honor, the Bank Fees related to the Bank Accounts. The Banks also are authorized to charge back returned items to the Bank Accounts in the normal course of business.

5. The Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of thirty (30) days from the Petition Date; provided, however, that such extension is without prejudice to the Debtors' right to request either a further extension or

the waiver of the requirements of section 345(b) of the Bankruptcy Code in these bankruptcy cases.

6. The Debtors are authorized to continue to use their Business Forms substantially in the forms existing immediately prior to the commencement of these chapter 11 cases, without reference to the Debtors' status as debtors in possession and the corresponding bankruptcy case number.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and (h), this Order shall be immediately effective and enforceable upon its entry.

Dated: Bridgeport, Connecticut
      November __, 2014

                                   THE HONORABLE ALAN H.W. SHIFF
                                   UNITED STATES BANKRUPTCY JUDGE