IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re : | Chapter 11 |
| O.W. Bunker Holding North America Inc.,[1] : | Case No. 14-51720 (AHWS) |
| Debtor. : | |
| In re : | Chapter 11 |
| O.W. Bunker North America Inc.,[2] : | Case No. 14-51721 (AHWS) |
| Debtor. : | |
| In re : | Chapter 11 |
| O.W. Bunker USA Inc.,[3] : | Case No. 14-51722 (AHWS) |
| Debtor. : | |

**NUSTAR RESPONSE TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 546(c) ESTABLISHING AND IMPLEMENTING EXCLUSIVE AND GLOBAL PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS**

NOW COMES NuStar Energy Services, Inc., and NuStar Supply & Trading LLC (collectively or separately "**NuStar**")[4] and files this response and objection to *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105 and 546(c) Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims* (the "**Reclamation Procedures Motion**"), and states:

---

[1] The last four digits of the Debtor's taxpayer identification numbers is 7474. The Debtor's address is 281 Tress Blvd. 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.
[2] The last four digits of the Debtor's taxpayer identification numbers is 7158. The Debtor's address is 281 Tresser Blvd., 2 Stamford Plaza, Stamford, CT 06901.
[3] The last four digits of the Debtor's taxpayer identification numbers is 3556. The Debtor's address is 2603 Augusta Drive, Suite 440, Houston, TX 77057.
[4] NuStar Energy Services, Inc. ("**NuStar Energy**") sold fuel oil to O.W. Bunker USA Inc. ("**OWBUSA**") as the agent/broker for the individual vessels that received the fuel oil. NuStar Supply & Trading LLC ("**NuStar Supply**") sold fuel oil, in bulk amounts, directly to O.W. Bunker North America Inc. ("**OWBNA**").

41174940.1
00000.000/614738.1

- 1 -

1. NuStar references its Motion for Adequate Protection; Alternatively, for Relief from the Automatic Stay to Exercise Reclamation, incorporated herein by reference ("**Adequate Protection Motion**"). [14-51721 Dkt. 17]. Pursuant to that Adequate Protection motion, NuStar seeks an order to adequately protect its reclamation claim for fuel oil on board the vessel EVA SCHULTE, and the proceeds from the sale of such fuel oil.

2. Without prejudice to NuStar's Adequate Protection Motion, NuStar makes the following objections to the Reclamation Procedures Motion.

3. What is omitted from the Reclamation Procedures Motion is a discussion is what is currently happening with the goods that are the subject of the reclamation demands and what is happening with the proceeds from the sale of those goods. Transfer of the goods to third parties may jeopardize the reclamation claims.

4. The proposed form of order submitted by the Debtors provides at paragraph 8 that:

> The Debtors are authorized, but not required, to return or facilitate the return of Goods where, in the Debtors' business judgment, doing so is in the best interest of the estates. Any claim against any of the Debtors for payment of Goods returned pursuant to this order shall be deemed satisfied in full by return of the Goods.

5. The Debtors should honor the reclamation demands and stop the transfer of any goods that are the subject of any reclamation demands. The Debtors propose discretionary control over the Goods is without any form of adequate protection as required by 11 U.S.C. § 363.[5]

6. The Debtors should establish a separate account for each Reclamation Demand and deposit the proceeds of any sale of the goods that are the subject of that Reclamation Demand in each separate account.

---

[5] See NuStar's Adequate Protection Motion at 14-51721 Dkt. 17.

7. The proposed form of order submitted by the Debtors provides at paragraph (h) that:

> Any Reclamation Claim listed in the Reclamation Notice for which no Reclamation Notice Objection is filed and served by the Objection Deadline shall be deemed allowed by the Court in the amount identified by the Debtors in the Reclamation Notice, provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved.

8. The language does not state what is meant by "allowed" with respect to a Reclamation Claim, and it is even more confusing to state that "all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved." If the Reclamation Claim is ultimately "allowed," the proceeds of that designated account should be turned over to the Seller with the allowed Reclamation Claim.

9. The proposed form of order submitted by the Debtors provides at paragraph 5 that:

> 5. All Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including without limitation: (a) commencing adversary proceedings and contested matters in connection with any Reclamation Claims, (b) seeking to obtain possession of any Goods except as may be permitted by the Reclamation Procedures, and (c) interfering with the delivery of any Goods to the Debtors or the retention of any Goods by the Debtors; provided, however, that nothing in this Order shall bar a Seller from asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code by the applicable deadline.

10. Reclamation claimants are required to act with diligence in pursuing their claims. *Paramount Home Entm't, Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 529 (E.D. Va. 2010). If adversary proceedings and contested matters and other collection actions are to be enjoined,[6] it should be made with the express finding that following the Reclamation Procedures shall constitute all diligence necessary to preserve Reclamation Claims. See *Paramount*, 445 B.R. at 529-30 (seller who followed reclamation procedures order was held not to have been diligent

---

[6] See also paragraph 6 of the proposed order, proposing to stay any pending reclamation actions.

enough to preserve reclamation claims).  NuStar objects to the proposed prohibition in paragraph 5 against "interfering with . . . the retention of any Goods by the Debtors" as it provides no adequate protection to Sellers asserting Reclamation Claims for the Debtors' use of Goods.

# I.
# PRAYER

WHEREFORE, NuStar seeks an order denying Debtors' Motion and grant such other and further relief to which NuStar is entitled, either at law or in equity.

DATED:  November 17, 2014.           **NUSTAR ENERGY SERVICES, INC. and NUSTAR SUPPLY & TRADING LLC**


By:  */s/ Eric Henzy*
     Eric Henzy
     Federal Bar No. ct12849
     Reid and Riege, P.C.
     One Financial Plaza, 21st Floor
     Hartford, CT  06103
     Telephone:  (860) 240-1081
     Telecopier:  (860) 240-1002
     ehenzy@rrlawpc.com
     Its Attorneys


OF COUNSEL:

Michael M. Parker
Texas State Bar 00788163 (Pro Hac Vice Motion to be filed)
Steve A. Peirce (Pro Hac Vice Motion to be filed)
Texas State Bar 15731200
FULBRIGHT & JAWORSKI LLP
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Telephone:  (210) 224-5575
Facsimile:  (210) 270-7205
michael.parker@nortonrosefulbright.com
steve.peirce@nortonrosefulbright.com

*Attorneys for NuStar Energy Services, Inc. and NuStar Supply & Trading LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Eric Henzy*