**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| O.W. Bunker Holding North America Inc.,[1] | : | Case No. 14-51720 (AHWS) |
| Debtor. | : | |
| In re | : | Chapter 11 |
| O.W. Bunker North America Inc.,[2] | : | Case No. 14-51721 (AHWS) |
| Debtor. | : | |
| In re | : | Chapter 11 |
| O.W. Bunker USA Inc.,[3] | : | Case No. 14-51722 (AHWS) |
| Debtor. | : | |

*EX PARTE*
**MOTION OF THE DEBTORS TO SCHEDULE AN EXPEDITED HEARING ON,
AND LIMIT NOTICE OF, THE MOTION FOR ORDERS (I) (A) AUTHORIZING
AND ESTABLISHING SALE PROCEDURES RELATING TO THE SALE OF
THE VOPAK OIL AND RELATED ASSETS, (B) APPROVING
CERTAIN NOTICE PROCEDURES, AND (C) SCHEDULING A HEARING TO
CONSIDER THE PROPOSED SALE; AND (II) AUTHORIZING AND APPROVING
THE SALE OF THE VOPAK OIL AND, IF AN ASSIGNMENT IS SOUGHT,
ASSUMPTION AND ASSIGNMENT OF THE VOPAK LEASE AND GRANTING
<u>CERTAIN RELATED AND FACILITATIVE RELIEF</u>**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"<u>Debtors</u>") hereby move (the "<u>Motion</u>") for entry of an order under pursuant to section 105(a) of

---

[1] The last four digits of the debtor's taxpayer identification numbers is 7474. The debtor's address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.
[2] The last four digits of the debtor's taxpayer identification numbers is 7158. The debtor's address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.
[3] The last four digits of the debtor's taxpayer identification numbers is 3556. The debtor's address is 2603 Augusta Drive, Suite 440, Houston, TX 77057.

3794107v1

the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") granting an expedited hearing, and shortening and limiting notice of this Motion and the Debtors' Motion for Orders (I) (A) Authorizing and Establishing Sale Procedures Relating to the Sale of the Vopak Oil and Related Assets, (B) Approving Certain Notice Procedures, and (C) Scheduling a Hearing to Consider the Proposed Sale; and (II) Authorizing and Approving the Sale of the Vopak Oil and, if an Assignment is Sought, Assumption and Assignment of the Vopak Lease and Granting Certain Related and Facilitative Relief (the "Sale Motion"). In support hereof, the Debtors rely on the *Declaration of Adrian Tolson, General Manager of O.W. Bunker North America Inc., in Support of Chapter 11 Petitions and First Day Pleadings* (the "Tolson Declaration"), filed on November 14, 2014, and further state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested herein is Bankruptcy Code §105 and Bankruptcy Rule 9007.

## BACKGROUND

2. On November 13, 2014 (the "Petition Date"), each of the Debtors commenced a voluntary case in this Court (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 Cases.

3. A motion requesting joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and D. Conn. LBR 1015-1 is pending with this Court.

4. On November 14, 2014, the Debtors filed several motions (the "First Day Motions") relating to the bankruptcy petitions, including a motion to expedite and shorten notice relating to the First Day Motions, which the Court granted that same day [D.I. 14 & 20]. That hearing is currently scheduled for Wednesday, November 19, 2014.

5. Information regarding the Debtors' business operations and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Tolson Declaration.

## SUMMARY OF RELIEF REQUESTED AND SUPPORTING REASONS

6. By this Motion, the Debtors are requesting an expedited hearing on the Sale Motion, and authorization to limit notice of the Sale Motion to parties outlined further below. In order to avoid irreparable harm to the Debtors' operations and to preserve the value of property of their estates, the Debtors need the relief requested in the Sale Motion to be granted on an expedited basis.

7. The Debtors respectfully request that the Court hear the Sale Motion on November 21, 2014, and if not that date, on November 24, 2014, and limit notice of the Sale Motion to the following affected parties (the "Notice Parties"):

> A. The United States Trustee for the District of Connecticut (the "U.S. Trustee");
> B. The Office of the United States Attorney for the District of Connecticut;
> C. Vopak Terminal Los Angeles, Inc. (the "Vopak Terminal")
> D. The twenty-one (21) largest unsecured creditors of each Debtor;
> E. Those parties asserting a lien on oil held at the Vopak Terminal;
> F. Those parties asserting security interests;
> G. The Internal Revenue Service;
> H. The Connecticut Department of Revenue Services;
> I. The Connecticut Department of Labor; and
> J. The Connecticut Attorney General.
> K. Any party that has requested notice in the Chapter 11 Cases

-3-

8.  Bankruptcy Code § 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Courts have long recognized that the power granted by § 105(a) of the Code was meant to be exercised to effectuate the rehabilitation of a debtor. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989). The relief requested in the Sale Motion is critical to these Chapter 11 Cases. The Debtors are requesting authority to sell several thousand metric tons of marine fuel currently stored in the Volpak Terminal. This asset is a commodity, subject to market fluctuation and pending regulations (including changes in marine fuel sulfur limits that will ultimately depress the value of the asset if the sale is delayed beyond early December of 2015). Additionally, the Vopak Terminal imposes monthly charges to store the marine fuel in an amount that exceeds $300,000 per month. Therefore, the Sale Motion requests the Court establish the proposed sale procedures and approve a sale notice, in addition to a hearing on approving the resulting sale on an expedited basis. This relief is absolutely essential to preserving the value of the Debtors' estates, and maximizing creditor value. An imminent sale would limit the risk of price fluctuation and allow the Debtors to maximize the value to the Debtors' estates. .

9.  Bankruptcy Rule 9007 grants the Court the power to designate the time within which, the entities to whom, and the form and manner in which notice shall be given. Bankruptcy Rule 2002(m) also grants the Court similar authority to prescribe the manner and scope of notices.

10. Therefore, the Bankruptcy Code and the Bankruptcy Rules give the Court the broad authority to direct the manner, scope, and extent of the notices required in a chapter 11 proceeding.

3794107v1

11. Limiting notice to the Notice Parties identified above, by the means outlined above, and shortening notice as requested, will enable the Debtors to have their Sale Motion heard within a timeframe that permits the Court to grant meaningful relief.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (a) granting an expedited hearing on the Sale Motions, (b) limiting notice of such hearing to the NoticeParties, and (c) shortening notice of such hearing as described in paragraph 6 of this Motion, as well as such other and further relief as this Court deems just and appropriate.

Dated: Bridgeport, Connecticut
November 17, 2014

Respectfully submitted,

 /s/ Michael R. Enright
Michael R. Enright, Esq. (ct10286)
Patrick M. Birney, Esq. (ct19875)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103
Telephone: (860) 275-8290
Facsimile:  (860) 275-8299
menright@mmwr.com
pbirney@rc.com

- and -

Natalie D. Ramsey, Esq. (NY #5242730)
    (admitted *pro hac vice*)
Joseph O'Neil, Esq. (NY #2596435)
    (admitted *pro hac vice*)
Davis Lee Wright, Esq. (NY #4761300)
    (admitted *pro hac vice*)
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022 (215) 772-1500
Telephone: (212) 867-9500
Facsimile:  (212) 599-1759
nramsey@mmwr.com
jo'neil@mmwr.com
dwright@mmwr.com

*Proposed Counsel for the Debtors and Debtors in Possession*