**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: ) | |
| ) | Case No. |
| O.W. BUNKER HOLDING NORTH ) | 14-51720 (AHWS) |
| AMERICA, INC., ) | |
| ) | |
| Debtors. ) | |
| ) | Chapter 11 |

**LIMITED OBJECTION OF VOPAK TERMINAL LOS ANGELES INC.,
AS SECURED CREDITOR, TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER
UNDER 11 U.S.C. §§ 105 AND 362: (I) DIRECTING PAYMENTS INTO A
SEGREGATED DEBTOR IN POSSESSION ACCOUNT; AND (II) AUTHORIZING
AND ESTABLISHING PROCEDURES FOR RESOLUTION OF
SUPPLIER LIENS AGAINST CUSTOMER VESSELS**

Vopak Terminal Los Angeles Inc. ("**Vopak**"), as secured creditor, hereby files this objection to the *Debtors' Motion for Entry of an Order Under 11 U.S.C. §§ 105 AND 362: (I) Directing Payments Into a Segregated Debtor In Possession Account; and (II) Authorizing and Establishing Procedures for Resolution of Supplier Liens Against Customer Vessels* (the "**Motion**") [Dkt. No. 17].

**BACKGROUND**

1. Vopak is an independent tank storage provider that specializes in the storage and handling of liquid chemicals, gasses and oil products. Vopak operates the Los Angeles terminal located at 401 Canal Street, 90744, Wilmington, California (the "**Terminal**").

2. Pursuant to the terms of Agreement Nr. LAS50360 for USA Storage and Handling Services dated March 12, 2014 (the "**Agreement**"), amended on May 28, 2014 (the "**Amended Agreement**"), O.W. Bunker North America Inc. ("**OWB-NA**"), a debtor in these

#4752556.2

cases, stored and continues to store Fuel Oil, MDO, and LSFO (collectively "**Product**") at the Terminal.

3. Vopak was owed storage fees and other costs as of the Petition Date and will continue to incur storage fees and other costs until the Product is sold.

4. Vopak, by virtue of the terms of the Amended Agreement, and as a matter of law, is a secured creditor with a warehouseman's lien on the Product stored at the Terminal for all amounts due to Vopak as set forth in the Amended Agreement.[1]  *See* Cal. Com. Code § 7209 ("A warehouse has a lien against the bailor on the goods covered by a warehouse receipt or storage agreement or on the proceeds thereof in its possession for charges for storage or transportation, including demurrage and terminal charges, insurance, labor, or other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law.").[2]

**OBJECTION**

5. In the Motion, Debtors' propose that "any receivables generated from the sale of the Debtors' Fuel Oil be deposited into the Segregated Account so that the funds are so that the funds are preserved until such time as the Court issues a ruling in the Adversary Proceeding." Dkt. No. 17 at ¶16. Debtors further propose, as set forth in the Supplier Lien Procedures, to issue new liens on the proceeds of Debtors' Fuel Oil sales to certain Fuel Oil suppliers. *Id.*

---

[1] Although Vopak is identified as one of OWB-NA's largest unsecured creditors, *see Amended Consolidated List of Creditors Holding Twenty-One (21) Largest Unsecured Claims* [Dkt. No. 12], Vopak asserts that it is in fact a secured creditor and expressly reserves the right to challenge the amount and classification of its claim at a later date.

[2] The Amended Agreement provides that it will be governed by and construed in accordance with California law.

#4752556.2

6. Vopak objects to the Motion to the extent that Debtors' proposal impairs and prejudices Vopak's warehouseman's lien. The treatment of the proceeds of any sale of the Product stored at the Terminal should not be deposited into the Segregated Account and subject to the Debtors' lien scheme. Rather the treatment of the proceeds of any sale of the Product should be determined at a later date when Debtors proceed with a sale of the Product pursuant to appropriate motion and order of this Court. In the interim, any relief granted as part of the Motion should be without prejudice to Vopak's rights and liens in the Product and any proceeds therefrom.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Vopak respectfully requests that the Court deny the Motion to the extent it proposes to impair or prejudice Vopak's lien rights, and grant such other and further relief as the Court deems just and proper.

Dated: November 18, 2014
Hartford, Connecticut

        Respectfully submitted,

        BRACEWELL & GIULIANI LLP

By: */s/ Shannon B. Wolf*
    Shannon B. Wolf
    Bracewell & Giuliani LLP
    CityPlace I, 34th Floor
    185 Asylum Street
    Hartford, CT 06103
    Telephone: (860) 256-8558
    Facsimile: (800) 404-3970
    E-mail: shannon.wolf@bgllp.com

*Counsel to Vopak Terminal Los Angeles Inc.*

#4752556.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via the court's CM/ECF electronic mail on November 18, 2014.

> By: */s/ Shannon B. Wolf*
> Shannon B. Wolf
> Bracewell & Giuliani LLP
> CityPlace I, 34th Floor
> 185 Asylum Street
> Hartford, CT 06103
> Telephone: (860) 256-8558
> Facsimile:  (800) 404-3970
> E-mail:  shannon.wolf@bgllp.com
>
> *Counsel to Vopak Terminal Los Angeles Inc.*

-4-