**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re | : Chapter 11 |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : Case No. 14-51720 |
| Debtor. | : Jointly Administered |
|  | : Re: Docket No. 49 |

**[REVISED *PROPOSED* ORDER]**

**ORDER (I) ESTABLISHING SALE PROCEDURES RELATING TO
THE SALE OF THE VOPAK OIL AND RELATED ASSETS;
(II) APPROVING CERTAIN NOTICE PROCEDURES;
(III) SCHEDULING A HEARING TO CONSIDER THE
PROPOSED SALE AND (IV) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the Debtors' Motion for Orders (I)(A) Authorizing and Establishing the Sale Procedures Relating to the Sale of the Vopak Oil and Related Assets, (B) Approving Certain Notice Procedures and (C) Scheduling a Hearing to Consider the Proposed Sale, and (II) Authorizing and Approving the Sale of the Vopak Oil and, if Assignment is sought, Assumption and Assignment of the Vopak Terminal Contact and Granting Certain Related and Facilitative Relief (the "Motion")[2]; and this Court having considered that portion of the Motion relating to the Sale Procedures, and the arguments of counsel made, and the evidence adduced, at

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion or the Sale Procedures, as applicable.

the hearing on the Motion to approve the Sale Procedures (the "<u>Sale Procedures Hearing</u>"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that the relief requested by the Motion relating to the Sale Procedures is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

**FOUND, CONCLUDED AND DETERMINED THAT:[3]**

A.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. §157(b).  Venue of this case and this Motion in this District is proper under 28 U.S.C. §§1408 and 1409.  The legal predicates for the relief requested in the Motion are 11 U.S.C. §§105, 363, 365 and 503.  Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004, 6006 and 9014.

B.     The Debtors have articulated good and sufficient business reasons for the Court to (i) approve the Sale Procedures, (ii) approve the form and manner of the Sale Notice (defined below) and related procedures, and (iii) schedule a hearing to consider the proposed sale.

D.     Due, sufficient, and adequate notice of the Sale Procedures Hearing and the relief to be granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required.  The Debtors' notice of the Motion, the proposed entry of this Order, the Sale Procedures, the Auction and the Sale Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004 and 6006 and no other or further notice of, or hearing on, the Motion or this Order is required.

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

E.  The Debtors' proposed Sale Notice (as defined below) is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no further notice of or hearing on such matters is required.

F.  The Sale Procedures, substantially in the form attached hereto, and incorporated herein by reference as if fully set forth in this Order, are fair, reasonable and appropriate and represent the best method for maximizing the value of the Debtors' estates.

G.  The Debtors have demonstrated a compelling and sound business justification for approving the Sale Procedures.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is GRANTED, to the extent set forth herein.

2.  Any objections filed in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein[4] or at the Sale Procedures Hearing, are hereby overruled.

3.  The Sale Procedures, as attached hereto, are approved. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Sale Procedures.

**The Bid Deadline**

4.  Bids shall be submitted in compliance with the Sale Procedures, in writing, on or before **December 2, 2014** at **1:00 p.m. (EST)** (the "Bid Deadline") to: (1) the Debtors, O.W. Bunker Holding North America Inc., et al., c/o Keith Richardson, 281 Tresser Boulevard, 15th

---

[4] For avoidance of doubt, those portions of the Limited Objections of Vopak Terminal Los Angeles Inc., as Secured Creditor, to Debtors Motion for Orders (I)(A) Authorizing and Establishing Sale Procedures Relating to the Sale of the Vopak Oil and Related Assets, (B) Approving Certain Notice Procedures, and (C) Scheduling a Hearing to Consider the Proposed Sale; and (II) Authorizing and Approving the Sale of the Vopak Oil, if an Assignment is Sought, Assumption And Assignment of the Vopak Lease and Granting Certain Related and Facilitative Relief [Docket No. 74] relating to the payment of liens claimed by Vopak Terminal or rejection of the contract with Vopak Terminal (more fully set forth in ¶¶ 6 and 7 thereof) are reserved for the Sale Hearing, and all Parties' arguments and claims are preserved with respect to same

Floor, Stamford, CT 06901 (email: keri@owbunker.com); (2) counsel for the Debtors, Michael R. Enright, Robinson & Cole, 280 Trumbull Street Hartford, CT 06103 (email: menright@rc.com) and Natalie D. Ramsey, Montgomery, McCracken, Walker & Rhoads, LLP, 123 South Broad Street, 28th Floor, Philadelphia, PA 19109 (email: nramsey@mmwr.com); (3) the financial advisor to the Debtors, Scott Anchin, Alvarez & Marsal, 600 Madison Avenue, 8th Floor, New York, NY 10022 (email: sanchin@alvarezandmarsal.com); and (4) the legal and financial advisors to any statutory committee appointed (if any).

    5.     [Omitted]

**Notice of the Sale Transaction, Objection Deadline and the Sale Hearing**

    6.     On the date of entry of this Order, or as soon thereafter as practicable (the "Mailing Date"), the Debtors (or their agents) shall cause the Motion, this Order and the Sale Procedures to be served by email to the extent that such addresses are available, or if not by first-class mail, postage prepaid, upon (i) any potentially interested buyers identified by the Debtors and their financial advisors; (ii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Vopak Oil; (iii) legal and financial advisors to any statutory committee appointed; (iv) parties included on the Debtors' Consolidated List of Twenty-one (21) Largest Unsecured Claims; and (v) all parties receiving notices of filings in this case through the Court's ECF System, including those parties who have filed the appropriate notice requesting notice of all pleadings filed in the Case.

    7.     On the Mailing Date or as soon thereafter as practicable, the Debtor (or its agents) shall serve email to the extent such addresses are available, or if not by first-class mail, postage prepaid, the sale notice (the "Sale Notice"), substantially in the form attached hereto as Attachment II, upon all creditors on the creditor matrix. Such notice shall include notice that the Debtors believe that the proceeds of the Sale will be unencumbered cash which Debtors may use.

8. The Sale Hearing to approve the sale of the Vopak Oil shall be held on **December 5, 2014** at **10:00 (a.m.)** **(EST).**

9. Objections, if any, to the sale must be filed and served on: (i) counsel for the Debtors, Michael R. Enright, Robinson & Cole, 280 Trumbull Street Hartford, CT 06103 (email: menright@rc.com) and Natalie D. Ramsey, Montgomery, McCracken, Walker & Rhoads, LLP, 123 South Broad Street, 28th Floor, Philadelphia, PA 19109 (email: nramsey@mmwr.com), (ii) counsel to any statutory committee appointed, and (iii) the Office of the United States Trustee (collectively, the "Notice Parties") by **December 1, 2014 at 4:00 p.m. (EST)**, provided that parties in interest not present and represented by counsel at the November 19, 2014 hearing (which shall include any creditors committee) shall have an extension until **December 3, 2014 at 4:00 p.m. (EST)** to file and serve objections

10. Objections which are based only upon the Debtors' selection of the best offer or offers may be filed and served on the Notice Parties by the commencement of the Sale Hearing. All other objections are due on the date set forth in paragraph 9.

11. [Omitted]

### The Auction

12. The Debtors are authorized to conduct an auction (the "Auction") with respect to the Vopak Oil. The Auction shall take place by phone in accordance with the Sale Procedures beginning on **December 4, 2014 at 11:00 a.m. (EST)**. The Debtors are authorized, subject to the terms of this Order, to take actions reasonably necessary, in the discretion of the Debtors, to conduct and implement the Auction.

13. Subject to the rights of parties in interest to (i) challenge the sale or the sale process, (ii) challenge the Debtors' decisions with respect to the sale process, (iii) argue that such decisions are not governed by the "business judgment" standard, or (iv) such other rights as such

parties may have hereunder or under applicable law, the Debtors may (I) select, in their business judgment, pursuant to the Sale Procedures, the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (II) reject any bid that, in the Debtors' business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Sale Procedures, or (c) contrary to the best interests of the Debtor and its estate, creditors, interest holders or parties-in-interest.

14.     The failure to specifically include or reference any particular provision, section or article of the Sale Procedures in this Order shall not diminish or impair the effectiveness or such procedures, it being the intent of this Court that the Sale Procedures be authorized and approved in their entirety.

## Assumption and Assignment Procedures

15.     On the Mailing Date, or as soon as practicable thereafter, the Debtor (or its agents) shall serve the Sale Notice by mail on Vopak Terminal Los Angeles, 401 Canal Street, Wilmington, California 90744, and upon its counsel by email to Shannon.Wolf@bqllp.com, which notice shall notify such party that its contract may be assumed and the terms and cure amount (the "Cure Amount"); provided, however, that such shall not constitute an admission that such contract is an executory contract or lease.

16.     Any objection to the Cure Amount or to assumption and assignment must be filed with the Court and served on the Notice Parties **so as to be received on or before December 1, 2014 at 4:00 p.m. (EST)** (the "Cure Objection Deadline").  Any such objection must also (i) state the basis for such objection and (ii) state with specificity what cure amount Vopak Terminal believes is required (in all cases with appropriate documentation in support thereof).

17.     Unless a non-Debtor party to any executory contract or unexpired lease, files an objection to the Cure Amount by the Cure Objection Deadline, such counterparty shall be and is

forever barred from objecting to the Cure Amount and (ii) forever barred and estopped from asserting or claiming any Cure Amount, other than the Cure Amount listed on the Cure Notice, against the Debtors, any Successful Bidder, or any other assignee of the relevant contract.

### Related Relief

18. The Debtors are hereby authorized and empowered to take such actions as may be reasonably necessary to implement and effect the terms and requirements established this Order.

19. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

20. This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtors.

21. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the sale of the Vopak Oil, the Sale Procedures and the implementation of this Order.

23. Final approval of any sale proposed pursuant to this order or the sale procedures shall be sought from this Court at the Sale Hearing, and any proposed sale shall be subject to the final approval of this Court.

# ATTACHMENT I -- SALE PROCEDURES[1]

### Assets to Be Sold

The Debtors are offering for sale all of the Vopak Oil (generally consisting of RMG 380, RMG 500, Cutter and MGO) by written bids. All of the Debtors' right, title, and interest in and to the Vopak Oil shall be sold as is/where is (including without any representation or warranty from Vopak Terminal) and free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "Interests") to the maximum extent permitted by section 363 of the Bankruptcy Code, subject to the terms of the Sale Order.

The Debtors are also offering for assignment the agreement with the Vopak Terminal.

### Bidding Process and Minimum Bid Quantities

The Debtors and their advisors shall (i) determine whether any person is a Qualified Bidder (as defined below), (ii) coordinate the efforts of interested buyers in conducting their evaluation of whether to bid, (iii) receive offers from Bidders (as defined below), and (iv) negotiate any offers made to purchase the Vopak Oil.

Each type or grade of oil shall be offered for sale both as whole and in amounts not less than a minimum quantity ("Minimum Bid Quantity"), on which Qualified Bidders may submit Qualified Bids. Such Minimum Quantities for each type of oil are as follows:

- RMG 380 (approximate total 18,000MT) – the Minimum Bid Quantity shall be 2,000MT
- RMK 500 (approximate total 7,000MT) – the Minimum Bid Quantity shall be 1,000MT
- Cutter (approximate total 2,400MT) – the Minimum Bid Quantity shall be 1,000MT
- MGO (approximate total 300MT) – the Minimum Bid Quantity shall be the entire amount

### Key Dates For Potential Competing Bidders

The Sale Procedures provide interested parties with the opportunity to qualify for and participate in an auction to be conducted by the Debtors (the "Auction") and to submit competing bids for the Vopak Oil. The Debtors shall assist interested buyers in conducting their respective due diligence investigations and shall accept Bids (as defined below) until **December 2, 2014 at 1:00 p.m. (EST)** (the "Bid Deadline").

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the motion for approval of, among other things, the Sale Procedures (the "Motion").

The key dates for the sale process are as follows:

| | |
|---|---|
| December 1, 2014 at 4:00 p.m. EST | Deadline for Objections to the Sale and for Cure Objections, provided that parties in interest not present at the November 19, 2014 hearing (which sall include any creditors committee) shall have an extension until December 3, 2014 at 4:00 p.m. (EST) to file and serve objections |
| December 2, 2014 at 1:00 p.m. EST | Bid Deadline –Debtors thereafter determine if there are one or more Qualifying Bid(s) |
| December 2, 2014 at 6:00 p.m. EST | Debtors file notice of Qualified Bids (defined below) and the financial terms of same |
| December 4, 2014 beginning at 11:00 a.m. EST | Auction (by telephone) |
| Upon conclusion of the Auction | Debtors file Notice of result of Auction |
| Beginning of Sale Hearing | Deadline for supplemental objections based only upon Debtors' selection of best offer or offers. |
| December 5, 2014 at 10:00 a.m. EST | Sale Hearing, with closing to occur immediately upon approval |

**Access to Product Information and Confidentiality**

To participate in the bidding process and to receive access to information about the Vopak Oil, a party must submit to the Debtors reasonable evidence demonstrating the party's financial capability to consummate a sale transaction for the Vopak Oil as reasonably determined by the Debtors. All requests for information must be directed to the following "Auction Parties":

| **Debtors** | **Debtors' counsel** |
|---|---|
| Keith Richardson | Michael R. Enright |
| O.W. Bunker North America | Robinson & Cole |
| *Manager Physical Operations* | 280 Trumbull Street |
| *North and Central America* | Hartford, CT  06103 |
| 281 Tresser Boulevard, 15th Floor | Direct:  +1 860 275 8290 |
| Stamford, CT  06901 | Email:  menright@rc.com |
| Office:  +1 203 658 8863 | |
| Direct:  +1 203 658 8864 | |
| Email:  keri@owbunker.com | |
| | |
| **Financial Advisor** | Natalie D. Ramsey |
| | Montgomery, McCracken, Walker & Rhoads, LLP |
| Scott Anchin | 123 South Broad Street, 28th Floor |
| Alvarez & Marsal | Philadelphia, PA  19109-1029 |
| 600 Madison Avenue, 8th Floor | Office:  +1 215 772 1500 |
| New York, NY  10022 | Direct:  +1 215 772 7354 |
| Office:  +1 212 759 4433 | Email:  nramsey@mmwr.com |
| Email:  sanchin@alvarezandmarsal.com | |

-2-

The Vopak Terminal has requested that certain information related to its contract be kept confidential, and the Debtors will seek reasonable and limited non-disclosure agreements from parties interested in assignment of that contract. If agreement on non-disclosure acceptable to Vopak Terminal cannot be reached with an interested party, the Debtors will seek the Court's interpretation before disclosure.

## Qualification Process and Bid Deadline

To be eligible to participate in the Auction and/or for the Debtors to consider an offer, solicitation or proposal (each, a "<u>Bid</u>"), and each party submitting such a Bid (each, a "<u>Bidder</u>")[2], must be reasonably determined by the Debtors to satisfy each of the following conditions:

<u>Quantities.</u>  Each Bid must specify the quantity of product that the Bid offers to purchase, the price offered per metric ton, must be for not less than the Minimum Bid Quantity for the relevant type of oil and specify the total price to be paid pursuant to such Bid. For example, a bid for RMG 380 must be for not less than 2,000MT (and not more than the total amount available), and specify the price being offered per MT and the total price being paid. A Bid may, in the discretion of the Bidder, be for the total amount available or specify a minimum amount and maximum amount of oil to be purchased if the Bid is accepted.

<u>Payment Terms</u>.  Each Bid must provide for payment in cash or good funds upon closing, and that title shall not transfer until payment in good funds is made.

<u>Executed Purchase Order</u>.  Each Bid must include executed transaction documents sufficient to bind the Bidder if approved by the Court and signed by an authorized representative of such Bidder, pursuant to which the Bidder proposes to purchase the Vopak Oil (which may include related assets). Each such offer must provide a commitment to close within 2 business days of approval of the Sale (which time may be extended by agreement) and provide for payment to occur contemporaneously with closing.

<u>Minimum Bid(s)</u>.  Each Bid must propose a purchase price that, in the Debtors' reasonable judgment after consultation with their financial and legal advisors (and after giving effect to and aggregating all Bids meeting the applicable Minimum Bid Quantity and any offers to assume the Vopak Terminal Contract), is likely to result in a value to the Debtors greater than the larger of either (I) such minimum per metric ton price for each product as the Debtors may specify by filing same on or before November 26, 2014 or (II) the sum

---

[2] A Bid received from a Bidder before the Bid Deadline (defined below) that meets the bidding requirements shall constitute a "<u>Qualified Bid</u>" for such assets, and such Bidder shall constitute a "<u>Qualified Bidder</u>" for such assets; provided that if the Debtors receive a Bid prior to the Bid Deadline that is not a Qualified Bid the Debtors may provide the Bidder with the opportunity to remedy any deficiencies prior to the Bid Deadline; provided, further, that, for the avoidance of doubt, if any Qualified Bidder fails to comply with reasonable requests for additional information from the Debtors to the satisfaction of the Debtors, the Debtors may disqualify any Qualified Bidder and Qualified Bid, in the Debtors' discretion.

of (1) the price offered by the stalking horse bidder, (2) $25,000 (the maximum amount of the Expense Reimbursement); plus (3) $100,000.

Proof of Financial Ability.  Each Bid must contain such financial and other information that will allow the Debtors to make a reasonable determination as to the Bidder's financial and other capabilities to consummate the transactions contemplated, and if assignment of the Vopak Contract is sought provide adequate assurance of future performance.  Acceptable information may include, *inter alia,* the following:  (a) written evidence of the Bidder's internal resources and proof of any funding commitments or the posting of an irrevocable letter of credit from a recognized banking institution issued in favor of the Debtors (b) contact names and numbers for verification of financing sources; (c) the Bidder's current financial statements (audited if they exist) or other similar financial information reasonably acceptable to the Debtor; and/or (d) any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors, demonstrating that such Bidder has the financial ability to close.

Corporate Authority.  Each Bid must include written evidence reasonably acceptable to the Debtors demonstrating appropriate corporate authorization.

Disclosure of Identity of Bidder.  Each Bid must fully disclose the identity and contact information of each entity that will be bidding for or purchasing the Vopak Oil or otherwise participating in connection with such Bid.  Each Qualified Bidder will be required to confirm that it has not engaged in any collusion with respect to the Auction or the proposed sale.

Contingencies.  Each Bid may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of further investigations.

Irrevocable.  Each Bid must be irrevocable until conclusion of the Sale Hearing, provided that if such Bid is accepted and approved by the Court as the Successful Bid or the Backup Bid (each as defined herein), such Bid shall continue to remain irrevocable.

Compliance with Information Requests.  The Bidder submitting the Bid must have complied with reasonable requests for additional information from the Debtors (as described above) to the reasonable satisfaction of the Debtor.

Termination Fees.  The Bid must not entitle the Bidder to any expense payments, break-up fee, termination fee or similar type of payment or reimbursement.

Bid Deadline.  To be considered, the Auction Parties (listed under Access to Product Information) must receive the Bid in writing (including via email), on or before **December 2, 2014 at 1:00 p.m.** (EST) (the "Bid Deadline")

**Auction via Telephone; Selection of
Highest and Best Offer or Combination of Offers**

Auction.  In the event that the Debtors timely receive one or more Qualified Bids the Debtors shall (I) file notice of same and the financial terms of each Qualified Bid by **December 2,**

**2014** at **6:00 p.m.** **(EST)** and (II) conduct an auction (the "Auction").  The Auction will take place starting at **11:00 a.m.** **(EST) on December 4, 2014** at via telephone conference call to be arranged by the Debtors and with live dial in information to be provided to each Qualifying Bidder by the Debtors, or at such other place, date and time as may be designated in writing by the Debtors.  The Auction shall be governed by the following procedures:

   (i) Only the Debtors, representatives of any creditors' committee and any Qualified Bidders (and the professionals for each of the foregoing) shall be entitled to be heard at the Auction;

   (ii) Only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction;

   (iii) The Qualified Bidders shall personally participate via telephone at the Auction, or through a duly authorized representative;

   (iv) Bidding shall commence at an amount of the highest Qualifying Bid submitted by the Qualified Bidder or Bidders prior to the Auction;

   (v) Qualified Bidders may then submit successive bids, which must be for at least the Minimum Bid Quantity, may specify a maximum quantity to be purchased and/or may be for all of the oil being sold, and may propose assumption of the Vopak Terminal Contract; and

   (vi) The Auction shall continue until there is only one offer (which may be a group of offers [each of which satisfies the Minimum Bid Quantity] from Qualified Bidders) that that the Debtors determine, subject to Bankruptcy Court approval, is the highest and/or best Qualified Bid (the "Successful Bid" and "Successful Bidder").  In making this decision, the Debtors shall consider without limitation the amount of the purchase price, the form of consideration being offered, the likelihood of the bidder's ability to close and the timing thereof, and the net benefit to the Debtors' estates (for avoidance of doubt, if any qualifying Bid is received for less than the total amount of oil being offered for sale, the Debtors may, in their discretion, accept any combination of Qualified Bids that in their judgment is most beneficial to the estate, and further may choose to sell less than the total amount of Vopak Oil).  Upon completion of the Auction, the Successful Bidder(s) shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid(s) was/were made; and

   (vii) If feasible, the Debtors will arrange for creditors to listen to such auction by use of a process similar to "listen only mode" used by Court call and arrange for the auction to be recorded so that it can be transcribed.

Filing of Notice of Result.  Upon conclusion of the Auction, the Debtors shall file a notice of the result.

### Backup Bidder(s)

Notwithstanding anything in the Sale Procedures to the contrary, if a Qualified Bid is received, the Qualified Bidder (or combination thereof) with the next highest or otherwise best Bid, as determined by the Debtors, in the exercise of their business judgment, will be designated as the backup bidder (the "Backup Bidder").  The Backup Bidder shall be required to keep its Bid (the "Backup Bid") open and irrevocable until the earlier of (i) 5:00 p.m. (prevailing Eastern Time) on the date that is 5 business days after approval of the Sale (which time may be extended by agreement), the date of entry of the Sale Order, (the "Backup Date"), or (ii) the closing of the transaction with the Successful Bidder.

If the Successful Bidder fails to consummate an approved transaction within 3 business days of approval of the Sale (which time may be extended by agreement), the Backup Bidder will be deemed to have the new prevailing bid, and the Debtors will be authorized, without further order of the Bankruptcy Court, to consummate the transaction with the Backup Bidder. The Debtors specifically reserve the right to seek all available damages, including specific performance, from any defaulting Successful Bidder (including any Backup Bidder designated as a Successful Bidder) in accordance with the terms of the Sale Procedures.

### Consent to Jurisdiction and Authority as Condition to Bidding

By submitting a Bid, any Qualified Bidder (1) consents to the core jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtor, the Chapter 11 Cases, the Sale Procedures, the Auction or the construction and enforcement of documents relating to any Alternate Transaction, (2) waives any right to a jury trial in connection with any disputes relating to the Debtor, the Chapter 11 Cases, the Sale Procedures, the Auction or the construction and enforcement of documents relating to same, and (3) consents to the entry of a final order or judgment in any way related to the Debtor, the Chapter 11 Cases, the Sale Procedures, the Auction or the construction and enforcement of documents relating to same if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

### Reservation of Rights of the Debtor

Except as otherwise provided in the Sale Procedures or the Sale Procedures Order, the Debtors further reserve and shall have the right to:  (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid (or combination thereof) is the highest or best proposal and which is the next highest or best proposal; (d) reject any Bid that is (1) inadequate or insufficient, (2) not in conformity with the requirements of the Sale Procedures or the requirements of the Bankruptcy Code, or (3) contrary to the best interests of the Debtors and their estates; (e) waive terms and conditions set forth herein with respect to all potential bidders; (f) impose additional terms and conditions with respect to all potential bidders; (g) extend the deadlines set forth herein; (h) continue or cancel the Auction and/or Sale Hearing in open court without further notice; and (i) modify the Sale Procedures and implement additional procedural rules that the Debtors determine, in their reasonable business judgment, will better promote the goals of the bidding process and discharge the Debtors' duties and are not inconsistent with any Bankruptcy Court order (including by way of example only the acceptance of late bids).

## ATTACHMENT II – SALE NOTICE

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT - BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re | : Chapter 11 |
| O.W. Bunker Holding North America Inc.,.[7] | : Case No. 14-51720 |
| Debtors. | : (Jointly Administered) |

### NOTICE OF AUCTION OF APPROXIMATELY 27,500 METRIC TONS OF MARINE OIL LOCATED AT VOPAK TERMINAL LOS ANGELES AND RELATED ASSETS, NOTICE OF CONTRACT ASSUMPTION, CURE AMOUNT AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On November 13, 2014, the above-captioned debtors (the "Debtors"), filed a voluntary petition for relief pursuant to chapter 11 United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court").

**Auction**

2.      The Debtors propose to sell, as is/where is and free and clear of all liens, claims and encumbrances, approximately 27,500 metric tons of marine oil located at the Vopak Terminal Los Angeles and nearby and related assets (the "Vopak Oil").  After blending, the oil being sold is approximately as follows:

| Approximate Volume (MT) | Product | Approximate Specifications |
|---|---|---|
| 18,000 | RMG380 | 11.3 API/250VISC/3.47SULF |
| 7,000 | RMK500 | 9.1 API/285VISC/3.43SULF |
| 2,400 | Cutter | 31 API/5.3VISC/0.56SULF |
| 300 | MGO | 35 API/2.5VISC/0.08SULF |
| **Total:** 27,500 |  |  |

3.      On November 18, 2014, the Debtors filed a motion seeking approval of certain sale procedures, approval of the sale of the Vopak Oil and related and facilitative relief (the "Sale Procedures and Sale Motion").

---

[7] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, Connecticut  06901.

4. On November 24, 2014, the Bankruptcy Court entered an order (the "Sale Procedures Order") providing that the Debtors may solicit and receive written bids for the Vopak Oil through and until **December 2, 2014 at 1:00 p.m. (EST)** (the "Bid Deadline"). Any person that wishes to take part in this process and submit a bid for the Vopak Oil must submit their bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

5. Pursuant to the Sale Procedures Order, the Debtors will file notice of Qualified Bids on **December 2, 2014 at 6:00 p.m. (EST)** and conduct an auction of the Vopak Oil on **December 4, 2014 beginning at 11:00 a.m. (EST)**.

6. Parties interested in receiving more information regarding purchasing the Vopak Oil and/or copies of any related document may make a written request to Keith Richardson (keri@owbunker.com) or Scott Anchin (sanchin@alvarezandmarsal.com). In addition, copies of the Sale Procedures and Sale Motion, the order thereon and this Notice can be found on (i) the Court's website, www.ctb.uscourts.gov; and (ii) and are on file with the Clerk of the Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT 06604.

**Assignment and Assumption of Contract with Vopak Terminal Los Angeles**

7. Since most of the Vopak Oil is at the Vopak Terminal Los Angeles, if a buyer seeks an assignment of the contract with the Vopak Terminal, the Debtors may also seek to assume and assign that contract; the cure amount for such contract pursuant to Section 365 of the Bankruptcy Code is $0 (zero) (the "Cure Amount") which amount shall be paid upon assumption. Any objection to the Cure Amount or to assumption and assignment must be filed with the Court and served on the Notice Parties so as to be received **on or before December 1, 2014 at 4:00 p.m. (EST)**.

**Hearing Date: Encumbrances and Interests in the Vopak Oil; Objection Deadlines**

8. A hearing to consider approval of this sale will be held before the Honorable Alan H.W. Schiff, in the United States Bankruptcy Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, CT 06604 **on December 5, 2014 at 10:00 (a.m./p.m.) (EST),** unless otherwise continued by the Debtors pursuant to terms of the Bidding Procedures. The hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the hearing.

9. Objections, if any, to the sale, must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Bankruptcy Rules; and (c) be filed with the clerk of the Bankruptcy Court and served up on (i) counsel for the Debtors, Michael R. Enright, Robinson & Cole, 280 Trumbull Street Hartford, CT 06103 (email: menright@rc.com) and Natalie D. Ramsey, Montgomery, McCracken, Walker & Rhoads, LLP, 123 South Broad Street, 28th Floor, Philadelphia, PA 19109 (email: nramsey@mmwr.com), (ii) counsel to any statutory committee appointed, and (iii) the Office of the United States Trustee (collectively, the "Notice Parties") **by December 1, 2014 at 4:00 p.m. (EST),** however parties in interest not present and represented by counsel at the November 19, 2014 hearing (which shall include any creditors committee) shall have an extension until December 3, 2014 at 4:00 p.m. (EST)

10. The Debtors do not believe that any person or entity holds a lien, encumbrance, security, or other secured right, claim or interest of any type in or to the Vopak Oil and thus, that the proceeds of Sale will be unencumbered cash which the Debtors may use. Any claimant that believes it holds such a claim should assert it by the Objection Deadline, in the absence of which the Debtors may ask the court to provide that no liens, claims or encumbrances attach to the proceeds.

11. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED WITHOUT FURTHER HEARING AND NOTICE.**

12. This Notice and the Sale Hearing is subject to the fuller terms and conditions of the Sale Procedures and Sale Motion and the Sale Procedures Order, which shall control in the event of any conflict, and the Debtors encourage parties-in-interest to review such documents in their entirety.

Date: November 24, 2014

Michael R. Enright, Esquire
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103
Telephone: (860) 275-8290
Facsimile:  (860) 275-8299
Email: menright@mmwr.com

and

Natalie D. Ramsey, Esq. (NY #5242730)
   (admitted *pro hac vice*)
Joseph O'Neil, Esq. (NY #2596435)
   (admitted *pro hac vice*)
Davis Lee Wright, Esq. (NY #4761300)
   (admitted *pro hac vice*)
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022 (215) 772-1500
Telephone: (212) 867-9500
Facsimile:  (212) 599-1759
nramsey@mmwr.com
jo'neil@mmwr.com
dwright@mmwr.com

*Proposed Attorneys for Debtors and Debtor-in-Possession*

-3-

3795132v2