IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| O.W. Bunker Holding North America : | |
| Inc., *et al.*,[1] : | Case No. 14-51720 (AHWS) |
| : | |
| Debtors. : | Jointly Administered |

**STIPULATED ORDER RESOLVING:**
**(I) THE OBJECTION OF NUSTAR SUPPLY & TRADING LLC TO (A) MOTION FOR ENTRY OF AN ORDER UNDER §§ 105 AND 362: (i) DIRECTING CUSTOMER PAYMENTS INTO A SEGREGATED DEBTOR IN POSSESSION ACCOUNT PENDING OUTCOME OF ADVERSARY PROCEEDING TO AVOID LIEN AND (ii) AUTHORIZING AND ESTABLISHING PROCEDURES FOR RESOLUTION OF THIRD PARTY LIENS AGAINST CUSTOMER VESSELS [Dkt. No. 40 in Case No. 14-51720] AND (B) MOTION ESTABLISHING AND IMPLEMENTING EXCLUSIVE AND GLOBAL PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS [Dkt. No. 41 in Case No. 14-51720] AND (II) EMERGENCY MOTION OF NUSTAR SUPPLY & TRADING LLC FOR ADEQUATE PROTECTION; ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE RECLAMATION RIGHTS [Dkt. No. 17 in Case No. 14-51721]**

At the November 19, 2014 hearing ("**Hearing**"), this Court has considered the above-referenced Motions, Objections and the agreement of the Parties, and now makes the following Stipulated Order on such Motions and Objections:

**I.**
**BACKGROUND**

**A.    Parties**

1.    On November 13, 2014, debtors O.W. Bunker Holding North America, Inc. ("**Holding** "), O.W. Bunker North America, Inc. ("**North America**"), and O.W. Bunker USA, Inc. ("**USA**")(collectively, the "**Debtors**") filed the above-captioned voluntary chapter 11 cases, which cases are now jointly administered pursuant to an order of this Court.

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

-1-

24377.000/615581.1

2. NuStar Supply & Trading LLC shall be referred to as "**NuStar Supply**." NuStar Energy Services, Inc. shall be referred to as "**NuStar Services**." Collectively, NuStar Supply and NuStar Services shall be referred to as "**NuStar**."

3. NuStar and the Debtors shall be referred to as the "**Parties**."

**B.    NUSTAR Allegations and Filings Regarding NORTH AMERICA Transactions**

4. NuStar Supply alleges that it sold fuel oil to NORTH AMERICA on credit, NuStar Supply was not paid for such fuel oil, and as a result, NuStar Supply claims that it is owed at least $6.7 million by NORTH AMERICA in connection with this transaction ("**NORTH AMERICA Claims**"). Such fuel oil, its containers, and its proceeds of the sale of such fuel oil shall be called the "**NORTH AMERICA Goods**." NuStar has sought to reclaim the North America Goods. The Parties believe that such fuel oil was loaded on the foreign-flagged vessel M/T EVA SCHULTE within the United States, which vessel is under time charter to O.W. Bunker Panama. The Parties believe that such fuel oil may have since been loaded on the foreign-flagged vessel the M/T ELISALEX SCHULTE.

5. NuStar Supply claims that the NORTH AMERICA Claims are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). NuStar Supply further claims that it has sought and is entitled to reclamation of the NORTH AMERICA Goods under TEX. BUS. & COM. CODE § 2.702(b), the Uniform Commercial Code, and 11 U.S.C. § 546.

6. On November 17, 2014, NuStar Supply filed its Emergency Motion for Adequate Protection; Alternatively, for Relief from the Automatic Stay to Exercise Reclamation ("**Adequate Protection Motion**") in the NORTH AMERICA bankruptcy case to seek adequate protection relief with respect to the NORTH AMERICA Goods. 14-51721 Dkt. 17.

7. On November 18, 2014, NuStar Supply filed its Complaint And Application For Temporary Restraining Order, Preliminary Injunction, And Permanent Injunctive Relief, against

-2-

O.W. Bunker Holding North America, Inc., initiating Adversary Proceeding No. 14-05060 ("**Reclamation Adversary Proceeding** "). 14-05060 Dkt. 1. On November 18, 2014, NuStar Supply filed its Emergency Application for Temporary Restraining Order and Preliminary Injunction against O.W. Bunker Holding North America, Inc. in Reclamation Adversary Proceeding seeking an Application for Injunctive Relief with respect to the NORTH AMERICA Goods. 14-05060 Dkt. 2.

8. The Debtors dispute some or all of NuStar's allegations and reserve all rights to dispute same, and all Parties' arguments and claims are preserved with respect to same.

C. **NUSTAR Allegations and Filings Regarding USA Transactions**

9. NuStar Services alleges that it entered into transactions with USA in connection with vessel sales, where fuel oil supplied by NuStar Services is being used by various vessels to power such vessels. Such fuel oil, its containers, and its proceeds of the sale of such fuel oil shall be called the "**Necessaries Goods**." NuStar Services alleges that it has not been paid by USA for such vessel sales transactions.

10. NuStar Services asserts claims against USA for vessel sales transactions in the amount of at least $18.3 million ("**USA Claims**"). NuStar Services asserts that at least $8.9 million of such USA Claims are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). NuStar Services has also made a reclamation demand with respect to the USA Claims.

11. NuStar Services has filed *in rem* and related proceedings in various courts asserting a maritime lien and is continuing to pursue such proceedings ("**In Rem Proceedings**"). Such In Rem Proceedings may, from time to time, result in payments, bonds, undertakings, or agreements from the vessels to satisfy the maritime lien claims ("**In Rem Lien Consideration**").

For avoidance of doubt, In Rem Proceedings and In Rem Lien Consideration shall be limited to proceedings originated by NuStar and the consideration flowing therefrom.

12.  The Debtors dispute some or all of NuStar's allegations and reserve all rights to dispute same, and all Parties' arguments and claims are preserved with respect to same.

**D.  Debtors' Motions and NuStar Responses**

13.  On November 14, 2014, the Debtors filed their Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105 and 546(c) Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims.  14-51720 Dkt. 14.  14-51721 Dkt. 7. 14-51722 Dkt. 7.  ("**Reclamation Procedures Motion**").  In response to the Reclamation Procedures Motion, on November 18, 2014, NuStar filed its Response and Objection to the Debtors' Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105 and 546(c) Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims.  14-51720 Dkt 41.  14-51721 Dkt. 36.  14-51722 Dkt. 31.

14.  On November 14, 2014, the Debtors filed their Motion for Entry of an Order under §§ 105 and 362: (I) Directing Customer Payments Into a Segregated Debtor in Possession Account Pending Outcome of Adversary Proceeding to Avoid Lien; and (II) Authorizing and Establishing Procedures for Resolution of Third Party Liens Against Customer Vessels. 14-51720 Dkt. 17.  14-51721 Dkt. 13.  14-51722 Dkt. 13.  ("**105 Motion**").[2]  In response to the 105 Motion, on November 18, 2014, NuStar filed its Response and Objection to Debtors' Motion for Entry of An Order Under 11 U.S.C. §§ 105 and 362: (I) Directing Customer Payments Into Segregated Debtor In Possession Account Pending Adversary Proceeding to Avoid Lien; and (II)

---

[2] In addition to this Order, another order regarding the 105 Motion will be submitted.

Authorizing and Establishing Procedures for Resolution of Supplier Liens Against Customer Vessels. 14-51720 Dkt 40; 14-51721 Dkt. 35; 14-51722 Dkt. 30

## II.
## AGREEMENTS

Now therefore, the Parties agree and stipulate, and the Court Finds and Orders as follows:

15. From the Petition Date until such time as the Court orders otherwise, the automatic stay of 11 U.S.C. § 362, if applicable, shall be annulled and lifted as to any In Rem Proceedings against non-Debtors or any exercise of control over any In Rem Lien Consideration from non-Debtors.[3] NuStar maintains that the stay does not apply at all, the Debtors disagree, and all Parties' rights, claims and arguments with regard to same are reserved and preserved.

16. From the Petition Date until such time as the Court orders otherwise, the automatic stay of 11 U.S.C. § 362, if applicable, shall be annulled and lifted as to any reclamation actions, suits, or other actions (to exercise reclamation rights, establish liens, obtain injunctive relief, or obtain other recovery) against non-Debtor persons or entities, with respect to the NORTH AMERICA Goods or the Necessaries Goods. NuStar maintains that the stay does not apply at all, the Debtors disagree, and all Parties' rights claims and arguments with regard to same are reserved and preserved.

17. On consent based inter alia upon the undertakings in this order, the Debtors are directed to use their reasonable efforts (which shall not require the expenditure of estate funds except in the Debtors' discretion) to facilitate the return of the NORTH AMERICA Goods on the M/T EVA SCHULTE or M/T ELISALEX SCHULTE to NuStar Supply. NuStar Supply shall indemnify the Debtors and OWB Panama for any NuStar-related Jones Act liability in

---

[3] For the avoidance of doubt, this order does not allow proceedings to be instituted, or actions to be taken, against any of the Debtors or against property of the estate except to the extent such property may be in the possession of third parties, such as the M/T Eva Schulte or M/T Elisalex Schulte.

connection with the return of NORTH AMERICA Goods to NuStar Supply, provided that OWB Panama follows the instructions of NuStar Supply for such return of NORTH AMERICA Goods.

18. Pending further order of this Court as to disposition of any funds received (upon which the Parties shall attempt to agree) NuStar shall segregate any NORTH AMERICA Goods, and any In Rem Lien Consideration it receives into any separate accounts NuStar establishes.

19. NuStar Supply claims entitlement to an administrative claim under 11 U.S.C. § 503(b)(9) for, inter alia, the value of the NORTH AMERICA Goods. The Debtors reserve the right to object to any such claims. Upon final receipt of the NORTH AMERICA Goods (without pending objection or challenge by any person or entity), Nustar Supply's total claim in NORTH AMERICA'S case shall be reduced by the value (as subsequently agreed by the Parties or determined by the Court in accordance with applicable law) of the NORTH AMERICA Goods finally received; such reduction shall first be applied to the various portions of NuStar Supply's total claim in the following order (a) first to reduce the administrative portion (under 11 U.S.C. § 503(b)(9)) of NuStar Supply's total claim, then (b) if the value of such NORTH AMERICA Goods exceeds such administrative claim, any remaining value shall be applied to reduce NuStar Supply's general unsecured claim. NuStar Supply reserves the right to claim any balance owed through the bankruptcy estates (pursuant to 11 U.S.C. § 503(b)(9) or any other provision) or from other persons or entities.

20. NuStar Supply has exercised sufficient and appropriate diligence to preserve NuStar's reclamation claims, and Debtors agree not to challenge NuStar Supply's reclamation claims on the grounds the NuStar Supply did not exercise sufficient diligence in asserting such reclamation claims, but DEBTORS RESERVE ALL OTHER DEFENSES. This paragraph shall survive terms of this Stipulated Order.

21.     NuStar Services claims entitlement to an administrative claim under 11 U.S.C. § 503(b)(9) for, inter alia, the value of the Necessaries Goods.  The Debtors reserve the right to object to any such claims.  Upon final receipt of the Necessaries Goods (without pending objection or challenge by any person or entity), NuStar Services' total claim in USA's case shall be reduced by the value (as subsequently agreed by the Parties or determined by the Court in accordance with applicable law) of the Necessaries Goods finally received; such reduction shall first be applied to the various portions of NuStar Services' total claim in the following order (a) first to reduce the administrative portion (under 11 U.S.C. § 503(b)(9)) of NuStar Services' total claim, then (b) if the value of such Necessaries Goods exceeds such administrative claim, any remaining value shall be applied to reduce NuStar Services' general unsecured claim.  NuStar Services reserves the right to claim any balance owed through the bankruptcy estates (pursuant to 11 U.S.C. § 503(b)(9) or any other provision) or from other persons or entities.

22.     NuStar Services has exercised sufficient and appropriate diligence to preserve NuStar Services' reclamation claims, and Debtors agree not to challenge NuStar Services' reclamation claims on the grounds the NuStar Services did not exercise sufficient diligence in asserting such reclamation claims, but DEBTORS RESERVE ALL OTHER DEFENSES.  This paragraph shall survive terms of this Stipulated Order.

23.     NuStar shall not be subject to the reclamation procedures requested in the Reclamation Procedures Motion as may be approved by any subsequent order.  NuStar's reclamation claims will be resolved either in the Reclamation Adversary Proceeding or by other order of the Court.

24. If the Debtors acquire possession of any of the NORTH AMERICA Goods originally placed on the M/T EVA SCHULTE, the Debtors shall segregate such goods from other goods, and the proceeds of such goods from other proceeds.

25. NuStar does not, through this Order or its actions, consent to the jurisdiction of the bankruptcy court to adjudicate its maritime lien claims, and this Court makes no findings as to its jurisdiction over such maritime lien claims.

26. Before NuStar's anticipated receipt of funds related to their maritime lien claims, NuStar will notify the Debtors of such anticipated receipt.[4]

27. This Stipulated Order shall be binding on the estate, the Debtor, the Debtor –in-possession and any and all trustees that may be appointed to represent the estate.  This paragraph shall survive terms of this Stipulated Order.

28. The rights of other parties in interest in the Debtors' bankruptcy cases, including, without limitation, ING Bank N.V., to challenge entitlement to, or make a claim to, such NORTH AMERICA Goods, Necessaries Goods, or In Rem Lien Consideration are preserved.

29. NuStar reserves all rights to make any other claims, including without limitation, any claims under 11 U.S.C. § 503(b)(9).

Dated: December 8, 2014                    By the court

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge

---

[4] As represented at the Hearing, as of that time NuStar had received approximately $58,000; such efforts to enforce NuStar's rights are ongoing.

**Agreed and Stipulated:**

/s/ Michael R. Enright
Michael R. Enright, Esq. (ct10286)
Patrick M. Birney, Esq. (ct19875)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103
Telephone: (860) 275-8290
Facsimile:  (860) 275-8299
Email: menright@rc.com

and

Natalie D. Ramsey, Esq. (NY #5242730)(admitted pro hac vice)
Richard G. Placey, Esq. (DE ID No 4206)(admitted pro hac vice)
Joseph O'Neil, Esq. (NY #2596435)(admitted pro hac vice)
Davis Lee Wright, Esq. (NY #4761300)(admitted pro hac vice)
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022 (215) 772-1500
Telephone: (212) 867-9500
Facsimile:  (212) 599-1759
nramsey@mmwr.com
rplacey@mmwr.com
jo'neil@mmwr.com
dwright@mmwr.com
**Counsel for O.W. Bunker USA Inc. , O.W. Bunker North America Inc. and O.W. Bunker Holding North America, Inc.**


/s/ Eric Henzy
Eric Henzy, Esq. (ct12849)
REID AND RIEGE, P.C.
One Financial Plaza
Hartford, CT  06103
Telephone: (860) 240-1081
Fax: (860) 240-1002
ehenzy@rrlawpc.com

and

Michael M. Parker, Esq. (TX #00788163)(admitted pro hac vice)
Steve A. Peirce, Esq. (TX # 15731200)( admitted pro hac vice)
Fulbright & Jaworski LLP
300 Convent Street, Suite 2100 | San Antonio, Texas 78205-3792
**Counsel for NuStar Energy Services, Inc. and NuStar Supply & Trading, LLC**