**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc., | : | Case No. 14-51720 |
| *et al.*,[1] | : | (AHWS) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**STIPULATION AND ORDER FACILITATING IMPLEMENTATION OF THE
PROVISIONS OF THE O'ROURKE AND NUSTAR RECLAMATION ORDERS
(DOCKET NOS 155 AND 167 RESPECTIVELY ) AS TO RECLAMATION OF OIL ON
THE VESSELS EVA AND ELISALEX SCHULTE**

The Court having previously considered (at the November 19, 2014 hearing and

otherwise) certain motions relating to reclamation and in particular reclamation of oil on the

vessels Eva Schulte and Elisalex Schulte, and having issued the Stipulated Orders described

below providing for such reclamation, the following Stipulation and Order is issued with respect

to such reclamation

**<u>Background</u>**

1.     On November 13, 2014, (the "Petition Date") O.W. Bunker Holding North

America, Inc. ("Holding "), O.W. Bunker North America, Inc. ("North America"), and O.W.

Bunker USA, Inc. ("USA")(collectively, the "Debtors") filed the above-captioned voluntary

chapter 11 cases, which cases are now jointly administered pursuant to an order of this Court.

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding
North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The
Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

2.      On December 8, 2014 the Court endorsed a Stipulated Order (Docket No. 167) entered between Debtors, NuStar Supply & Trading LLC and NuStar Energy Services, Inc. (the NuStar entities shall be collectively referred to as "NuStar") granting NuStar reclamation rights regarding fuel oil ("NuStar Reclaimed Fuel") loaded by NuStar on the foreign-flagged vessels M/T EVA SCHULTE and/or M/T ELISALEX SCHULTE ("Vessels"). NuStar still has pending an adversary proceeding (No 14-05060) and a motion therein seeking such further enforcement of its reclamation rights as may be necessary; as to such motion and adversary a hearing was held on November 19, 2014 and the interim resolution set forth in the Stipulated Order above was agreed to and set forth on the record in open court..

3.      On December 10, 2014, the Court endorsed a Stipulated Order (Docket No. 155) entered between Debtors and O'Rourke Marine Services, L.P., L.L.P. ("OMS"), granting OMS reclamation rights regarding fuel oil ("OMS Reclaimed Fuel") loaded by OMS on the Vessels.

4.      Both of such orders provided that the Debtors will use their reasonable efforts to facilitate the return of the NuStar Reclaimed Fuel and the OMS Reclaimed fuel on the Vessels.

5.      The disponent owner of the Vessels is Navig8 Chemicals Pool, Inc. ("Navig8").

6.      Navig8 has reported to the Parties that there may be a quantity of fuel oil loaded on the Vessels not part of the fuel reclaimed by NuStar and OMS, in which Debtors have claimed an interest ("Other Fuel"). NuStar believes that the Other Fuel is properly reclaimable by NuStar and reserves the right to challenge whether and what amount of Other Fuel may be property of the Debtors.

7.      Disposition of all of the fuel on the Vessels is necessary to implement the reclamation, empty the Vessels and eliminate further charges.[2]

---

[2] Navig8 has taken the position that the Debtors are liable for certain of its charges, that such charges continue until the Vessels are emptied, and that it can assert those charges as administrative claims. The Debtors dispute those

8.      Debtors, Nustar and OMS desire to resolve the disposition and sale of all of the

fuel oil on the Vessels pursuant to the terms set forth in this stipulation and agreed order.[3]

**Agreements**

NOW THEREFORE, the Parties agree and stipulate as follows.

9.      On consent based upon the undertakings in this Order, the Debtors shall continue

to use their reasonable efforts (which shall not require the expenditure of estate funds except in

the Debtors' discretion) to facilitate the return to NuStar of the NuStar Reclaimed Fuel and to

OMS of the OMS Reclaimed Fuel on the Vessels.  To that end, the Debtors agree that, as more

fully provided herein, to the extent the Debtors have an interest in the Other Fuel, Navig8 may

deliver and NuStar may sell the Other Fuel on the same or better terms and conditions as the

NuStar sells the NuStar Reclaimed Fuel.

10.      Pending further order of the Court as to disposition of the proceeds of the Other

Fuel received (upon which the Parties shall attempt to agree) Debtors and NuStar shall segregate

any proceeds from the disposition of the Other Fuel into a separate account which such recipient

of proceeds establishes; for avoidance of doubt, the rights of the Parties, Navig8 and any other

party in interest in these bankruptcy cases shall transfer directly from and attach to such proceeds

with the same validity, priority, force and effect, if any, as they had on the Other Fuel, and no

liens shall attach to such proceeds other than the liens, if any, that had attached to and been

perfected on the Other Fuel prior to its sale .  Each Party shall, within ten days after receipt of

such proceeds, provide an accounting to the other Parties of the terms of any sale of the Other

---

claims. This Stipulation and Order does not address and is without prejudice to the Debtors and Navig8 positions, but is intended to limit the potential for demurrage and related claims by Navig8 by  facilitating the disposition of the fuel on Navig8's Vessels.

[3] Navig8 reports that the volume of fuel oil on the Eva Schulte and Elisalex Schulte vessel is approximately 60% of the fuel oil originally transferred to the Schulte vessels by NuStar **All Parties reserve their rights as to the amount(s) of fuel that may be on the Vessels or reclaimed.**

-3-

3808022v2

Fuel and of such proceeds and file notice of same on the docket. Any party in interest shall then have a period of 60 days to make a written demand for all or a portion of such proceeds which, if it cannot be resolved by agreement, shall be submitted to the Court for adjudication. If such written demand is not timely made, all parties in interest waive and forfeit their interest in such proceeds.

11.    Navig8 claims a maritime lien over the Reclaimed Fuel and the Other Fuel. As more fully provided in paragraph 10 above, and for avoidance of doubt as to Navig8's lien rights, the Parties stipulate and agree that the pro-rata share[4] of Navig8's maritime lien, if any, that is applicable to the Other Fuel shall transfer and attach only to the proceeds from the disposition of the Other Fuel into the separate account established for the Other Fuel. The Parties reserve their rights to object to any Navig8 claims or maritime liens.

12.    Pursuant to this Stipulation, the Debtors consent to Navig8's disposition of the Other Fuel as provided herein and Navig8's lien rights are preserved, but this Stipulation shall not otherwise limit, enlarge or otherwise affect Navig8's rights.

13.    Through this Stipulation, neither NuStar nor OWS consents to the jurisdiction of the Bankruptcy Court to adjudicate its maritime lien claims, and this Court makes no findings as to its jurisdiction over such maritime lien claims.

14.    This Stipulation shall be binding the estate, the Debtor, the Debtor-in-possession and any and all trustees that may be appointed to represent the estate.

15.    The rights of other parties in interest in the Debtors' bankruptcy case (including the creditors committee) to challenge entitlement to, or make a claim to the Reclaimed Fuel, the Other Fuel and/or proceeds from the sale thereof are preserved. Nothing in this Stipulation and

---

[4] Such share shall be determined by multiplying Navig8's total claimed lien by a fraction the numerator of which is the Other Fuel and the denominator of which is the sum of the Reclaimed Fuel and the Other Fuel.

-4-

Order operates to prejudice the rights,claims or defenses of NuStar,OMS or the Debtors as to

fuel oil that NuStar or OMS transferred to the Eva Schulte or Elisalex Schulte, but that is

physically not present on such vessels to reclaim.

16.     NuStar and  OMS reserve all rights to make any other claims, including without

limitation, any claims under 11 U.S.C. § 503(b)(9), and all Parties reserve the right to object to

such claims.  The Parties agree not to assert that the transactions contemplated by this Stipulation

are in violation of the automatic stay of 11 U.S.C. § 362(a).  The Parties agree to file this

Stipulation with the bankruptcy court.

Agreed and Stipulated:

*/s/ Michael R. Enright*____
Michael R. Enright, Esq. (ct10286)
Patrick M. Birney, Esq. (ct19875)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8290
Facsimile: (860) 275-8299
Email: menright@rc.com

and

3808022v2

Natalie D. Ramsey, Esq. (NY #5242730)(admitted pro hac vice)
Richard G. Placey, Esq. (DE ID No 4206)(admitted pro hac vice)
Joseph O'Neil, Esq. (NY #2596435)(admitted pro hac vice)
Davis Lee Wright, Esq. (NY #4761300)(admitted pro hac vice)
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022 (215) 772-1500
Telephone: (212) 867-9500
Facsimile: (212) 599-1759
nramsey@mmwr.com
rplacey@mmwr.com
jo'neil@mmwr.com
dwright@mmwr.com

Counsel for O.W. Bunker USA Inc., O.W. Bunker North America Inc. and O.W. Bunker Holding North America Inc.

*/s/ Eric Henzy*
Eric Henzy
Reid and Reige PC
One Financial Plaza
Hartford CT 06103
(860) 240 1081
ehanzy@rrlawpc.com

and

-6-

Michael M. Parker
Fulbright & Jaworski LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205-3792
( 210) 270 7162

Counsel for NuStar Supply & Trading LLC
and NuStar Energy Services, Inc


*/s/ J. Stephen Simms*
J. Stephen Simms (admitted pro hac vice)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Telephone: (443) 290-8704
Facsimile: (410) 510-1789
Email: jssimms@simmsshowers.com

Counsel for O'Rourke Marine Services LP LLP


Dated: December 17, 2014                    By the court

Alan H. W. Shiff
**United States Bankruptcy Judge**

-7-