**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : | Case No. 14-51720 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, under sections 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule of Bankruptcy Procedure 2016-1 (the "Local Rules") establishing procedures for interim compensation and reimbursement of expenses for Court-approved professionals and official committee members.  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. §157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§1408 and 1409.  The statutory predicates for the relief

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

13319275-v1

requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.

## BACKGROUND

2.	On November 13, 2014 (the "Petition Date"), each of the Debtors commenced a voluntary case in this Court (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.	On November 19, 2014, this Court ordered that the Debtors cases be jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and D. Conn. LBR 1015-1.

4.	The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Adrian Tolson, General Manager of O.W. Bunker North America Inc., in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court (the "Tolson Declaration") [D.I. 15].

5.	On November 26, 2014, the United States Trustee appointed the Official Committee of Unsecured Creditors of O.W. Bunker Holding North America Inc., *et al.* (the "Committee").  No trustee or examiner been appointed in the Debtors' Chapter 11 Cases.

## RETENTION OF PROFESSIONALS

6.	Debtors are seeking authority to employ the following professionals under section 327 of the Bankruptcy Code (the "Debtors' Professionals"):  (a) Montgomery, McCracken, Walker & Rhoads, LLP, as restructuring counsel; (b) Robinson & Cole, LLP, as local and conflicts counsel; and (c) Alvarez and Marsal LLC, as financial advisor.  In addition, the

Committee is seeking authority to employ the following professionals (the "Committee Professionals"): Hunton & Williams LLP, as counsel; and (b0 Gavin/Solmonese, LLC, as financial advisor. The Debtors and/or the Committee may also employ other professionals in these Chapter 11 cases, if the need arises (collectively with the Debtors' Professionals and the Committee Professionals, the "Professionals").

**RELIEF REQUESTED**

7.      By this Motion, the Debtors seek entry of the Order approving the Compensation Procedures (as defined herein) for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

8.      The Debtors propose that the monthly payment of compensation and reimbursement to the Professionals be structured as follows (the "Compensation Procedures"):

(a)     On or after the 21st day of each month following the month for which compensation and reimbursement is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with this Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application") and serve a copy of the Monthly Fee Application upon the following parties (the "Notice Parties"): (i) counsel for the Debtors, Montgomery, McCracken, Walker & Rhoads, LLP, 123 South Broad Street, Philadelphia, Pennsylvania 19109, Attn: Natalie D. Ramsey and Davis Lee Wright; (ii) local counsel to the Debtors, Robinson & Cole, LLP, 280 Trumbull Street, Hartford, Connecticut 06103, Attn: Michael R. Enright and Patrick M. Birney; (iii) the United States Trustee for the District of Connecticut, 150 Court Street, Room 302, New Haven, Connecticut 06510, Attn: Holley Claiborn; and (iv) counsel to the Committee, Hunton & Williams, LLP, 200 Park Avenue, New York, New York 10166, Attn: Peter S. Partee, Sr. and Michael P.

        Richman. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and this Court's orders. If a Professional does not file a Monthly Fee Application for a month or months, then the Professional may submit a consolidated Monthly Fee Application that includes a request with respect to that month or those months. The first Monthly Fee Application submitted by each Professional will cover the period from the Petition Date (or later date of commencement of services) through and including December 31, 2014.

(b)     Each Notice Party will have twenty (20) days after the service of a Monthly Fee Application (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection ("<u>CNO</u>") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "<u>Actual Monthly Payment</u>") equal to the lesser of (i) 80% of the fee and 100% of the expenses requested in the Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") or (ii) 80% of the fee and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c)     If any Notice Party objects to a Professional's Monthly Fee Application, it must on or before the expiration of the Objection Deadline, file with this Court and serve such Professional and each other Notice Party a written objection (an "<u>Objection</u>"), so as to be received on or before the Objection Deadline. Any such Objection will identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with this Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "<u>Incremental Amount</u>"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time this Court will consider and rule on the Objection if requested by the parties.

(d) With respect to the first full three-month (including any prior partial month) period after the Petition Date, and each subsequent three-month period, each Professional will file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement sought in the Monthly Fee Applications filed during each such full three-month period (the "Interim Fee Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include all information requested by the Court or required by the Local Rules. Each Interim Fee Application must be filed with the Court and served on the Notice Parties. Each Professional shall serve notice of the hearing on its Interim Fee Application on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. Each Professional must file its Interim Fee Application within thirty (30) days after the end of the applicable Interim Fee Period. Each Professional must file its first Interim Fee Application on or before March 31, 2015, and the first Interim Fee Application will cover the Interim Fee Period from the Petition Date through and including February 28, 2015. Objections, if any, to the Interim Fee Applications will be filed and served upon the affected Professional and the Notice Parties, so as to be received on or before the twentieth (20th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(e) The Debtors will request that this Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other interval that this Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors will be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f) The pendency of an Objection to payment of compensation of reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

(g) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expense under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or this Court with respect to the allowance of interim or final applications for

-5-

    compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by this Court.

(h) Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due will be ineligible to receive monthly or interim payments of fees and expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application is filed and served by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(i) Professionals will file final applications for compensation and reimbursement (the "Final Fee Applications") on or before the deadline set in a confirmed Chapter 11 plan or an order of the Court. The Final Fee Applications must comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and this Court's orders.

9. The procedures suggested herein will enable all parties to closely monitor costs of administration. Moreover, such procedures will permit the Debtors to maintain a more predictable cash flow and an efficient cash management system.

10. The Debtors further request that the Court limit service of monthly, interim and final applications (the "Applications") to the Notice Parties. Subject to the Court's approval, parties that have entered their appearance and requested notice of pleadings pursuant to Bankruptcy Rule 2002 will receive only notice of hearings on the Interim Fee Applications and final fee applications (the "Hearing Notices"). Service of the Applications and the Hearing Notices in this manner will permit the parties most active in these Chapter 11 Cases to review and object to the Professionals' fees and will save unnecessary duplication and mailing expenses.

**BASIS FOR RELIEF REQUESTED**

11. A professional's right to seek interim payments from a debtor's estate is governed by section 331 of the Bankruptcy Code, which provides, in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employees under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers. 11 U.S.C. §105(a).

12. Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *See, e.g., In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation); *In re Sagecrest II LLC*, Case No. 08-50754 (Bankr. D. Conn.) [Docket No. 441] (approving similar monthly and interim compensation procedures).

13. Here, Professionals in these Chapter 11 Cases have addressed – and will continue to address – complex issues relating to the intersection of bankruptcy and admiralty law. The Professionals will devote substantial amounts of time to achieving a successful recovery for the Debtors' creditors.

14. The Debtors submit that the Compensation Procedures sought to be approved herein are appropriate considering the factors described above. The amount of time and effort that will be required from the Professionals to appropriately address the issues present in these Chapter 11 Cases justifies the Compensation Procedures requested herein. In addition, these Compensation Procedures will permit Professionals to be paid during the course of the Chapter 11 Cases as opposed to waiting for payment until final fee applications are filed and approved.

15. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are compensated fairly and timely for their services in these cases, and are not forced to bear undue financial burden or risk caused by delays in payment. The Compensation Procedures will enable the Debtors to closely monitor costs of administration, maintain appropriate cash flow, and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties in interest to insure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures. The Compensation Procedures are designed to promote the efficient administration of these Chapter 11 Cases, while at the same time allowing for appropriate monitoring of the Professionals' fees. Accordingly, the Debtors respectfully submit that the Compensation Procedures sought herein are appropriate in light of the foregoing.

## **NOTICE**

16. Notice of this Motion will be given to (a) the United States Trustee for the District of Connecticut; (b) counsel to the Committee; and (c) any other entity that has filed a notice of appearance in these Chapter 11 Cases and requested electronic service. The Debtors submit that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request the Court to enter an order, substantially in the for attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Hartford, Connecticut
December 19, 2014

Respectfully submitted,

 /s/ Patrick M. Birney
Michael R. Enright, Esq. (ct10286)
Patrick M. Birney, Esq. (ct19875)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103
Telephone: (860) 275-8290
Facsimile:  (860) 275-8299
menright@rc.com
pbirney@rc.com

- and -

Natalie D. Ramsey, Esq. (NY #5242730)
    (admitted *pro hac vice*)
Joseph O'Neil, Esq. (NY #2596435)
    (admitted *pro hac vice*)
Davis Lee Wright, Esq. (NY #4761300)
    (admitted *pro hac vice*)
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022 (215) 772-1500
Telephone: (212) 867-9500
Facsimile:  (212) 599-1759
nramsey@mmwr.com
jo'neil@mmwr.com
dwright@mmwr.com

*Proposed Counsel for the Debtors and Debtors in Possession*