# EXHIBIT A



**Invoice**

Page 1 of   1

Phillips 66 Company
Federal Tax ID 37-1652702

| | |
|---|---|
| **Invoice #:** | **961660617** |
| **INVOICE DATE:** | **11/04/2014** |
| **Due Date:** | **11/07/2014** |
| Pay Method: | WIRE |
| Terms: | 3 Bus Days after Invoice Rcpt |
| Contract # | OWP14TS00014 |
| Loading #: | |

**Bill To:** 10101798
OW BUNKER NORTH AMERICA INC
2 STAMFORD PL 15TH FL
STAMFORD CT  06901

**Ship To:** 877883
OW BUNKER NORTH AMERICA INC

**Sold To:** 10101798
OW BUNKER NORTH AMERICA INC

Remittance Instructions:
Please Remit Via Wire To:
JP Morgan
Chase(SWIFTcode:CHASUS33)
Routing No. 071000013
Account No. 643625296

| | | | |
|---|---|---|---|
| Ship Date: | 10/24/2014 | Transp: | Barge |
| Movement #: | 72582 | Barge Name: | CHABRIA SEA FROM |
| Location: | Bayonne, New Jersey IMTT Terminal | P.O. #: | 211-00046 |
| INCO Terms: | Free on Board | | |
| Order #: | 242116851 | | |

| Product | Description | Net Vol (BB6) | Price/Rate | Amount USD |
|---|---|---|---|---|
| 1050109 | NO.6 FUEL OIL 3.0% SULPHUR | 12,097.78 | 75.015650 | $907,522.83 |
| | **Invoice Total** | | | $907,522.83 |

Please include your Customer Number, 10101798, and reference all Invoices being paid to ensure your account is properly credited.

Phillips 66 appreciates your business. Should you have questions regarding this invoice, please call 1-855-659-7790.



**Invoice**

Page 1 of   1

Phillips 66 Company
Federal Tax ID 37-1652702

**Invoice #:** 961660618
**INVOICE DATE:** 11/04/2014
**Due Date:** 11/07/2014
**Pay Method:** WIRE
**Terms:** 3 Bus Days after Invoice Rcpt
**Contract #** OWP14TS00014
**Loading #:**

**Bill To:** 10101798
OW BUNKER NORTH AMERICA INC
2 STAMFORD PL 15TH FL
STAMFORD CT  06901

**Ship To:** 877883
OW BUNKER NORTH AMERICA INC

**Sold To:** 10101798
OW BUNKER NORTH AMERICA INC

Remittance Instructions:
Please Remit Via Wire To:
JP Morgan
Chase(SWIFTcode:CHASUS33)
Routing No. 071000013
Account No. 643625296

| | | | |
|---|---|---|---|
| **Ship Date:** | 10/24/2014 | **Transp:** | Barge |
| **Movement #:** | 72582 | **Barge Name:** | CHABRIA SEA FROM |
| **Location:** | Bayonne, New Jersey IMTT Terminal | **P.O. #:** | 211-00046 |
| **INCO Terms:** | Free on Board | | |
| **Order #:** | 242116853 | | |

| Product | Description | Net Vol (BB6) | Price/Rate | Amount USD |
|---|---|---|---|---|
| 1050109 | NO.6 FUEL OIL 3.0% SULPHUR | 3,615.14 | 76.865650 | $277,880.09 |
| | **Invoice Total** | | | **$277,880.09** |

Please include your Customer Number, 10101798, and reference all Invoices being paid to ensure your account is properly credited.

Phillips 66 appreciates your business. Should you have questions regarding this invoice, please call 1-855-659-7790.



**Invoice**

Page 1 of    1

| | |
|---|---|
| **Invoice #:** | **961660622** |
| **INVOICE DATE:** | **11/04/2014** |
| **Due Date:** | **11/07/2014** |
| **Pay Method:** | WIRE |
| **Terms:** | 3 Bus Days after Invoice Rcpt |

Phillips 66 Company
Federal Tax ID 37-1652702

**Contract #**   OWP14TS00015
**Loading #:**

**Bill To:** 10101798
OW BUNKER NORTH AMERICA INC
2 STAMFORD PL 15TH FL
STAMFORD CT  06901

**Ship To:** 877883
OW BUNKER NORTH AMERICA INC

**Sold To:** 10101798
OW BUNKER NORTH AMERICA INC

Remittance Instructions:
Please Remit Via Wire To:
JP Morgan
Chase(SWIFTcode:CHASUS33)
Routing No. 071000013
Account No. 643625296

| | | | | |
|---|---|---|---|---|
| **Ship Date:** | 10/31/2014 | **Transp:** | Barge | |
| **Movement #:** | 72612 | **Barge Name:** | CHABRIA SEA FROM | |
| **Location:** | Bayonne, New Jersey IMTT Terminal | **P.O. #:** | 211-00048 | |
| **INCO Terms:** | Free on Board | | | |
| **Order #:** | 242116119 | | | |

| Product | Description | Net Vol (BB6) | Price/Rate | Amount USD |
|---|---|---|---|---|
| 1050118 | NO.6 FUEL OIL 1.0% SULPHUR | 4,933.11 | 79.152610 | $390,468.53 |
| | **Invoice Total** | | | **$390,468.53** |

Please include your Customer Number, 10101798, and reference all Invoices being paid to ensure your account is properly credited.

Phillips 66 appreciates your business. Should you have questions regarding this invoice, please call **1-855-659-7790.**



# Invoice

| | |
|---|---|
| **Invoice #:** | **961700525** |
| **INVOICE DATE:** | **11/06/2014** |
| **Due Date:** | **11/12/2014** |
| **Pay Method:** | WIRE |
| **Terms:** | 3 Bus Days after Invoice Rcpt |
| **Contract #** | OWP14TS00014 |
| **Loading #:** | |

Phillips 66 Company
Federal Tax ID 37-1652702

**Bill To:** 10101798
OW BUNKER NORTH AMERICA INC
2 STAMFORD PL 15TH FL
STAMFORD CT  06901

**Ship To:** 877883
OW BUNKER NORTH AMERICA INC

**Sold To:** 10101798
OW BUNKER NORTH AMERICA INC

Remittance Instructions:
Please Remit Via Wire To:
JP Morgan
Chase(SWIFTcode:CHASUS33)
Routing No. 071000013
Account No. 643625296

| | | | |
|---|---|---|---|
| **Ship Date:** | 11/01/2014 | **Transp:** | Barge |
| **Movement #:** | 72661 | **Barge Name:** | CHABRIA SEA FRM |
| **Location:** | Bayonne, New Jersey IMTT Terminal | **P.O. #:** | 211-00048 |
| **INCO Terms:** | Free on Board | | |
| **Order #:** | 242144873 | | |

| Product | Description | Net Vol (BB6) | Price/Rate | Amount USD |
|---|---|---|---|---|
| 1050109 | NO.6 FUEL OIL 3.0% SULPHUR | 2,746.93 | 75.015650 | $206,062.74 |
| | **Invoice Total** | | | **$206,062.74** |

Please include your Customer Number, 10101798, and reference all Invoices being paid to ensure your account is properly credited.

Phillips 66 appreciates your business. Should you have questions regarding this invoice, please call 1-855-659-7790.



# Invoice

Phillips 66 Company
Federal Tax ID 37-1652702

| | |
|---|---|
| **Invoice #:** | **961700527** |
| **INVOICE DATE:** | **11/06/2014** |
| **Due Date:** | **11/12/2014** |
| **Pay Method:** | WIRE |
| **Terms:** | 3 Bus Days after Invoice Rcpt |
| **Contract #** | OWP14TS00014 |
| **Loading #:** | |

**Bill To:** 10101798
OW BUNKER NORTH AMERICA INC
2 STAMFORD PL 15TH FL
STAMFORD CT  06901

**Ship To:** 877883
OW BUNKER NORTH AMERICA INC

**Sold To:** 10101798
OW BUNKER NORTH AMERICA INC

Remittance Instructions:
Please Remit Via Wire To:
JP Morgan
Chase(SWIFTcode:CHASUS33)
Routing No. 071000013
Account No. 643625296

| | | | |
|---|---|---|---|
| **Ship Date:** | 11/03/2014 | **Transp:** | Barge |
| **Movement #:** | 72668 | **Barge Name:** | CHABRIA SEA TO 8 |
| **Location:** | Bayonne, New Jersey IMTT Terminal | **P.O. #:** | 211-00048 |
| **INCO Terms:** | Free on Board | | |
| **Order #:** | 242144875 | | |

| Product | Description | Net Vol (BB6) | Price/Rate | Amount USD |
|---|---|---|---|---|
| 1050109 | NO.6 FUEL OIL 3.0% SULPHUR | 11,734.46 | 76.865650 | $901,976.90 |
| | **Invoice Total** | | | **$901,976.90** |

Please include your Customer Number, 10101798, and reference all Invoices being paid to ensure your account is properly credited.

**Phillips 66 appreciates your business. Should you have questions regarding this invoice, please call 1-855-659-7790.**

# MIECO INC.

Shoreline Square  301 East Ocean Blvd., Suite 1100  Long Beach, CA  90802-4832      Tel: (562) 435-0085

**O.W. Bunker North America Inc.**
Two Stamford Plaza, 15th Floor
281 Tresser Boulevard
Stamford, CT 06901
United States of America

Tel: (203)724
Fax: ( )

| | |
|---|---|
| Our Reference: | 211259 |
| Your Reference: | 4975 |

Billing Inquiries Contact:

Velinda Cortez
Tel:  (562)435-0085
Fax:  (562)495-2389

| | |
|---|---|
| **DUE DATE:** | **November 7, 2014**<br>**Friday** |
| **AMOUNT DUE:** | **USD 296,137.84** |
| INVOICE NO.: | 190209 |
| INVOICE DATE: | November 6, 2014 |

| TRADE<br>REF | B/L<br>DATE | PRODUCT/COST | LOCATION | TRANSPORT | REFERENCE | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 211259 | 11/4/2014 | Sell Physical Trigger<br>Marine Gas Oil | FOB NJ<br>TREMLEY PT | CHABRIA SEA | CHABRIA SEA | 116,255.58 GAL | 2.5473 USD/GAL | 296,137.84 |

**Settlement Total:    USD 296,137.84**

PAYMENT INSTRUCTIONS:

Bank of America, New York, NY, New York, NY
ABA Nbr 026-009-593 (WIRE Effective 3/6/06)
ABA Nbr 121-000-358 (ACH)
For Credit To: MIECO INC.
A/C Nbr: 12573-54052
Reference Invoice 190209

Page 1 of 1

EXHIBIT B

## O'Neil, Joseph

| | |
|---|---|
| **From:** | Placey, Richard |
| **Sent:** | Tuesday, November 18, 2014 6:39 PM |
| **To:** | mgossler@mpba.com |
| **Cc:** | O'Connor, Robert E.; kbaril@mpba.com |
| **Subject:** | O.W. Bunker Holding North America Inc., (14-51720); O.W. Bunker North America Inc., (14-51721) and O.W. Bunker USA Inc., (14-51722) - |
| **Attachments:** | OW Bunker - FINAL (filed) Motion for 363 Sale and Sale Procedures re Vopak Oil (2).PDF; O W  Bunker - FINAL (filed) EX A (oil for sale) to Motion for Sale of Vopak Oil 111814 (2).PDF; OW Bunkers - FINAL (filed) EX B to Sale motion - Order for 363  Sale Procedures re Vopak Oil (2).PDF; [14-51721][DI 13] Debtors Motion for Entry of Order ORDER.pdf; [14-51721][DI 13] Debtors Motion for Entry of Order.pdf; [14-51722][DI 7] Motion of Debtors re Procedures for Treatment of Claims ORDER.pdf; [14-51722][DI 7] Motion of Debtors re Procedures for Treatment of Claims.pdf |

Mr. Gossler::

My colleague Bobby O'Connor and I were directed to you by Bobby Franco of Harley Marine.  We are debtors counsel in the above bankruptcies of certain United States OW Bunker entities and would like to talk about various issues relating to Harley.  There is a first day hearing tomorrow on some mechanical motions as well as on the segregated account and reclamation procedures motions attached.  We are not sure Harley is implicated by those motions but obviously there are many issues to discuss.

In addition, we have today filed a motion to sell certain oil (also attached) as to which a hearing date has not been set.  We think this implicates some oil that Harley does have and would like to discuss that when you can.

We will probably be out of pocket soon tonight and at the hearing tomorrow, but let us know when you can talk.

Thanks.


Thanks

Richard G. Placey
(admitted in DE, PA, NJ and IL)
Montgomery, McCracken, Walker & Rhoads LLP
(a Pennsylvania LLP)
1105 N. Market St., 15th Floor
Wilmington DE 19801
Telephone (302) 504-7880
Fax (302) 504 7820
Philadelphia (PA) Telephone (215) 772-7424
Cherry Hill (NJ) Telephone (856) 488-7700
.com | **Attorney Profile**

**O'Neil, Joseph**

| | |
|---|---|
| **From:** | Placey, Richard |
| **Sent:** | Monday, December 01, 2014 5:24 PM |
| **To:** | Mike Gossler |
| **Cc:** | O'Connor, Robert E. |
| **Subject:** | RE: Harley Marine (Fanning and Chabria Sea) -- RE: O.W. Bunker Holding North America Inc., (14-51720); O.W. Bunker North America Inc., (14-51721) and O.W. Bunker USA Inc., (14-51722) - |

Mike the arrests are in violation of the stay and need to be dissolved promptly; if Harley will not do that voluntarily let us know and we can take that up in the bankruptcy.

As to your claim that "fuel on board the David Fanning" and Harley's interest is not referenced in the filings, that is flatly incorrect as reading the motions demonstrates. The David Fanning is mentioned by name in Exhibit A to the motion that was filed with the court and that I emailed to you on November 18, and both Harley and the David Fanning are specifically identified -- by name -- in footnotes 4 and 8 of that same motion, and that interest is discussed in my November 18 email to you. The motion further details the steps expected to require transfer of possession of the oil. I understand that ownership of the oil is not disputed -- in fact two of the suppliers have sent the debtors reclamation notices (not to mention bills) for the oil on the Chabria -- and that Harley's transport of the oil was under contract with the Debtors. This seems like a non-issue which Harley is using to rationalize the stay violation here and, as you know, submission of "evidence of ownership" to the bankruptcy court is not required for the stay to apply so Harley and Westoil are flouting the stay at their own risk here. In that regard, what is the "information known ... that the debtors did not own the fuel product on board [the vessels]?

I am happy to prove ownership to the satisfaction of the bankruptcy court if that is disputed, but if you have any evidence that the oil is not the debtors please send it along. In the meantime, is there also an arrest for the Chabria Sea?

**From:** Mike Gossler [mailto:mgossler@mpba.com]
**Sent:** Monday, December 01, 2014 4:33 PM
**To:** Placey, Richard
**Cc:** O'Connor, Robert E.
**Subject:** RE: Harley Marine (Fanning and Chabria Sea) -- RE: O.W. Bunker Holding North America Inc., (14-51720); O.W. Bunker North America Inc., (14-51721) and O.W. Bunker USA Inc., (14-51722) -

Mr. Placey: In response to your email message below, please recall that the fuel cargo has at all times since prior to the filings been in the possession of Westoil Marine Services, Inc. ("Westoil") and Harley Marine NY, Inc. ("Harley"), and as such neither Westoil nor Harley has exercised control over anything they did not possess at the time of the filings (to which its maritime liens attached effective upon taking possession). The cargo was arrested to protect and segregate the cargo pending implementation of a court supervised sale mechanism. Further, Westoil and Harley initiated the arrest proceedings because, based upon the information known to Westoil Marine Services, Inc. ("Westoil") and Harley Marine NY, Inc. ("Harley"), the debtors did not own the fuel product on board any of their vessels, and action needed to be taken to deal with the lack of direction for dealing with the cargo and Westoil's and Harley's maritime lien rights. Westoil and Harley historically have transported cargo (fuel products) brokered by O.W. for sale and delivery to vessels purchasing fuel products. Nothing in the bankruptcy filings contains any evidentiary proof of ownership by the debtor entities of any of this fuel (nothing in the only evidentiary submission to date – the declaration of Adrian Tolson – establishes any ownership, and since no schedules have been filed as yet, nothing in any schedules establishes

the same). Likewise, fuel on board the David Fanning is not referenced in any of the notice or sale procedure documents on file with the court, and, to the contrary, these papers, and the email correspondence from Scott Anchin of November 24th, describe the oil being sold as O.W.s "inventory of marine fuel stored in the Vopak Terminal in Los Angeles, CA." Further, whereas a procedure is addressed in the motion papers and filings for dealing with Vopak and its claims and lien rights, nothing on file references the rights of Westoil or any protocol for paying Westoil for its maritime lien claim and for the delivery and offloading of fuel to any prospective buyer. Westoil and Harley believe there has been no violation of the automatic stay and no damages.

However, if one or both of the O.W. operating entities is claiming ownership of the fuel, we would ask that you provide some evidence of its ownership of that fuel. Westoil has no objection to this fuel being included in the sale set for this week assuming the debtor(s) own it and have the authority to sell it, and provided appropriate provisions are included in the sale order to protect Westoil's rights. Of course, this assumes a prospective buyer (1) is aware that the fuel on board the two fuel barges is even part of the sale, and (2) that a prospective buyer wishes to purchase this relatively small quantity of fuel and take on the cost of delivery for the price being bid (while the sale of the fuel located at the Vopak Terminal may be "critical," the relatively minimal quantities in the possession of Westoil certainly will not impact a prospective buyer's interest in O.W.'s sale transaction). If O.W. has notified prospective purchasers that fuel on board the Fanning is included in the sale, please forward me a copy of anything O.W. has published or otherwise provided to prospective buyers with regard to the fuel.

By way of additional information, Westoil has two barges that contain fuel delivered to it by O.W. The barge David Fanning has 3,214 Gross Barrels, more or less of MGO in two separate tanks (4P and 4S); and the barge Hannah 2801 has 8,730 Gross Barrels, more or less of RMG in four tanks (2P, 2S, 5P and 5S). Attached are the arrest papers filed last week with respect to the fuel on board the David Fanning and Hannah 2801, which described the fuel and maritime lien charges against that cargo, at the time. Also attached is an updated summary of the totals owing as of Wednesday of this week (except for the filing fees – 2 x $400 = $800, and U.S. Marshal fees, 2 x $500 = $1,000).

Westoil proposes that the sale order to be presented at the hearing this Friday acknowledge Westoil's maritime lien rights with respect to the cargo on both vessels (the David Fanning and Hannah), and that these liens attach to and will be paid out of the proceeds of the sale at closing. The order also needs to provide that the purchaser will pay Westoil for all delivery services, including the cost of liquefying the fuel on board the Hannah (which has solidified and can be pumped out of the barge only after it has been liquefied by way of pumping additional heated fuel into the tank in which the existing product is stored). Please call me if you wish to discuss any of this in more detail. If you would like to propose some draft language for the order, please forward it to me.

**Michael E. Gossler, Attorney | Montgomery Purdue Blankinship & Austin PLLC**
701 Fifth Avenue, Suite 5500, Seattle, Washington 98104  (206) 682-7090  Fax: (206) 625-9534  mgossler@mpba.com  www.mpba.com

Privileged or confidential information may be contained in this message. If you are not the intended recipient, you may not copy or communicate this message to anyone. If you received this message in error, please destroy this message and notify the sender by reply email.

**From:** Placey, Richard [mailto:rplacey@mmwr.com]
**Sent:** Monday, December 01, 2014 10:06 AM
**To:** Mike Gossler
**Cc:** O'Connor, Robert E.
**Subject:** Harley Marine (Fanning and Chabria Sea) -- RE: O.W. Bunker Holding North America Inc., (14-51720); O.W. Bunker North America Inc., (14-51721) and O.W. Bunker USA Inc., (14-51722) -

Mike:

To follow up on our conversation of last Wednesday, we were quite surprised to say the least to hear that Harley-Westoil had arrested vessels and the debtors oil on the vessels (I understand it's the FANNING and the CHABRIA SEA) after having received notice of the bankruptcies and specifically of the motion to sell oil on the FANNING. It goes without saying we view this as a serious violation of the automatic stay, and the debtors reserve all of their rights to enforce the stay and seek damages for Harley's knowing violation of the stay. If there have been other arrests of vessels chartered by any of the debtors or containing cargoes in which the debtors have an interest, please let me know.

In the hope of resolving that issue without additional cost and difficulty, I trust that prompt actions are being taken to release the arrests so that this property can be administered through the bankruptcy court. We are happy to deal with any of Harley's claims or concerns via the Bankruptcy Court, and we must insist that all such matters be presented there.

In that regard, the oil on the FANNING is being sold on Friday, and it would seriously disrupt a critical sale (in a declining commodity market) if Harley's conduct interferes with that. I understand that the oil on the CHABRIA SEA is the subject of certain reclamation demands, as to which the debtors have certain responsibilities, and it would seriously disrupt matters if Harley's conduct interferes with that. We would like to resolve all of this promptly and with a minimum of additional cost.


**From:** Mike Gossler [mailto:mgossler@mpba.com]
**Sent:** Tuesday, November 18, 2014 8:08 PM
**To:** Placey, Richard
**Cc:** O'Connor, Robert E.; Karen Baril
**Subject:** RE: O.W. Bunker Holding North America Inc., (14-51720); O.W. Bunker North America Inc., (14-51721) and O.W. Bunker USA Inc., (14-51722) -

Mr. Placey: I generally am available tomorrow to discuss issues related to Harley Marine. I have a meeting from 9:00 to 9:30 a.m., pacific daylight time, and another meeting from 11:00 to 12:30 or so, but otherwise my schedule is open. Let me know what time works best for your and Mr. O'Conner and I will put it on my calendar.

**Michael E. Gossler, Attorney** | Montgomery Purdue Blankinship & Austin PLLC
701 Fifth Avenue, Suite 5500, Seattle, Washington 98104   (206) 682-7090  Fax: (206) 625-9534  mgossler@mpba.com   www.mpba.com

Privileged or confidential information may be contained in this message. If you are not the intended recipient, you may not copy or communicate this message to anyone. If you received this message in error, please destroy this message and notify the sender by reply email.


**From:** Placey, Richard [mailto:rplacey@mmwr.com]
**Sent:** Tuesday, November 18, 2014 3:39 PM
**To:** Mike Gossler
**Cc:** O'Connor, Robert E.; Karen Baril
**Subject:** O.W. Bunker Holding North America Inc., (14-51720); O.W. Bunker North America Inc., (14-51721) and O.W. Bunker USA Inc., (14-51722) -

Mr. Gossler::

My colleague Bobby O'Connor and I were directed to you by Bobby Franco of Harley Marine. We are debtors counsel in the above bankruptcies of certain United States OW Bunker entities and would like to talk about various issues relating to Harley. There is a first day hearing tomorrow on some mechanical motions as well as on the segregated account and reclamation procedures motions attached. We are not sure Harley is implicated by those motions but obviously there are many issues to discuss.

In addition, we have today filed a motion to sell certain oil (also attached) as to which a hearing date has not been set. We think this implicates some oil that Harley does have and would like to discuss that when you can.

We will probably be out of pocket soon tonight and at the hearing tomorrow, but let us know when you can talk.

Thanks.

Thanks

Richard G. Placey
(admitted in DE, PA, NJ and IL)
Montgomery, McCracken, Walker & Rhoads LLP
(a Pennsylvania LLP)
1105 N. Market St., 15th Floor
Wilmington DE 19801
Telephone (302) 504-7880
Fax (302) 504 7820
Philadelphia (PA) Telephone (215) 772-7424
Cherry Hill (NJ) Telephone (856) 488-7700
.com | **Attorney Profile**

EXHIBIT C

MOUND COTTON WOLLAN & GREENGRASS
Sanjit S. Shah (SS-0148)
30A Vreeland Road
Florham Park, NJ 07932
(973) 494-0600
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
HARLEY MARINE NY, INC.,

                                   Case No.

                  Plaintiff,

     vs.

20,257.45 GROSS BARRELS, MORE OR      **IN ADMIRALTY**
LESS, OF FUEL OIL ABOARD THE
BARGE CHABRIA SEA, *in rem*,           **VERIFIED COMPLAINT** *IN*
                                        *REM* **FOR UNPAID**
                                        **FREIGHT, DEMURRAGE**
                                        **AND RELATED CHARGES**

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiff Harley Marine NY, Inc., by its attorneys, Mound Cotton Wollan & Greengrass,

as and for its Complaint, alleges as follows:

I.

JURISDICTION AND VENUE

    1.1    This is an action in rem for unpaid freight, demurrage, and related charges against

the defendant 20,257.45 Gross Barrels, More or Less, of Fuel Oil and MGO Aboard the Barge

CHABRIA SEA ("Cargo").  Under 28 U.S.C. § 1333 and pursuant to Rules C and E of the

Supplemental Rules for Certain Admiralty and Maritime Claims, this Court has jurisdiction over

the subject matter of this admiralty and maritime claim, and within the meaning of Rule 9(h).

1.2    Venue is proper within this judicial district as the Cargo is within this district and within the jurisdiction of this Court. The defendant Cargo is located in below-deck tanks aboard the barge CHABRIA SEA, afloat at Anchorage off Liberty Island, New Jersey.

II

PARTIES

2.1    Plaintiff is a New York corporation conducting business and having offices in New York, New York. It is engaged in the business of transporting petroleum products and other marine transportation services and is the owner and/or operator of the barge CHABRIA SEA.

2.2    Defendant "Cargo," is marine bunker fuel and MGO, loaded aboard plaintiff's barge CHABRIA SEA. Said Cargo remains isolated aboard the CHABRIA SEA in tanks 1P, 1S, 2P, 2S, 3P, 3S, 4P, 4S, 5P, and 5S.

III

CARRIAGE OF CARGO

3.1    On or about May 2, 2014, plaintiff entered into a contract of affreightment with O.W. Bunker North America, Inc. ("O.W. Bunker") for the transportation of fuel oil, of various grades, in the Port of Newark.

3.2    Under the terms of contract of affreightment, O.W. Bunker agreed to pay freight, demurrage, and other charges to plaintiff under the terms of a tariff provided by plaintiff to O.W. Bunker.

3.3    Plaintiff understands O.W. Bunker to be a fuel distributor and/or broker without title to or ownership interest in the Cargo. Plaintiff does not know who owns the Cargo.

2

3.4    In November, 2014, plaintiff was engaged to transport the Cargo from place to place as directed by O.W. Bunker.

3.5    Said transport was made by plaintiff in consideration of agreed freight and other charges in accordance with the contract of affreightment and tariff.

IV

PLAINTIFF'S MARITIME LIEN

4.1    A maritime lien in favor of plaintiff now exists against the Cargo, as freight, demurrage, and other incurred charged directly linked to the Cargo have not been paid to plaintiff.

4.2    The Cargo remains in the possession, custody and control of plaintiff aboard the barge CHABRIA SEA. The Cargo is isolated in tanks aboard the barge.

4.3    Pursuant to the contract of affreightment and tariff, plaintiff is owed freight in the amount of $19,345.00, together with a contractual fuel surcharge of $5,416.60. Additional directed charges, as of November 17, 2014, are owed to plaintiff for product heating ($25,500.00) and demurrage ($136,500.00). Charges continue to accrue for demurrage and other costs related to the unpaid freight.

WHEREFORE, plaintiff prays for relief as follows:

1.    That process is due form of law according to the practice of this Court issue against the Cargo and that the Court authorize the issuance of an *in rem* warrant of arrest instructing the U.S. Marshal to seize the defendant Cargo and safekeep it in a locked status aboard the CHABRIA SEA subject to further order of this Court.

2.    That all persons, firms, corporations, or other entities claiming any interest in the Cargo be required to appear and answer on all matters alleged herein or be barred forever of any right of equity of redemption or claim in and to the Cargo;

3.    That Plaintiff be adjudged the holder of a maritime lien on the Cargo, for payment of sums due including costs and attorneys' fees incurred herein, and that this Court declare the lien to be superior to all other liens which may exist against the Cargo;

4.    Judgment against the Cargo, in rem, for all amounts due under the lien as may be found due and owing after trial, together with prejudgment interest and costs;

5.    That the maritime lien be foreclosed and the Cargo sold by the U.S. Marshal in accordance with law, and the proceeds therefrom be held in the Registry of the Court to be applied first to the lien of Plaintiff; and

6.    For such other and further relief this Court appears just and equitable under the circumstances.

Dated this 21st day of November, 2014

MOUND COTTON WOLLAN
& GREENGRASS
Attorneys for Plaintiff

By _____
Sanjit S. Shah (SS-0148)
30A Vreeland Road
Florham Park, NJ 07932
(973) 494-0600
*Attorneys for Plaintiff*
*HARLEY MARINE NY, INC.*

4

## VERIFICATION

United States of America        )

State of Rhode Island        ) ss.

County of Washington        )

I, _Jonathan Mendes_, being first duly sworn upon oath, depose and say:

1.    I am the General Manager of HARLEY MARINE NY, INC., Plaintiff in the above-entitled matter.

2.    I have read the Complaint and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 21 day of November, 2014 at Narragansett, Rhode Island.

_(signature)_

State of Rhode Island
County of Washington

Subscribed and sworn to before me this

21 day of November, 2014

DANIEL C. BARUTI
NOTARY PUBLIC
STATE OF RHODE ISLAND #4451G
MY COMMISSION EXPIRES FEB. 16, 2015

EXHIBIT D

MOUND COTTON WOLLAN & GREENGRASS
Sanjit S. Shah (SS-0148)
30A Vreeland Road
Florham Park, NJ 07932
(973) 494-0600
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HARLEY MARINE NY, INC.,

                   Plaintiff,

      vs.

20,257.45 GROSS BARRELS, MORE OR
LESS, OF FUEL OIL ABOARD THE
BARGE CHABRIA SEA, *in rem*,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 14-7282

Civil Action   SRC

IN ADMIRALTY

WARRANT FOR ARREST
OF CARGO IN ACTION IN
REM

(Rule C(3), FRCP)

TO: THE UNITED STATES MARSHAL, DISTRICT OF NEW JERSEY

    WHEREAS a Verified Complaint *in rem* has been filed in this Court in the above entitled

action against the defendant cargo 20,257.45 GROSS BARRELS, MORE OR LESS, OF FUEL

OIL ABOARD THE BARGE CHABRIA SEA ("Cargo") upon an admiralty and maritime claim

in the amount of $161,261.62, with charges continuing to accrue, for the reasons and causes

therein stated and praying for process of warrant for the arrest of said Cargo, and that all persons

interested in the said Cargo may be cited to answer the premises, and that the said Cargo may for

the causes in the said complaint be condemned and sold to pay the demands of the Plaintiff.

    YOU ARE HEREBY COMMANDED to attach the said Cargo, and to detain the same in

your custody until the further order of the Court respecting the same, and to give due notice to all

persons claiming the same or having anything to say why the same should not be condemned and sold pursuant to the prayer of the said complaint, that they must file their claim with the Clerk of the Court within 10 days after execution of this process, or within such additional time as may be allowed by the Court, and must serve their answers within 20 days after the filing of their claims.

YOU ARE FURTHER COMMANDED to file this process in this Court with your return thereon promptly after execution thereof, and mail a copy thereof to the attorney of whose request the execution was effected.

WILLIAM T. WALSH
CLERK U.S. DISTRICT COURT

11 - 24 - 2014
Date

By _____
Deputy Clerk
DIANNE C. RICHARDS

(SEAL)

2

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF HARLEY MARINE NY, INC. | COURT CASE NUMBER 14-7282 (SRC) |
| DEFENDANT 20,257.45 GROSS BARRELS, MORE OR LESS, OF FUEL OIL ABOARD THE, ET AL. | TYPE OF PROCESS |

| | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| SERVE AT | 20,257.45 GROSS BARRELS, MORE OR LESS, OF FUEL OIL ABOARD THE BARGE, ET AL |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| | AT ANCHORAGE OFF LIBERTY ISLAND, NEW JERSEY |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 | 1 |
|---|---|---|
| SANJIT S. SHAH, ESQ. (SS-0148) MOUND COTTON WOLLAN & GREENGRASS 30A VREELAND ROAD FLORHAM PARK, NJ 07932 (973)494-0600 | Number of parties to be served in this case | |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Fold

THE BARGE CHABRIA SEA

149 PM PM

Fold

| Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 973-494-0600 | DATE |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process 1 | District of Origin No. 50 | District to Serve No. 50 | Signature of Authorized USMS Deputy or Clerk E. Baskerville | Date 11/25/14 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) Brian Kelly Operations Manager | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address (complete only different than shown above) U.S. Marshal Office 50 Walnut Street RM 2009 Newark NJ | Date 11/25/14 | Time 12:30 ☐ am ☒ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee $65.00 | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) $0.00 |

REMARKS: Vessel Arrested - Operations Manager Brian Kelly Accepted Service At USMS office - Vessel is not docked and would require a deputy to climb up the side of the ship with a rope ladder

| DISTRIBUTE TO: | 1. CLERK OF THE COURT |
| | 2. USMS RECORD |
| | 3. NOTICE OF SERVICE |
| | 4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal. |
| | 5. ACKNOWLEDGMENT OF RECEIPT |

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

14-CV-7282-1

<u>MARSHAL'S RETURN</u>

The obedience to the within warrant for arrest in action *in rem*, I attached the defendant

cargo 20,257.45 GROSS BARRELS, MORE OR LESS, OF FUEL OIL ABOARD THE

BARGE CHABRIA ("Cargo") therein described on the _11/25/14_

(Date)

to be

Postod

Hondlod A

I further certify that I ~~posted~~ a copy of said process aboard the vessel CHABRIA SEA

(wherein the Cargo is stowed) in a conspicuous place and placed substitute custodian in charge

thereof. I further certify that I handed to and left with _Brian Kelly_

a copy of the Complaint and said process on the _11/25/14_

(Date)

_11/25/14_

Date

_Juan Mattos_

United States Marshal

By: _____

Deputy United States Marshal

Marco A. Velez
Harley Marine NY
Tug Operations Supervisor
347-452-7209
Custodian



Brian Kelly
Operations Manager

Direct (718) 875-7000
Cell (201) 320-2556
Fax (718) 875-1476
E-mail: bkelly@harleymarine.com

HARLEY MARINE NY, INC.
63 Flushing Avenue, Box #328, Brooklyn, New York 11205
www.harleymarine.com





EXHIBIT E

**Shoreline Square**

# MIECO INC.

301 East Ocean Boulevard, Suite 1100, Long Beach, CA 90802-4828

Fax: (562) 432-2318

Tel: (562) 435-0085

November 6, 2014

*Via Email: dese@owbunker.com*

*and Certified Mail:*

O.W. Bunker North America Inc.
Two Stamford Plaza
281 Tresser Boulevard
Stamford, Connecticut 06901

Re: RECLAMATION DEMAND TO O.W. Bunker North America Inc.

Dear Sir or Madam:

In accordance with Uniform Commercial Code Section 2-702, Mieco Inc. ("Creditor") hereby makes demand for reclamation of goods (the "Goods") received by O.W. Bunker North America Inc. ("Debtor") from Creditor within the (10) days prior to Debtor's declaration of insolvency, and which Goods are currently in Debtor's possession.

Attached hereto as Exhibit "A" is documentation describing or identifying the particular Goods for which Creditor asserts its reclamation claim. Creditor reserves the right to modify the scope of the Goods subject to its reclamation claim, following further investigation and subject to applicable law.

Please contact the undersigned for instructions concerning the return of the Goods to Creditor. You are further notified that all goods subject to Creditor's reclamation rights should be protected and segregated, and are not to be used for any purpose whatsoever except by agreement of the parties or following notice and a hearing by a court of competent jurisdiction.

We appreciate your cooperation in this matter. Please call with any questions.

Very truly yours,

Peter D'Anna
Chief Risk Officer



Candace S. Schiffman
Senior Counsel

**PHILLIPS 66**
3010 Briarpark Drive
Houston, TX 77042
Phone 832-765-1241

November 19, 2014

*By Overnight Delivery*

O.W. Bunker North America, Inc.
281 Tresser Blvd.
2 Stamford Plaza, 15th Floor
Stamford, CT 06901
Attn: Adrian Tolson

Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103
Attn: Michael R. Enright, Esq.

Montgomery, McCracken, Walker
& Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Attn: Natalie D. Ramsey, Esq.

Re: Reclamation Demand

To Whom It May Concern:

The undersigned, Phillips 66 Company, has learned that O.W. Bunker North America Inc. filed a chapter 11 petition in the United States Bankruptcy Court for the District of Connecticut on November 13, 2014 (Case No. 14-51721) (the "Petition Date"). Phillips 66 Company, as reclaiming seller, sold goods (the "Goods") more specifically described and identified on the documents attached to this letter to O.W. Bunker North America, Inc.

Pursuant to Section 546 (c) of the Bankruptcy Code, Section 2-702 of the Uniform Commercial Code and any other applicable law, Phillips 66 Company hereby demands reclamation of all Goods sold to and received by or on behalf of O.W. Bunker North America, Inc. (the "Debtor") in the ordinary course of Phillips 66 Company's business within 45 days of the Petition Date (the "Reclamation Period") totaling $8,958,291.13. Additionally, this notice and attachments are being delivered to you in accordance with the Order pursuant to 11 U.S.C. §§ 105(a) and 546(c) Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims. The Notice is effective as of this date. Upon receipt of this Notice, please identify, mark the Goods as property of Phillips 66 Company and segregate the Goods from all other inventory or the redeliver of the Goods to Phillips 66 Company. Please confirm promptly that the Debtor will honor this demand, and advise the undersigned when Phillips 66 Company can arrange for the immediate return of the Goods.

Nothing contained in this letter shall be a waiver of any rights, remedies and interests of Phillips 66 Company, all of which are reserved and expressly not waived. As of the Petition Date, O.W. Bunker North America, Inc., owed Phillips 66 Company $12,210,628.45. O.W. Bunker North America Inc.'s affiliated debtor, O.W. Bunker USA, Inc. owed Phillips 66 Company $1,531,870.05. Phillips 66 Company makes demand for reclamation without prejudice to all other rights, remedies and interests that may be available to Phillips 66 Company, at law or in equity, including, but not limited to, Phillips 66 Company's right to an allowed administrative expense claim under Section 503(b)(9) of the Bankruptcy Code for all Goods received by the Debtor within twenty (20) days before the commencement of the bankruptcy cases totaling $3,794,384.17.

Sincerely,

*Candace S. Schiffman*

Candace S. Schiffman
Senior Counsel

Encls.