**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**

**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                                  :
In re                                             :    Chapter 11
                                                  :
O.W. Bunker Holding North America Inc., et al.,[1]  :    Case No. 14-51720 (AHWS)
                                                  :
                          Debtors.                :    (Jointly Administered)
                                                  :
---------------------------------------------------------------x

### GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

O.W. Bunker Holding North America Inc. and its affiliated debtors in possession (collectively, the "Debtors", or the "Company") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), with the assistance of their advisors, each has filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules the "Schedules and Statements") with the United States Bankruptcy Court for the District of Connecticut Bridgeport Division (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of, the Schedules and Statements. Any individual reviewing the Schedules and Statements should refer to, consider and consult the Global Notes in connection with such review.

The Schedules and Statements reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. The Debtors prepared the Schedules and Statements on an independent basis and without taking into account generally accepted accounting principles in the United States ("GAAP"). The Schedules and Statements may not reconcile with the financial statements that the Debtors prepare in the ordinary course of

---

[1]       On November 13, 2014 the following three Debtors filed chapter 11 bankruptcy petitions (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158), and O.W. Bunker USA Inc. (3556). The location of the Debtors' corporate headquarters and the Debtors' service address is: 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

their business.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

In preparing the Schedules and Statement, the Debtors relied upon information derived from their books and records that was available at the time of such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of the financial information contained in the Schedules and Statements, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause material changes to the Schedules and Statements.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as the Debtors deem necessary and appropriate.  Notwithstanding the foregoing, the Debtors make no affirmative representation that they will revise, amend or otherwise update the Schedules and Statements.

Mr. Adrian Tolson has signed the Schedules and Statements.  Mr. Tolson serves as the Vice President for all three Debtors.  In reviewing and signing the Schedules and Statements, Mr. Tolson necessarily has relied upon the efforts, statements and representations of various personnel employed by the Debtors and their advisors.  Mr. Tolson has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements.

**Global Notes and Overview of Methodology**

1.      **Global Notes Control**.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes will control.

2.      **Reservation of Rights**.  The Debtors and their advisors have made reasonable efforts to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions in the Schedules and Statements may exist.  The Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements as may be necessary or appropriate, including, without limitation, reserving the right to amend the Schedules and Statements with respect to any claim or other amounts listed therein (collectively, a "Claim") (including, without limitation, reserving the right to:  (a) alter the description or designation of any Claim; (b) dispute or otherwise assert a right of setoff or other defenses to any Claim, including, without limitation, any defenses relating to amount, liability, priority, status or classification; (c) subsequently designate any Claim as "disputed," "contingent" or "unliquidated;" and/or (d) object to the extent, validity, enforceability, priority, or avoidability of any Claim).  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent" or "unliquidated" is not an admission by the Debtors that they consider any such Claim as not "disputed," "contingent" or "unliquidated."  The Debtors' inclusion of a Claim in the Schedules and Statements is not an admission of liability by the Debtors.  Furthermore, nothing contained in the Schedules and Statements will constitute a waiver of any right the Debtors may possess, including, without limitation, any right involving Claims, defenses, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes will in no way limit the scope or breadth of the general reservation of rights contained in this paragraph.

3. **Confidential Information**.  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses or amounts.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of an individual.

4. **Description of Case and "as of" Information Date**.  On November 13, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are conducting an orderly liquidation of their assets while continuing to manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

As applicable, and except as otherwise noted herein, the information (including the Debtors' assets and liabilities) set forth in the Statements and Schedules reflects such information as of the close of business, November 13, 2014.

5. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

6. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

    a.    Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    Paid Claims.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court.  Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

    d.    Excluded Assets and Liabilities.  The Debtors have excluded certain accrued liabilities, including accrued employee benefits and tax accruals from the Schedules and Statements that are not yet due and payable.  Certain other immaterial assets and liabilities may also have been excluded.

    e.          <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

    f.          <u>Intercompany Claims</u>.  Receivables and payables among the Debtors in these Chapter 11 Cases and their non-debtor affiliates are reported on Schedule B16 and Schedule F, respectively, at book value.  In the ordinary course of business there are receivables and payables created between and among the various Debtors and their non-debtor affiliates.  Unless otherwise noted in the Schedules and Statements, the Debtors record the resulting net balances of these transactions in their books and records as equalized entries that have been entered into in the ordinary course of business.  The listing of any amounts with respect to such receivables and payables is not and shall not be construed as an admission of the characterization of such balances, as debt, equity or otherwise.  Furthermore, the listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account.  The Debtors reserve all rights to later change the characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

**7.**      **Estimates**.  To prepare and file the Schedules and Statements in accordance with the deadline established in the Chapter 11 Cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**8.**      **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for their assets.  Thus, unless otherwise indicated, the Schedules and Statements reflect approximate net book values as of November 13, 2014. As the book values of certain assets, including, without limitation, interests in insurance policies and recovery from pending legal matters, may materially differ from their fair market values, the Debtors listed certain assets with undetermined values.  In addition, certain assets may not appear in the Schedules and Statements, because the Debtors have depreciated the entire book value of such assets or otherwise expensed such assets in their entirety.  Finally, certain of the Debtors have significant assets related to their ultimate equity interests in certain non-debtor foreign affiliates, the market value of which may differ significantly from the reported book value and therefore the Schedules and Statements only reflect the undetermined value of the Debtors' ownership of their direct subsidiaries.

**9.**      **Reporting of Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information

becomes available, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary or appropriate to reflect any change in the allocation of liabilities between the prepetition and postpetition periods.

The liabilities listed on the Schedules do not reflect a complete analysis of any Claims that may arise under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any Claims asserted under section 503(b)(9) of the Bankruptcy Code.

10.    **Classification of Claims**. Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured" or (d) listing a contract on Schedule G as "executory" or "unexpired" is not (i) an admission by the Debtors with respect to any legal rights associated with such Claim or executory contract; or (ii) a waiver of the Debtors' rights to recharacterize or reclassify such Claim or executory contract or exercise any right of setoff or other defense that may exist with respect to such Claim or executory contract.

11.    **Description of Claims**. Schedules D, E, and F permit the Debtors to designate a Claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a Claim on a given Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute and assert rights of setoff or any other defense to any Claim listed in the Schedules. Additionally, the Debtors expressly reserve all of their rights to subsequently designate any Claim as "disputed," "contingent" or "unliquidated." The Debtors' listing of a Claim in the Schedules does not constitute an admission of liability by the Debtors.

12.    **Setoffs**. Setoffs in the ordinary course can result from various items including, without limitation, intercompany transactions. These normal setoffs are consistent with the Debtors' ordinary course of business and can be particularly voluminous with respect to intercompany transactions, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are not itemized in the response to Question 13 in the Statements.

13.    **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add or delete items. Accordingly, as additional information becomes available and as otherwise necessary and appropriate, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements.

14.    **Definition of Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly);

(d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates.

With respect to any person listed as an insider, the Debtors do not take a position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.  The listing of a party as an "insider" is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right, or defense, and the Debtors expressly reserve such rights, claims, and defenses.

15.    **Intellectual Property Rights**.  The Debtors' inadvertent exclusion of certain intellectual property from the Schedules and Statements is not an admission that the Debtors have abandoned, terminated or assigned such intellectual property or that such intellectual property has not expired by its own terms or was not transferred pursuant to a sale, acquisition or other transaction.  Conversely, the Debtors' inclusion of certain intellectual property in the Schedules and Statements is not an admission that the Debtors have not abandoned, terminated or assigned such intellectual property or that such intellectual property has not expired by its own terms or was not transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to list only their owned intellectual property, in certain instances, an affiliate may be the actual owner of certain intellectual property listed in the Schedules and Statements.  The Debtors reserve all of their rights with respect to the legal status of their intellectual property rights.

16.    **Executory Contracts**.  While the Debtors made all reasonable efforts to identify the correct legal entities that are party to each of the Debtors' executory contracts, in certain instances, the Debtors may have incorrectly identified parties to their executory contracts.  The Debtors reserve all of their rights with respect to the named parties associated with their executory contracts, including, without limitation, the right to amend Schedule G.

17.    **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have identified or listed all of the Debtors' causes of action and similar items, or potential causes of action or similar items, against third parties as assets in the Schedules and Statements.  This may include, without limitation, causes of actions to recover assets or avoid transfers arising under chapter 5 of the Bankruptcy Code or other applicable non-bankruptcy law. The Debtors reserve the right to amend their Schedules and Statements to add, delete or otherwise modify any information relating to their causes of action and similar items.

The Debtors further reserve all of their rights with respect to all of their causes of actions and similar items (collectively, the "Causes of Action"), including, without limitation, all rights relating to any:  (a) controversy; (b) right of setoff or recoupment; (c) cross-Claim; (d) counter-Claim; (e) Claim arising from a contract; (f) Claim for the breach of any duty imposed by law or in equity; and (g) demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or

character whatsoever.  The Debtors reservation of rights with respect to the Causes of Action remains applicable, regardless of whether such Causes of Action are known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other applicable theory of law.  Neither the Global Notes nor the Schedules and Statements constitute a waiver of any Claim or Cause of Action or, in any way, prejudice or impair the assertion of any Claim or Cause of Action.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule B2**.  Amounts listed in Schedule B2 reflect actual amounts in the respective accounts as of November 13, 2014 and may vary from the amounts contained in the Debtors' books and records.

**Schedule B9**.  The Debtors have attempted to list all insurance policies in which they are the direct signatory or a beneficiary on an affiliate policy.  It could be that certain insurance policies executed by non-filing affiliates may be omitted from the list.

**Schedule B16**.  The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted against any "doubtful accounts."  For purposes of Schedule B16, "doubtful accounts" are those accounts for which the Debtors believe they are unlikely to receive payment based upon the time such accounts have been outstanding.

**Schedule B21**.  In the ordinary course of their business, the Debtors may have accrued, or may subsequently accrue, certain rights with respect to counter-claims, setoffs, supplier refunds and potential warranty claims against their suppliers.  Additionally, the Debtors may be parties to existing or future litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant.  Because such claims are unknown or not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedule B30**. The value of the inventory is based upon the book value as of the Petition Date. However, since that time the debtors have conducted an auction of much of the inventory which resulted in a sale price of approximately $11,013,080.00.  Therefore, the book value should not be relied upon as an accurate reflection of the true value for the inventory.

**Schedule E**.  The listing of any Claim on Schedule E does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors have omitted from Schedule E any wage and/or benefit-related obligations for which the Debtors have been granted authority to pay by the Bankruptcy Court.  The Debtors believe that all such claims as described in the applicable order of the Bankruptcy Court will be satisfied in the ordinary course of business during these Chapter 11 Cases pursuant to the authority granted by the Bankruptcy Court.  The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time.  Certain Claims listed on the Debtors' Schedule E are Claims owing to various taxing authorities to which the Debtors may potentially be liable.  Certain of such Claims, however, may be subject to ongoing audits and the

Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining Claims listed on Schedule E. Accordingly, the Debtors have listed all such Claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

**Schedule F**. The Debtors have used their reasonable best efforts to report all general unsecured Claims on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods or the providing of services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to the Claims listed on Schedule F. Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include the Claims of any vendors that would not appear on the Debtors' open accounts payable, including vendors with an account that has an accrual or a receipt not invoiced. Each of these Claims is listed as contingent, unliquidated or disputed on Schedule F. In addition, certain Claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The Claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date each Claim was incurred or arose, determining the date that each Claim listed in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive. As such, Schedule F may not include the date that each Claim arose or was incurred for every Claim listed thereon.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts, and diligent efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained through the use of reasonable efforts. The listing of a contract, agreement or lease on Schedule G does not constitute an admission that such contract, agreement or lease is an executory contract or unexpired lease or that such contract, agreement or lease was effective as of the Petition Date, or is valid or enforceable. The Debtors reserve all of their rights with respect to the contracts, agreements or leases listed in Schedule G, including, without limitation, the Debtors' rights to dispute the validity, status, or enforceability of any contracts, agreements or leases and to amend or supplement Schedule G as necessary.

Certain of the contracts, agreements and leases listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain of the contracts, agreements and leases listed on Schedule G may consist of several parts, including, without limitation, purchase orders, amendments, restatements, waivers, letters and other documents, each of which may not be listed on Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract, agreement or lease, or multiple, severable or separate contracts, agreements or leases.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements.  These additional documents may not be listed on Schedule G despite the Debtors' use of reasonable efforts to identify such documents.

The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, indemnity agreements and confidentiality agreements.  Such documents may not be set forth on Schedule G.

Any executory agreements that have not been reduced to writing, if any, are not included on Schedule G.

The omission of any contract, agreement or lease from Schedule G does not constitute an admission by the Debtors that such omitted contract, agreement or lease is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts, agreements or leases are not impaired by the omission.

In addition, nothing herein is an admission or waiver of the Debtors' rights to argue that certain contracts or leases constitute a single executory contract or unexpired lease or that a single document may constitute one or more executory contracts or unexpired leases.

The Debtors reserve the right to dispute the effectiveness of any such contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract, agreement or lease.

**Schedule H**.  The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, debt instruments and other such agreements.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties.  Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on

Schedule H.  Litigation matters can be found on the Debtors' Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 3b**.  The information provided lists payments made by a Debtor on behalf of itself or on behalf of another Debtor in accordance with routine business practices.  There may be other payments made on behalf of a debtor which, pursuant to the cash management structure of the global operations, including non-filing affiliates, were made out of non-debtor bank accounts.  These transactions are not disclosed on Statement 3b.  For additional information refer to the description contained in the Debtors' cash management motion (Docket #5). The response to question 3b includes any disbursement or other transfer made by the Debtor except for those made to (a) insiders or other Debtors (which payments appear in response to Statement question 3c);  (b) non-insider employees;  and (c) bankruptcy professionals (which payments appear in response to Statement question 9).

**Statement 3c**.  Statement 3c accounts for the Debtors' transactions between themselves, with non-debtor affiliates and other transfers to insiders, as applicable.  As described in the Cash Management Motion, in the ordinary course of business certain of the Debtors and certain of the Debtors' non-debtor affiliates maintain business relationships with each other, resulting in intercompany receivables and payables (the "Intercompany Claims").  Any intercompany transactions between the Debtors or between Debtors and their non-debtor affiliates are captured by the difference between the opening balance and ending balance of Intercompany Claims in the year before the commencement of the chapter 11 cases.  These differences reflect all intercompany activity during the period, including, but not limited to, new Intercompany Claims incurred, payments made to settle outstanding Intercompany Claims due and the contribution or other non-cash settlement of Intercompany Claims.

**Statement 4a**.  Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum.  In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that remain unsatisfied, the Debtors still may have identified such matter on Schedule F.  Additionally, any information contained in Statement 4a is not a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 17**.  The company is unaware of any disclosures regarding environmental issues.  However, it may be that the Debtors were notified in the past of potential exposure.  If the company discovers any material information regarding environmental disclosures, it will amend its statements, as appropriate.

**Statement 19d**.  The Debtors have provided consolidated financial statements in the ordinary course of their business to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors'

knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**<u>Statement 23</u>**.  The Debtors included a comprehensive response to Statement 23 in Statement 3c.

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court

### District Of Connecticut, Bridgeport Division

In re  O.W. Bunker Holding North America Inc.           ,          Case No. 14-51720 (AHWS)
                  Debtor

                                                              Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $              0.00 | | |
| B - Personal Property | Yes | 5 | $          200.00 + Undetermined Amounts | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $              0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $              0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $              0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $        N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $        N/A |
| TOTAL | | 12 | $          200.00 +Undetermined Amounts | $              0.00 | |

B6A (Official Form 6A) (12/07)

In re __O.W. Bunker Holding North America Inc._____,                    Case No.__14-51720 (AHWS)_____
                    **Debtor**                                                                                              **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

**B6B (Official Form 6B) (12/07)**

In re  O.W. Bunker Holding North America Inc.          ,                    Case No.  14-51720 (AHWS)
                        **Debtor**                                                                (If known)

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | | JP Morgan Chase - 270 Park Avenue, New York, NY 10017, Account Number XXXXX5852 | | $200.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached rider. | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re **O.W. Bunker Holding North America Inc.**            ,            Case No. **14-51720 (AHWS)**
　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See attached rider. | | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re   O.W. Bunker Holding North America Inc.           ,                    Case No.  14-51720 (AHWS)
                    Debtor                                                              (If known)

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____2_____ continuation sheets attached      Total ▶

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

$ 200.00
+ Undetermined Amounts

**In re: O.W. Bunker Holding North America Inc.**                    **Case No. 14-51720 (AHWS)**

### SCHEDULE B - PERSONAL PROPERTY
#### Rider B.9 - Interests in Insurance Policies

| Insurance Company | Type of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| AIG Europe Limited | Directors & Officers Liability | 50.0.01.124-17 | Undetermined |
| Zurich American Insurance Company | General Liability | GLO 9835808-01 | Undetermined |
| | | **Total** | **Undetermined** |

**In re: O.W. Bunker Holding North America Inc.**                    **Case No. 14-51720 (AHWS)**

### SCHEDULE B - PERSONAL PROPERTY
### Rider B.13 - Stocks and Interests in Incorporated Businesses

| Name of Business | Ownership Interest | Net Book Value |
|---|---|---|
| O.W. Bunker North America Inc. | 100% | Undetermined |
| O.W. Bunker USA Inc. | 100% | Undetermined |
| | **Total** | **Undetermined** |

B6D (Official Form 6D) (12/07)

In re __O.W. Bunker Holding North America Inc.__,    Case No. 14-51720 (AHWS)
                        Debtor                                              (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☒  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| __0__ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ 0.00 | $0.00 |
| | | | Total ▶ (Use only on last page) | | | | $ 0.00 | $0.00 |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (04/13)

In re    O.W. Bunker Holding North America Inc.         ,                    Case No.  14-51720 (AHWS)
_____                         _____
                        **Debtor**                                                              **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]    **Domestic Support Obligations**

  Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]    **Extensions of credit in an involuntary case**

  Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]    **Wages, salaries, and commissions**

  Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]    **Contributions to employee benefit plans**

  Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/13) – Cont.**

In re  <u>O.W. Bunker Holding North America Inc.</u>   ,                         Case No. <u>14-51720 (AHWS)</u>
                              **Debtor**                                                                                   **(if known)**

☐   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


* Amounts are subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**



<u>  0  </u>  continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   O.W. Bunker Holding North America Inc.    ,                    Case No. 14-51720 (AHWS)
                        Debtor                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

[x]   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

_0_ continuation sheets attached

Subtotal ▶   $ 0.00

Total ▶   $ 0.00

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re   O.W. Bunker Holding North America Inc.          ,          Case No.   14-51720 (AHWS)
                        Debtor                                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| AIG Europe Limited<br>Osvald Helmuths Vej 4<br>2000 Frederiksberg DENMARK | Insurance Agreement 50.0.01.124-17 |
| Zurich American Insurance Company<br>Customer Inquiry Center<br>1400 American Lane<br>Schaumburg, IL 60196-1056 | Insurance Agreement GLO 9835808-01 |
| | |
| | |
| | |
| | |

**B6H (Official Form 6H) (12/07)**

In re   **O.W. Bunker Holding North America Inc.**                                              **,**     Case No.   **14-51720 (AHWS)**
                                 **Debtor**                                                                                          **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

| x |  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In Re : O.W. Bunker Holding North America Inc.                                                    14-51720 (AHWS)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                                                        Debtor

Date _____          Signature: _____
                                                                (Joint Debtor, if any)

[If joint case, both spouses must sign.]

..................................................................................................................................................

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                            Social Security No.
of Bankruptcy Petition Preparer                                         ( Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____          _____
Signature of Bankruptcy Petition Preparer                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
..................................................................................................................................................

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the <u>Vice President - Formerly General Manager</u> [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the <u>Corporation</u> [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date____12/19/2014_____          Signature : /s/ Adrian Tolson _____

                                                              Adrian Tolson _____
                                                              [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

..................................................................................................................................................

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*