**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : | Case No. 14-51720 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**DEBTORS MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, 330, AND 363(b) AND BANKRUPTCY RULE 6004 FOR AUTHORIZATION TO (I) EMPLOY PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS TO PRESERVE AND PROSECUTE THE DEBTORS' MARITIME LIEN RIGHTS AND (II) PAY COSTS AND FEES ASSOCIATED WITH PROSECUTING MARITIME LIEN RIGHTS *NUNC PRO TUNC* TO DECEMBER 23, 2014**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 327, 328, 330 and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary course to preserve and prosecute the Debtors' maritime lien rights and to pay the costs and fees necessary to prosecute the Debtors' maritime lien rights.  In support of this Motion, the Debtors respectfully state as follows:

---

[1]   The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and

1334.  This is a core proceeding under 28 U.S.C. §157(b).  Venue of these cases and this Motion

in this district is proper under 28 U.S.C. §§1408 and 1409.  The statutory predicates for the relief

requested herein are Bankruptcy Code sections 327, 328, 330 and 363(b) and Bankruptcy Rule

6004.

## BACKGROUND

2.      On November 13, 2014 (the "Petition Date"), each of the Debtors commenced a

voluntary case in this Court (the "Chapter 11 Cases") under chapter 11 of title 11 of the United

States Code.  The Debtors are authorized to continue to operate their business and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

3.      On November 19, 2014, this Court ordered that the Debtors cases be jointly

administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and D. Conn.

LBR 1015-1.

4.      The factual background regarding the Debtors, including their business

operations, their capital and debt structures, and the events leading to the filing of the Chapter 11

Cases, is set forth in detail in the *Declaration of Adrian Tolson, General Manager of O.W.*

*Bunker North America Inc., in Support of Chapter 11 Petitions and First Day Pleadings*, filed

with the Court (the "Tolson Declaration") [D.I. 15].

5.      On November 26, 2014, the United States Trustee appointed the Official

Committee of Unsecured Creditors of O.W. Bunker Holding North America Inc., *et al.* (the

"Committee").  No trustee or examiner been appointed in the Debtors' Chapter 11 Cases.

-2-

## RETENTION OF PROFESSIONALS

6.       The Debtors request that, pursuant to sections 105(a), 327, and 330 of the

Bankruptcy Code, the Court authorize the Debtors to employ and retain, *nunc pro tunc* to

December 23, 2014, professionals the Debtors intend to use in the ordinary course of business

(the "Ordinary Course Professionals") to preserve and protect the Debtors' maritime lien rights

without the submission of separate employment applications and the issuance of separate

retention orders for each professional firm.  Further, the Debtors request that, pursuant to

sections 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors be permitted to

pay the necessary costs and fees associated with preserving and prosecuting the Debtors

maritime lien rights.

## THE PROPOSED PROCEDURES

7.       The Debtors desire to employ the Ordinary Course Professionals to render a

variety of professional services to these estates in order to preserve the Debtors maritime related

liens and claims for necessaries and prosecute the maritime arrest proceedings in order to enforce

the Debtors rights.  The Debtors submit that the proposed employment of the Ordinary Course

Professionals and the payment of monthly compensation on the basis set forth below are in the

best interests of their estates, creditors, and all parties in interest.  The relief requested will save

these estates the substantial expenses associated with separate employment and fee applications

for each of the professional firms.

8.       The Debtors propose that, within thirty (30) days of the later of (i) the entry of an

order granting this Motion and (ii) the date on which the Ordinary Course Professional

commences services for the Debtors, each Ordinary Course Professional shall provide to the

Debtors' attorneys: (a) a declaration (the "Ordinary Course Professional Declaration"),

substantially in the form annexed as <u>Exhibit 1</u> to the Proposed Order, certifying that the professional does not represent or hold any interest materially adverse to the Debtors or their estates with respect to the matter in which the professional is to be employed; and (b) a completed retention questionnaire (the "<u>Retention Questionnaire</u>"), substantially in the form annexed as <u>Exhibit 2</u> to the Proposed Order.

9.      The Debtors shall subsequently file the Ordinary Course Professional Declaration and Retention Questionnaire with the Court and serve a copy thereof upon: (i) the Office of the U.S. Trustee for the District of Connecticut (the "<u>U.S. Trustee</u>"), and (ii) attorneys for the Official Committee of Unsecured Creditors established in these Chapter 11 Cases (the "<u>Creditors' Committee</u>") (together with the Debtors, the "<u>Reviewing Parties</u>").  The Reviewing Parties shall have fifteen (10) days following service (the "<u>Objection Deadline</u>") to notify the Debtors, the other Reviewing Party, and the relevant Ordinary Course Professional, in writing, of any objection to the retention of such Ordinary Course Professional based on the contents of the Ordinary Course Professional Declaration or Retention Questionnaire.  If, after the Objection Deadline, no objection is filed, the retention, employment, and compensation of such Ordinary Course Professional shall be deemed approved, without further order from the Court, *nunc pro tunc* to December 23, 2014 or the date the Ordinary Course Professional is retained, as applicable. If an objection is filed and such objection cannot be resolved within twenty-one (10) days, the matter shall be set for a hearing before the Court.

10.      The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court by such professional, one hundred percent (100%) of postpetition fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the

-4-

services rendered and disbursements actually incurred; provided, however, that, if any amount

owed for an Ordinary Course Professional's postpetition fees and disbursements  exceeds a total

of $15,000 per month (exclusive of the actual costs necessary to arrest a vessel as determined by

the particular United States District Court ordering such arrest), then the full amount of payments

to such professional for such month shall be subject to the prior approval of the Court as set forth

below.  In addition, the Debtors propose to cap payments to each Ordinary Course Professional

at $50,000 for the entire period in which these chapter 11 cases are pending, subject to further

order of the Court.  In the event that an Ordinary Course Professional seeks more than $15,000

per month, that professional will be required to file a fee application for the full amount of its

fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy

Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court

for the District of Connecticut, the Fee Guidelines promulgated by the U.S. Trustee, and any

applicable orders of the Court.  The Debtors reserve the right to seek to amend the monthly

compensation limitation set forth in this paragraph upon notice and hearing.  In the event that an

Ordinary Course Professional seeks more than $50,000 for the entire period in which these

chapter 11 cases are pending, such Ordinary Course Professional shall be required to file a

retention application to be retained as a professional pursuant to section 327 of the Bankruptcy

Code.

    11.    Every ninety (90) days (commencing ninety (90) days from the date of entry of

this Order), the Debtors shall file a statement with the Court, and serve the same on the

Reviewing Parties, which statement shall include the following information for each Ordinary

Course Professional: (a) the name of such Ordinary Course Professional, (b) for each month

during the relevant period, the amounts paid as compensation for services rendered and as

reimbursement of expenses incurred by such Ordinary Course Professional (exclusive of the

actual costs necessary to arrest a vessel as determined by the particular United States District

Court ordering such arrest), and (c) the aggregate amount paid to date to such Ordinary Course

Professional as compensation for services rendered and as reimbursement of expenses incurred.

12.      The Debtors reserve the right to retain Ordinary Course Professionals from time

to time during these chapter 11 cases, as the need arises.  The Debtors will regularly file a list of

Ordinary Course Professionals from time to time as necessary.  In such event, the Debtors

propose to file a notice with the Court listing the Ordinary Course Professionals, and to attach to

such notice the Ordinary Course Professional Declarations and the Retention Questionnaires for

each Ordinary Course Professional (or if a supplemental notice, the Ordinary Course

Professional Declarations and the Retention Questionnaires for each additional Ordinary Course

Professional.  These notices will be served on the Reviewing Parties.  The Debtors further

propose that the procedures and deadlines for Reviewing Parties to object to the retention,

employment, or compensation of any additional Ordinary Course Professionals be the same as

set forth above.

## BASIS FOR RELIEF

**I.      THE COURT SHOULD AUTHORIZE EMPLOYMENT OF ORDINARY
COURSE PROFESSIONALS NECESSARY TO PRESERVE THE DEBTORS
MARITIME LIEN RIGHTS**

13.      Section 327(a) of the Bankruptcy Code provides that:

> Except as otherwise provided in this section, the trustee, with the
> court's approval, may employ one or more attorneys, accountants,
> appraisers, auctioneers, or other professional persons, that do not hold
> or represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the trustee in carrying out the trustee's
> duties under this title.

11 U.S.C. § 327(a).

3812732v1

14.     Section 327(e) of the Bankruptcy Code further provides that "with the court's

approval" a debtor may employ,

> for a specified special purpose, other than to represent the trustee in
> conducting the case, an attorney that has represented the debtor, if in
> the best interest of the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the estate with respect to
> the matter on which such attorney is to be employed.

Id. at § 327(e).

15.     Section 330(a) of the Bankruptcy Code provides, in pertinent part,

> (1)     [a]fter notice to the parties in interest and the United States
> Trustee and a hearing, and subject to sections 326, 328, and
> 329, the court may award to a . . . professional person
> employed under section 327 or 1103—
>
>> (A)     reasonable compensation for actual, necessary services
>> rendered by the . . . professional person, or attorney and
>> by any paraprofessional person employed by any such
>> person; and
>>
>> (B)     reimbursement for actual, necessary expenses.

Id. at § 330.

16.     18. Section 105(a) of the Bankruptcy Code provides,

> The court may issue any order, process, or judgment that is necessary
> or appropriate to carry out the provisions of this title. No provision of
> this title providing for the raising of an issue by a party in interest shall
> be construed to preclude the court from, *sua sponte*, taking any action
> or making any determination necessary or appropriate to enforce or
> implement court orders or rules, or to prevent an abuse of process.

Id. at § 105(a).

17.     The Debtors submit that, in light of the additional costs associated with the

preparation of employment applications for professionals who will receive relatively small

amounts of fees in comparison to the size of these chapter 11 cases, it is impractical and

economically inefficient for the Debtors to submit individual applications and proposed retention

-7-

orders for each Ordinary Course Professional as required by Bankruptcy Rules 2014 and 2016.

In addition, the Debtors do   not believe that the Ordinary Course Professionals are

"professionals, " as that term is used in Section 327 of the Bankruptcy Code, whose retention

must be approved by the Court.[2] Accordingly, the Debtors request that the Court dispense with

the requirement of individual employment applications and retention orders with respect to each

Ordinary Course Professional.

18.      Retention and payment procedures similar to the procedures proposed herein have

been approved and utilized in many chapter 11 cases.  *See, e.g., In re The Great Atl. & Pac. Tea

Co.*, Ch. 11 Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Jan. 13, 2011) (Docket No. 506); In re

Movie Gallery, Inc., Ch. 11 Case No. 10-30696 (DOT) (Bankr. E.D.Va. Feb. 8, 2010) (Docket

No. 119); *In re Gemcraft Homes, Inc., et al.*, Case No. 09-31696 (NVA) (Bankr. D. Md. Dec. 1,

2009); *In re Charys Holding Co. Inc.*, Case No. 08-10289 (BLS) (Bankr. D. Del. Mar. 10, 2008)

(Docket No. 76); *In re Sharper Image Corp.*, Case No. 08-10322 (KG) (Bankr. D. Del. Apr. 2,

2008) (Docket No. 355); *In re Worldcom, Inc.*, Case No. 02-13533 (Bankr. S.D.N.Y. Sept. 4,

2002) (Gonzales, J.) (Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy

---

[2] *See, e.g., Elstead v. Nolden (In re That's Entertainment Mktg. Group, Inc.*, 168 B.R. 226 230 (N.D. Cal. 1994)
(holding that only the retention of professionals whose duties are central to the administration of the estate require
prior court approval under section 327); *In re First American Health Care of Georgia. Inc.*, 208 B.R. 996 (Bankr.
S.D. Ga. 1996) (holding that an accountant who is retained solely to testify as an expert witness in collateral
litigation "does not assume a central role in the administration of the bankruptcy" and thus may be retained without
court approval); *In re Madison Management Group. Inc.*, 137 B.R. 275 , 283 (Bankr. N.D. Ill. 1992) (same); *In re
Sieling Assocs. Ltd. Partnership*, 128 B.R. 721 , 723 (Bankr. E.D. Va. 1991) (same); *In re Riker Indus.. Inc.*, 122 B.
964 974 (Bankr. N.D. Ohio 1990) (holding that there was no need for section 327 approval of the fees of a
management and consulting firm that performed only "routine administrative functions " and whose "services were
not central to (the) bankruptcy case); *In re D'Lites of America. Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) ("a
'professional person' is one who takes a central role in the administration of the bankruptcy estate and in the
bankruptcy proceedings, as opposed to one who provides services to the debtors that are necessary whether the
petition was filed or not"); *In re Pacific Forest Indus. Inc.*, 95 B.R. 740, 743 (Bankr. C.D. Cal. 1989) (holding that
only those professionals involved in the actual reorganization effort, rather than debtors ' ongoing business , require
approval under section 327); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (same); *In re Johns-
Manville Co.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989).

3812732v1

Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of

Business) (approving similar procedures and establishing $100,000 monthly cap); *In re Enron*

*Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y Feb. 22, 2002).

## II.    THE PAYMENT OF FEES AND EXPENSES RELATED TO THE ENFORCEMENT OF THE DEBTORS MARITIME LIEN RIGHTS ARE PROPER EXERCISES OF THE DEBTORS' BUSINESS JUDGMENT UNDER SECTION 363(B) OF THE BANKRUPTCY CODE

19.    Section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor in

possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course

of business, property of the estate." 11 U.S.C. § 363(b). The decision to use assets outside the

ordinary course of business is entrusted to the sound business judgment of the debtor.  *See, e.g.,*

*In re Dana Corp.*, 358 B.R. 567, 581 n.20 (Bankr. S.D.N.Y. 2006) ("Under applicable case law,

in this and other circuits, courts should authorize business transactions outside the ordinary

course of business if the Debtors have exercised sound business judgment.") (citing *Comm. of*

*Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983)).

Indeed, the business judgment rule is "a presumption that in making a business decision the

directors of a corporation acted on an informed basis, in good faith and in the honest belief that

the action taken was in the best interests of the company." *Official Comm. of Sub. Bondholders*

*v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992)

(citations, quotation and internal quotation marks omitted).  "Courts are loath to interfere with

corporate decisions absent a showing of bad faith, self-interest, or gross negligence." *Id.*

(citations omitted).  Therefore, courts "uphold the board's decisions as long as they are

attributable to any rational business purpose."  *Id.* (citation omitted).  "Parties opposing the

proposed exercise of a debtor's business judgment have the burden of rebutting the presumption

of validity."  *Id.* (citation omitted); *see also Comm. of Asbestos-Related Litigants v. Johns-*

*Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to debtors' conduct").

20.     As a supplier of fuel bunkers or contract counterparty to a bunker supply contract, the Debtors have certain maritime lien rights against various non-debtor third parties.  In order to enforce these rights, the Debtors are required to arrest vessels by initiating an arrest proceeding before the United States District Court with *in rem* jurisdiction over the vessel being arrested.  In order to prosecute the arrest proceeding, the Debtors will be required to provide funds sufficient to cover fees and costs imposed by the United States Administrative Office of the Courts, the individual District Court issuing the arrest warrant, and the United States Marshals Service.  These fees are required in order to effectuate an arrest proceeding.  The Debtors believe that any recovery received from enforcing their maritime lien rights will be larger than the fees or costs imposed on the Debtors to file an arrest proceeding.

21.     Based on the foregoing, the Debtors submit that they have established a "sound business purpose" for paying the fees associated with preserving and prosecuting their maritime lien rights.

### **WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)**

22.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### **NOTICE**

23.     Notice of this Motion will be given to (a) the United States Trustee for the District of Connecticut; (b) counsel to the Committee; and (c) any other entity that has filed a notice of

-10-

appearance in these Chapter 11 Cases and requested electronic service.  The Debtors submit that,

under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully request the Court to enter an order,

substantially in the for attached hereto as Exhibit A, granting the relief requested in the Motion

and such other and further relief as may be just and proper.

Dated:  Hartford, Connecticut
        December 24, 2014

Respectfully submitted,

*Patrick M. Birney*
Michael R. Enright, Esq. (ct10286)
Patrick M. Birney, Esq. (ct19875)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103
Telephone: (860) 275-8290
Facsimile:  (860) 275-8299
menright@rc.com
pbirney@rc.com

- and -

Natalie D. Ramsey, Esq. (NY #5242730)
        (admitted *pro hac vice*)
Joseph O'Neil, Esq. (NY #2596435)
        (admitted *pro hac vice*)
Davis Lee Wright, Esq. (NY #4761300)
        (admitted *pro hac vice*)
MONTGOMERY, McCRACKEN, WALKER &
RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022 (215) 772-1500
Telephone: (212) 867-9500
Facsimile:  (212) 599-1759
nramsey@mmwr.com
jo'neil@mmwr.com
dwright@mmwr.com

*Proposed Counsel for the Debtors and Debtors in
Possession*

-11-

**EXHIBIT A**
**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc., *et al.*,[3] | : | Case No. 14-51720 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, 330, AND 363(b) AND
BANKRUPTCY RULE 6004 FOR AUTHORIZATION TO (I) EMPLOY
PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS TO PRESERVE AND
PROSECUTE THE DEBTORS' MARITIME LIEN RIGHTS AND
(II) PAY COSTS AND FEES ASSOCIATED WITH PROSECUTING
MARITIME LIEN RIGHTS *NUNC PRO TUNC* TO DECEMBER 23, 2014**

Upon the Motion, dated December 24, 2014 (the "Motion")[4] of O.W. Bunker Holding

North America Inc. and its affiliated debtors, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), for an order, pursuant to sections

105(a), 327, 328, 330, and 363(b) of chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"), requesting authorization to employ professionals utilized in the ordinary

course of business (the "Ordinary Course Professionals"), all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in

accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion and Hearing

(as defined below) to the Notice Parties; and it appearing that no other or further notice need be

---

[3]   The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

[4] All capitalized terms not defined herein shall have the meanings assigned to them in the Motion.

provided; and the Court having held a hearing to consider the requested relief (the "Hearing"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interest of the Debtors, their estates, creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED:

1.      The Motion is granted as provided herein.

2.      Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ, *nunc pro tunc* to the December 23, 2014, the Debtors are entitled to retain Ordinary Course Professionals to preserve and prosecute their maritime lien rights, in the ordinary course of their businesses, in accordance with the procedures set forth herein.

3.      Each Ordinary Course Professional shall provide the Debtors' attorneys within thirty (30) days of the later of (i) the entry of this Order and (ii) the date on which the Ordinary Course Professional commences services for the Debtors: (a) a declaration (the "Ordinary Course Professional Declaration"), substantially in the form annexed hereto as Exhibit 1, certifying that such Ordinary Course Professional does not represent or hold any interest materially adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed hereto as Exhibit 2.

4.      The Debtors' attorneys shall file the Ordinary Course Professional Declarations and Retention Questionnaires with the Court and serve a copy thereof upon the Reviewing

Parties (as defined below) within thirty (30) days of the later of (i) the entry of this Order and (ii) the commencement of any work by such Ordinary Course Professional.

5.      The Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file a notice with the Court listing such additional Ordinary Course Professionals and attaching thereto the relevant Ordinary Course Professional Declarations and Retention Questionnaires (collectively, the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental Notice of Ordinary Course Professionals on the (i) U.S. Trustee and (ii) attorneys for the Creditors' Committee (together with the Debtors, the "Reviewing Parties").

6.      The Reviewing Parties shall have ten (10) days after receipt of the Ordinary Course Professional Declaration and the Retention Questionnaire to object to the retention, employment or compensation of the Ordinary Course Professional based on the contents of the respective Ordinary Course Professional Declaration or Retention Questionnaire (the "Objection Deadline").

7.      If no objections are filed by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to section 327 of the Bankruptcy Code without the need for a hearing and without further order from the Court, *nunc pro tunc* to December 23, 2014 or as of the date the Ordinary Course Professional is retained with respect to additional Ordinary Course Professionals; provided, however, that if an objection is filed and any such objection cannot be resolved within ten (10) days, the matter shall be set for a hearing before the Court.

8.      The Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner for

-3-

the full amount billed by each such Ordinary Course Professional upon receipt of reasonably

detailed invoices indicating the nature of the services rendered and calculated in accordance with

such professional's standard billing practices (without prejudice to the Debtors' right to dispute

any such invoices); provided, however, that the payments do not exceed $15,000 per month per

Ordinary Course Professional (exclusive of costs imposed by a United States District Court for

prosecution of the Debtors' maritime lien rights).

      9.     Payment to any one Ordinary Course Professional shall not exceed $50,000 for

the entire period in which these chapter 11 cases are pending, subject to further order of the

Court.

      10.    In the event payment to any Ordinary Course Professional exceeds $50,000 for

the entire period in which these chapter 11 cases are pending, such Ordinary Course Professional

shall be required to file a retention application with the Court to be retained as a professional

pursuant to section 327 of the Bankruptcy Code.

      11.    In the event that an Ordinary Course Professional seeks more than $15,000 in a

given month, that professional will be required to file a fee application with respect to such

month for the full amount of its fees and expenses in accordance with sections 330 and 331 of

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any and all orders of the Court, the

fee guidelines established by the U.S. Trustee, and such other procedures as may be fixed by

order of this Court.

      12.    Every ninety (90) days (commencing ninety (90) days from the date of entry of

this Order), the Debtors shall file a statement with the Court, and serve the same on the

Reviewing Parties, which statement shall include the following information for each Ordinary

Course Professional: (a) the name of such Ordinary Course Professional, (b) for each month

-4-

during the relevant period, the amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such Ordinary Course Professional, and (c) the aggregate amount paid to date to such Ordinary Course Professional as compensation for services rendered and as reimbursement of expenses incurred.

13.     The Debtors reserve the right to seek to amend the monthly compensation limitations set forth in this Order upon notice and hearing.

14.     Pursuant to Section 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors are authorized, but not directed, to pay those costs associated with prosecuting their maritime lien rights and related vessel arrest proceedings.

15.     This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

16.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

3812732v1

**<u>EXHIBIT 1</u>**

***Declaration***

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| O.W. Bunker Holding North America Inc., *et al.*,[5] | : | Case No. 14-51720 |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |

**DECLARATION**

STATE OF _____ )
                                                         ) ss:
COUNTY OF _____ )

_____, pursuant to 28 U.S.C. § 1746, hereby declares and states:

1.      I am a _____ [INSERT TITLE] of _____,

located at _____(the "Firm").

2.      O.W. Bunker Holding North America Inc. and its affiliated debtors, as debtors

and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide

services to the Debtors, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past and may perform services in

the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in

the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases,

proceedings, and transactions involving many different parties, some of whom may represent or

be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases.

The Firm does not perform services for any such person in connection with these chapter 11

---

[5]   The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be materially adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.      Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates.

6.      The Debtors owe the Firm $_____ for prepetition services.

7.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration if necessary.


I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information, and belief.

_____
Print Name: _____

-2-

3812732v1

**<u>EXHIBIT 2</u>**

***Questionnaire***

## <u>RETENTION QUESTIONNAIRE</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY O.W. BUNKER HOLDING
NORTH AMERICA INC., OR ANY OF ITS DEBTOR SUBSIDIARIES (collectively, the
"<u>Debtors</u>").

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT. RETURN IT FOR FILING BY
THE DEBTORS, TO</u>:

> Montgomery, McCracken, Walker & Rhoads, LLP
> 1105 N. Market Street, 15th Floor
> Wilmington, DE 19801
> Attn:   Natalie D. Ramsey, Esq.
>         Davis Lee Wright, Esq.

All questions must be answered. Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention: _____

3. Type of services to be provided (e.g., accounting, legal, financial):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

_____

5. Type of compensation (e.g., hourly, contingent) and average hourly rate, if applicable:

_____

_____

_____

6. Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

_____

_____

7. Prepetition claims against the Debtors held by the firm:

      Amount of claim: _____

      Date claim arose: _____

      Source of claim: _____

8. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

      Name: _____

      Status: _____

      Amount of claim: _____

      Date claim arose: _____

      Source of claim: _____

9. Disclose the nature and provide a brief description of any interest materially adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed: _____

_____

_____

_____

10. Name of the individual completing this form: _____

_____

3812732v1