UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| O.W. BUNKER HOLDING NORTH AMERICA, INC. *et al* | : | Case No. 14-51720 |
| | : | |
| Debtors. | : | January 13, 2015 |
| | : | |
| | : | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328
AND 1103 AND BANKRUPTCY RULE 2014(a) APPROVING THE
EMPLOYMENT AND RETENTION OF GAVIN/SOLMONESE LLC *NUNC PRO
TUNC* TO DECEMBER 9, 2014, AS FINANCIAL ADVISOR TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors of the estates of O.W. Bunker Holding North America, Inc. *et al* (the "Committee") in these Chapter 11 cases hereby files this application (the "Application") for an Order, pursuant to Sections 328 and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, authorizing the employment and retention of Gavin/Solmonese LLC ("Gavin/Solmonese") as Financial Advisor to the Committee *nunc pro tunc* to December 9, 2014 (the "Retention Date"). In support of the Application, the Committee relies upon the *Declaration of Edward T. Gavin, CTP* (the "Gavin Declaration") attached hereto as Exhibit A and incorporated by reference, and respectfully represents as follows:

1

## BACKGROUND

1. O.W. Bunker Holding North America, Inc. *et al* (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on November 13, 2014. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors operate their businesses as Debtors-in-possession. No trustee or examiner has been appointed in these cases.

2. On November 26, 2014, the Office of the United States Trustee, pursuant to Section 1102 of the Bankruptcy Code, appointed the Committee.

3. By this Application, the Committee seeks to employ and retain Gavin/Solmonese as its financial advisor during these Chapter 11 cases effective as of December 9, 2014, the date the Committee selected Gavin/Solmonese as its financial advisor and Gavin/Solmonese began to work on behalf of the Committee.

## JURISDICTION

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 although a motion seeking to transfer has been filed but not heard as of the time of this writing. The statutory predicates for this Application are 11 U.S.C. §§ 328 and 1103.

## RELIEF REQUESTED

5. The Committee desires to retain and employ Gavin/Solmonese as its financial advisor in these Chapter 11 cases. By this Application, the Committee requests that the Court enter an order authorizing the Committee to retain and employ Gavin/Solmonese, *nunc pro tunc* to the Retention Date. Accordingly, the Committee re-

spectfully requests the entry of an order, pursuant to Sections 328 and 1103 of the Bankruptcy Code, authorizing the employment and retention of Gavin/Solmonese as its financial advisor to perform the advisory services that will be necessary during these Chapter 11 cases.

6. The Committee has selected Gavin/Solmonese based on Gavin/Solmonese's experience in providing financial advisory services in Chapter 11 cases and based on Gavin/Solmonese's familiarity with the Debtors' businesses.

7. The Committee has been advised that: (i) Gavin/Solmonese is one of the country's premier mid-market turnaround and crisis management firms and is well respected for its role as financial advisors; (ii) Gavin/Solmonese has extensive experience working with financially troubled entities in complex financial reorganizations – both in Chapter 11 cases and in out-of-court restructuring situations and; (iii) in particular, Gavin/Solmonese and its employees have served, or are serving, as financial advisors to numerous official committees and debtors-in-possession in bankruptcy proceedings.

**FINANCIAL ADVISORY SERVICES TO BE PROVIDED**

8. The Committee seeks the employment of Gavin/Solmonese to assist it in evaluating the Debtors' businesses during these Chapter 11 cases. The Committee seeks to retain Gavin/Solmonese to provide financial advisory services including, but not limited to, the following:

a) Reviewing and analyzing the businesses, management, operations, properties, financial condition and prospects of the Debtors;

b) Reviewing and analyzing historical financial performance, and transactions between and among the Debtors, their creditors, affiliates and other entities;

c) Reviewing the assumptions underlying the business plans and cash flow projections for the assets involved in any potential asset sale or plan of reorganization;

d) Determining the reasonableness of the projected performance of the Debtors, both historically and future;

e) Monitoring, evaluating and reporting to the Committee with respect to the Debtors' near-term liquidity needs, material operational changes and related financial and operational issues;

f) Reviewing and analyzing all material contracts and/or agreements;

g) Assisting and procuring and assembling any necessary validations of asset values;

h) Providing ongoing assistance to the Committee and the Committee's legal counsel;

i) Evaluating the Debtors' capital structure and making recommendations to the Committee with respect to the Debtors' efforts to reorganize their business operations and/or confirm a restructuring or liquidating plan;

j) Assisting the Committee in preparing documentation required in connection with creating, supporting or opposing a plan and participating in negotiations on behalf of the Committee with the Debtors or any groups affected by a plan;

k) Assisting the Committee in marketing the Debtors' assets with the intent of maximizing the value received for any such assets from any such sale;

l) Providing ongoing analysis of the Debtors' financial condition, business plans, capital spending budgets, operating forecasts, management and the prospects for their future performance, and;

m)   Such other tasks as the Committee or its counsel may reasonably request in the course of exercise of the Committee's duties in these cases.

9.   To the best of the Committee's knowledge, information and belief, except as set forth in the Gavin Declaration and except as set forth herein, Gavin/Solmonese has no connection with, and holds no interest adverse to, the Debtors, their estates, their creditors, or any party in interest in these cases, nor to the best of the Committee's knowledge does Gavin/Solmonese hold any interest adverse to the interests of the Committee or Debtors' creditors, except as set forth in the Gavin Declaration.

10.  Subject to the approval of this Court, Gavin/Solmonese will charge the Committee for its advisory services on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the date the services are rendered, subject to periodic adjustments. The Committee has been advised by Gavin/Solmonese that the current hourly rates, which will be charged in respect of the primary members of the Gavin/Solmonese engagement team for the Committee, are as follows:

| | |
|---|---|
| Edward T. Gavin, CTP | $625.00 /hour |
| Wayne P. Weitz | $525.00 /hour |
| Stanley M. Mastil | $395.00/hour |

11.  From time to time, other Gavin/Solmonese professionals may be involved in these cases as needed. Hourly rates for these professionals range from $250.00 to $650.00 per hour. Reasonable non-working travel time will be charged at one-half of the applicable hourly rate unless actual work is performed during such travel time, in which case the full hourly rate will be charged. Gavin/Solmonese has agreed to apply a 15% across-the-board reduction to its regular hourly fees for this engagement.

## OUT OF POCKET EXPENSES INCURRED

13. In addition to hourly rates previously referred to and subject to the approval of this Court, Gavin/Solmonese will also request reimbursement from the Debtors' estates for its travel and other reasonable out-of-pocket expenses including, but not limited to, messenger, delivery, telephone, facsimile, photocopy and other similar charges, in connection with, or arising out of Gavin/Solmonese's activities under this engagement, including but not limited to its due diligence investigation and review. Gavin/Solmonese will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. All such charges for which Gavin/Solmonese seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by Order of the Court.

14. Based on the foregoing, the Committee believes that the employment of Gavin/Solmonese is necessary, appropriate and in the best interests of the estates, enabling the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

WHEREFORE, the Committee respectfully requests that this Court enter an Order, substantially in the form annexed hereto as Exhibit B, (i) authorizing employment and retention of Gavin/Solmonese *nunc pro tunc* to December 9, 2014 as financial advisor to the Committee, pursuant to sections 328 and 1103 of the Bankruptcy Code, as well as Rule 2014 of the Federal Rules of Bankruptcy Procedure, and (ii) for such other and further relief as the Court deems proper and just.

Respectfully submitted,

The Official Committee of Unsecured Creditors of O.W. Bunker Holding North America, Inc. *et al*

Dated: January 13, 2015

By: _____
Matthew Pakkala
Lunday-Thagard Company
Chair, Official Committee of Unsecured Creditors

85075.000002 EMF_US 53827521v2