## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| O.W. BUNKER HOLDING NORTH AMERICA, INC. *et al.*,[1] | ) Case No. 14-51720 (AHWS) ) ) Jointly Administered ) |
| Debtors. | ) ) |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION TO NUSTAR'S EMERGENCY MOTION TO EXTEND DISCOVERY DEADLINE AND/OR CONTINUE HEARING ON JOINT MOTION FOR TRANSFER OF VENUE

The Official Committee of Unsecured Creditors (the "Committee") of O.W. Bunker Holding North America Inc., O.W. Bunker North America Inc., and O.W. Bunker USA Inc., debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby submits this Limited Objection to the *Emergency Motion to Extend Discovery Deadline and/or Continue Hearing on Joint Motion for Transfer of Venue of Cases to United States Bankruptcy Court for the Southern District of New York Pursuant to 28 U.S.C. § 1412 and Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure* (the "Second Motion to Continue") filed by NuStar Energy Services, Inc. and NuStar Supply & Trading LLC (together "NuStar") on January 30, 2015 [DE 363].[2] In support thereof, the Committee respectfully states as follows:

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474); O.W. Bunker North America Inc. (7158); O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[2] All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Venue Motion.

1. By the Second Motion to Continue, NuStar seeks a second continuance of the hearing on the *Joint Motion for Transfer of Venue of Cases to United States Bankruptcy Court for the Southern District of New York Pursuant to 28 U.S.C. § 1412 and Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure* (the "Venue Motion") filed by the Committee and the Debtors on December 24, 2014 [DE 229]. A hearing on the Venue Motion was originally scheduled for January 7, 2015; upon NuStar's motion, the hearing was continued until February 18, 2015. NuStar also seeks an extension of the Court's February 6, 2015 deadline to complete discovery on the Venue Motion. NuStar requests a two-week extension of the discovery deadline and a two-week continuance of the hearing. Contemporaneously with and as support for the Second Motion to Continue, NuStar filed two discovery motions and a motion seeking an expedited hearing on February 3, 2015.[3]

2. Although the Committee does not believe there is any valid basis to extend discovery or continue the February 18 hearing on the Venue Motion, it has no objection to extending the discovery deadline through and including February 17. It is standard procedure in contested chapter 11 matters for discovery to be conducted right up to the time for hearing, and the Committee is not troubled by NuStar's desire for more discovery time (whether there is a basis for it or not), provided it is not being used as a pretext for an unnecessary and unwarranted continuance of the February 18 hearing.

3. The asserted basis for further discovery is set forth in two discovery motions and a motion seeking an expedited hearing on those motions for February 3, 2015. NuStar argues in its discovery motions that the Debtors and the Committee have failed to comply with discovery

---

[3] The Committee disputes NuStar's allegations regarding discovery issues in the Second Motion to Continue and is filing objections to NuStar's discovery motions contemporaneously with the filing of this Limited Objection. The Committee consents to a hearing on the discovery motions on February 3.

2

requests because they have not produced as much as NuStar thought they would. That NuStar may have had its self-serving expectations disappointed is not a valid ground to compel further discovery. The Committee has fully and completely responded to NuStar's discovery requests, reasonably cooperated with NuStar on deposition scheduling, and otherwise satisfied their obligations under the Federal Rules of Civil Procedure.

4.  Although the Committee is amenable to an extension of the discovery deadline notwithstanding the lack of any basis for additional discovery, the Committee strongly objects to any additional continuance of the hearing on the Venue Motion. As mentioned above, it is very common for expedited bankruptcy matters to involve discovery immediately before a hearing, and the Committee, the Debtors, and NuStar are all represented by skilled bankruptcy counsel with experience preparing for expedited evidentiary hearings held shortly after completion of discovery.[4] If NuStar has until the eve of the hearing to conduct discovery, then its only barely colorable argument for continuance must fail.

5.  Another continuance of the hearing on the Venue Motion will result in prejudice to the Committee, the Debtors, and all parties with interests in the vessel arrest and interpleader actions relating to the Debtors. Since the filing of the Venue Motion on December 24, 2014, six new interpleader or arrest proceedings have been filed in various jurisdictions in the United States, involving a total of $15,268,198.79 in proposed and/or posted security. More are expected. Every new arrest action brings further uncertainty and costs for the Debtors and other

---

[4] The Committee notes that the discovery actually produced to date supports the Committee's original contention that there are few if any genuine issues of material fact regarding the Venue Motion, and the evidentiary hearing on the Venue Motion will be based largely on the record of the Chapter 11 Cases and other proceedings. As anticipated, many of the documents produced consist of public filings and records. For example, the 478 pages produced by NuStar include 186 pages of the Debtors' filed schedules and statements of financial affairs, 57 pages of correspondence and drafts relating to the Court's pretrial order for the hearing on the Venue Motion, 21 pages of documents from PACER, four pages of a public lien search relating to the Debtors, and three pages of an exhibit filed with this Court on December 23, 2014.

parties in interest. There are more fronts for the Debtors, creditors and customers to fight on. More estate resources are expended.

6. Importantly, because NuStar is opposed to the consolidation of maritime and bankruptcy jurisdiction in New York, a further continuance of the February 18 venue hearing, which would continue the chaos of divided jurisdiction and litigation in multiple courts, will further NuStar's litigation interests. In the circumstances, this Court should apply a heightened scrutiny to NuStar's claims that it requires a continuance of the venue hearing in order to conduct and assess further discovery. The Venue Motion is intended to mitigate this chaos. Virtually every party other than NuStar has agreed that it would be more efficient to have fewer forums in which to litigate. NuStar has conceded that it opposes the Venue Motion because transfer might bolster the New York District Court's jurisdiction over the Interpleader Actions, which many parties (including the Committee and the Debtors) hope might resolve the jurisdictional morass. *See* NuStar's Objection to the Venue Motion at 2. NuStar is opposed to having the maritime and bankruptcy jurisdiction combined a single court because, as Judge Caproni put it, the current jurisdictional chaos may enable them "to increase the leverage against the vessels to get themselves paid rather than waiting on the bankruptcy." *See* Transcript of December 18, 2014 hearing of the New York District Court, attached hereto as **Exhibit A**, at page 64, lines 20-22. These parties – like creditors unencumbered by the automatic stay – benefit by hitting harder, faster and further afield than the Debtors can hope to match with their limited resources.

7. At one point in the hearing on December 18, Judge Caproni asked counsel for NuStar why it did not believe that the security posted for its claims in the Interpleader Actions in the New York District Court was equivalent to the security provided in arrest actions under

Supplemental Admiralty Rule E(5). *See* Exh. A, p. 44, lines 14 to 22. Counsel for NuStar replied:

> It [Supplemental Admiralty Rule E(5)] allows a party who owns the vessel to deposit either cash or bond into the Court that's seized with *in rem* jurisdiction over the vessel. So they could have gone into the Texas Court and could have posted that security in Texas. But this is an important distinction. **It's not an interpleader. It's security for our claim. It means that it runs in our favor only and we have that priority interest in those funds and there's no other party, unless they have a superior lien interest in those funds there's no other party who can come in and claim that they should be entitled to some portion of those funds because they also have a claim.** That's the important thing that we're losing here.

*See id.* at p. 45, lines 1-12 (emphasis added). NuStar's ultimate goal is to remain free to file scattered arrest actions and avoid coordinated interpleader, maritime, and bankruptcy proceedings, where the security posted secures not only NuStar's claims but those of others who assert a colorable interest (including the Debtors, whose maritime claims constitute the bulk of the property of their bankruptcy estates). Allowing this situation to continue harms the Debtors because they are forced to litigate with NuStar in numerous jurisdictions and to file their own scattered proceedings – burning up limited estate resources. Continuing to delay resolution of the Venue Motion would compound this harm, forcing the Debtors to spend more time and resources litigating over meaningless jurisdictional issues and filing more of their own competing arrest proceedings to keep up with NuStar.

8. For the reasons stated above, the Committee respectfully requests that the Court enter an order denying the Second Motion to Continue to the extent it seeks a continuance of the February 18, 2015 hearing, granting the Second Motion to Continue to the extent it seeks an extension of the discovery deadline until February 17, 2015 or earlier, and granting such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: February 3, 2015 | **HUNTON & WILLIAMS LLP**<br><br>By: */s/ Peter S. Partee, Sr.*<br>Peter S. Partee, Sr. (ct29690)<br>Michael P. Richman<br>(admitted *pro hac vice*)<br>Andrew Kamensky (ct29691)<br>200 Park Avenue<br>New York, NY 10166-0136<br>Telephone: (212) 309-1000<br>Facsimile: (212) 309-1847<br>ppartee@hunton.com<br>mrichman@hunton.com<br>akamensky@hunton.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of O.W. Bunker Holding North America Inc., et al.* |

85075.000002 EMF_US 54163818v5