**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 14-51720 (AHWS) |
| O.W. BUNKER HOLDING NORTH | ) |
| AMERICA INC. *et al.*,[1] | ) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) February 2, 2015 |
|  | ) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
MOTION TO COMPEL COMMITTEE DISCOVERY RESPONSES FILED BY NUSTAR
ENERGY SERVICES, INC. AND NUSTAR SUPPLY & TRADING LLC**

The Official Committee of Unsecured Creditors (the "Committee") of O.W. Bunker

Holding North America Inc. and its affiliated debtors and debtors-in-possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), by and through its undersigned counsel,

hereby objects (the "Objection") to the *Motion to Compel Debtors' and the Committee's*

*Respective Discovery Requests* [D.E. 365] (the "Motion to Compel") filed by NuStar Energy

Services, Inc. and NuStar Supply & Trading LLC (collectively, "NuStar"), to the extent the

Motion to Compel to seeks relief against the Committee.  In support of this Objection, the

Committee respectfully represents as follows:

## I.   RELEVANT BACKGROUND

1.    The Motion to Compel and this Objection arise from the Debtors' and the

Committee's joint motion to transfer venue to the Southern District of New York [D.E. 229] (the

"Venue Transfer Motion").

---

[1]  The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding
North America Inc. (7474); O.W. Bunker North America Inc. (7158); O.W. Bunker USA Inc. (3556).  The Debtors'
address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

2.    The idea to pursue a venue change was first discussed during and after a December 18, 2014 hearing before Judge Valerie Caproni in the United States District Court for the Southern District of New York (the "NY District Court"), where customers of the Debtors had commenced numerous proceedings seeking interpleader relief under Fed. R. Civ. P. 22 (the "Interpleader Actions").

3.    After the hearing before Judge Caproni, the Debtors and the Committee determined that it was important to consolidate maritime and bankruptcy jurisdiction in one court, and that among the few options available, transfer of venue to the NY District Court was the preferable course for a variety of reasons, including the time and expense required to consolidate all Interpleader Actions and bankruptcy proceedings in a single court, as well as the benefits of economy and convenience for a number of parties in interest, including the Debtors and the Committee.

4.    The Debtors and the Committee, the two fiduciaries of the estates, filed the Venue Transfer Motion six days later on December 24, 2014.

5.    NuStar, a fuel supplier and alleged lien creditor, is the only party who opposed the Venue Transfer Motion.

6.    On January 14, 2015, this Court entered a scheduling order [D.E. 311] (the "Pre-Trial Order") for an evidentiary hearing on the Venue Transfer Motion.

7.    The Pre-Trial Order set a period for discovery closing on February 6, and set a trial date for February 18.

8.    NuStar has propounded multiple requests for production of documents, interrogatories and requests for admission upon the Debtors and the Committee (collectively, the

"Requests"), and has sought to take four depositions of identified witnesses, since entry of the Pre-Trial Order.

9.      Counsel for the Committee performed a diligent search through all of its documents upon receipt of the Requests.

10.      On January 23, 2015, the Committee timely served its objections and answers to the Requests (the "Committee Responses"), which included all non-privileged, responsive documents in its possession consisting of 112 pages of emails and attachments, along with a privilege log.

11.      The Debtors produced documents and served their responses on NuStar the same day.

12.      On January 28, 2015, NuStar delivered a letter to the Debtors and the Committee arguing that their respective productions were insufficient.

13.      In respect of the Committee Responses, NuStar's argument rests largely on its belief that the Committee should have produced a greater number of pages.

14.      The Committee responded the following day disputing NuStar's allegations and confirming that it has produced all non-privileged, responsive documents.

15.      NuStar responded on January 30 by filing the Motion to Compel, through which NuStar asserts the same arguments set forth in its January 28 letter.

16.      NuStar fails to explain what documents or categories of documents it believes the Committee is holding back.  There are none.

## II.    ARGUMENT

17.      NuStar sets forth three "issues" in its Motion to Compel.

**A.    The Committee's Limited Objections Are Well-Founded**

18.    NuStar contends that the Committee lodged a "myriad of unfounded and boilerplate objections."  First Requests, at ¶ 6.  The Committee's objections are typical of most objections lodged to discovery requests under Rule 26 of the Federal Rules of Civil Procedure, i.e. limited objections to the extent the Requests seek privileged or confidential information, information not reasonably calculated to lead to the discovery of admissible evidence, or impose an undue burden.  *See* Committee Response to First Requests, ¶¶ 1-9.  In fact, the Committee's objections reflect many of the same issues raised by NuStar in its objections to the Committee's and Debtors' discovery requests.  *See NuStar's Responses to Debtors' and the Official Committee's First Set of Joint Interrogatories, Requests for Production and Requests for Admission*, dated January 23, 2015, at pg. 4 (privilege, work product, undue burden objections), pg. 6 (privilege, confidentiality objections).

19.    NuStar even challenges the Committee's identification of documents publicly available on the Court docket in the Debtors' chapter 11 cases and the Interpleader Actions in response to NuStar's First Request for Production No. 4, and NuStar's Second Request for Production Nos. 1 through 4.  There is no valid discovery objection to a party's reliance on publicly-available documents; nor is there any reason to compel a party to produce documents that the requesting party can easily obtain from the same public sources (mostly the Court's docket).

20.    The Debtors and the Committee identified publicly-available information as the primary basis for transfer of venue in the Venue Transfer Motion at the January 7 hearing before this Court, and again in the Committee Responses to NuStar's Interrogatories.  In its Response to First Interrogatory No. 3, the Committee identified the Debtors' schedules [D.E. 281] and the

4

CM/ECF data generally accessible in the Interpleader Actions and the Debtors' chapter 11 cases as evidence that many parties in interest and their professionals are located in New York. In the Venue Transfer Motion, the Committee specifically identified the forum selection clause disclosed in the Interpleader Actions, and cited the location of the Interpleader Actions in New York generally as a basis for venue transfer. *See* Venue Transfer Motion, at ¶¶ 24, 25. The Committee also provided a list of the Interpleader Actions. *See* Venue Transfer Motion, Ex. A.

**B.      The Committee Produced All Non-Privileged, Responsive Documents**

21.      NuStar's second contention, that the Committee made less than a full production of documents, is unsupported and is just wrong. Committee counsel performed a diligent review of all documents in its possession, including all emails in its possession, and produced all non-privileged, responsive documents, or identified such documents when publicly accessible.

22.      NuStar reasons that the Committee must be holding back responsive documents because its production consists of only 112 pages. When one considers that there were no Committee communications regarding a transfer of venue motion prior to the December 18 hearing before Judge Caproni, and that there were onlythree weeks (including long holiday weekends) between that hearing and NuStar's first Requests served on January 9, the fact that there were 112 responsive and non-privileged pages to produce is not surprising. NuStar notes that no communications with the Debtors' non-attorney witnesses are found in the Committee's production. *See* Motion to Compel, at ¶ 12. There were no such written communications. NuStar's belief that there *should have been* such documents is as unsound a basis for a motion to compel as its belief that there should have been more documents generally.

23.      NuStar further argues that the Committee's production does not include correspondence between professionals and financial advisors. Responsive communications with

the Committee's financial advisor are subject to privilege.  *See Exp.-Imp. Bank of the United States v. Asia Pulp & Paper Co., Ltd.,* 232 F.R.D. 103, 113 (S.D.N.Y. 2005).

24.    In sum, the Committee produced all non-privileged documents responsive to the Requests, and NuStar fails to identify the categories of non-privileged documents it believes are missing.

**C.    The Committee Unequivocally Denied NuStar's Request for Admission**

25.    Finally, the Committee unequivocally denied NuStar's Request for admission that the Debtors could not have originally filed their bankruptcy cases in the NY District Court.  The Committee did object to the request on relevance grounds, but, subject to the objection, stated its denial, and went on to provide information relating to the propriety of venue in New York. NuStar alleged in its January 28 letter that the Committee's objection was unjustified and its answer insufficient.  NuStar now appears to have withdrawn that argument in its Motion to Compel, which addresses only the Debtors' response to the Request for Admission.

WHEREFORE, the Committee respectfully requests that the Court (a) deny the Motion to Compel, and (b) grant to the Committee such other and further relief as the Court may deem just or proper.

Dated: February 2, 2015

**HUNTON & WILLIAMS LLP**

By: */s/ Peter S. Partee, Sr.*
Peter S. Partee, Sr. (ct29690)
Michael P. Richman
(admitted *pro hac vice*)
Andrew Kamensky (ct29691)
200 Park Avenue
New York, NY 10166-0136
Telephone: (212) 309-1000
Facsimile: (212) 309-1100
ppartee@hunton.com
mrichman@hunton.com
akamensky@hunton.com

*Counsel for The Official Committee of Unsecured Creditors of O.W. Bunker Holding North America Inc., et al.*