IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| **O.W. BUNKER HOLDING NORTH** : | |
| **AMERICA, INC., et al.,**[1] : | Case No. 14-51720 (AHWS) |
| : | |
| **Debtors.** : | Jointly Administered |

**RESPONSE TO DEBTORS' AND THE COMMITTEE'S RESPECTIVE OBJECTIONS TO NUSTAR'S MOTION TO COMPEL DEBTORS' AND THE COMMITTEE'S RESPECTIVE DISCOVERY RESPONSES**

NUSTAR ENERGY SERVICES, INC. AND NUSTAR SUPPLY & TRADING LLC (hereinafter, "**NuStar**") file this their response to Debtors' and the Committee's Respective Objections (the "**Objections**") to NuStar's Motion to Compel Debtors' and the Committee's Respective Discovery Responses (the "**Motion to Compel**"), and would show the Court as follows:

**I.
BACKGROUND**

1. NuStar has sought to make only reasonable demands on Debtors and the Committee, and urges the Court to require Debtors and the Committee to comply with NuStar's tailored discovery.

2. Debtors' and the Committee's respective Objections to NuStar's Motion to Compel are not well-founded and largely reiterate the untenable positions Debtors and the Committee have taken in these proceedings, including, but not limited to: (1) a unilateral limitation of the relevant discovery period to a mere six days, despite the indisputable relevance

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474); O.W. Bunker North America Inc. (7158); O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

of events before and after said time period; (2) the mischaracterizations of NuStar's meet and confer procedure; and (3) the mischaracterization of NuStar's meritorious complaints as that of "disappointment" over the volume of the respective productions. As set forth more fully herein, Debtors and the Committee's objections are untenable and must be overruled.

## II.
## ARGUMENT AND AUTHORITIES

A. **Debtors and the Committee Inappropriately Seek to Limit Discovery in these Proceedings to a Six-Day Period.**

3. Debtors and the Committee inappropriately seek to limit discovery in these proceedings to a six-day period between: (1) their first discussion of the issue in open court; and (2) the filing of their Motion to Transfer Venue. Debtors and the Committee incorrectly reason that these six days are the only days at issue, since: (1) "the idea to pursue a venue change was first discussed during and after a December 18, 2014 hearing before Judge Valerie Caproni in the United States District Court for the Southern District of New York"; (2) Debtors and the Committee determined that "it was important to consolidate maritime and bankruptcy jurisdiction in one court" following that hearing; and (3) they filed their Motion to Transfer Venue, to that effect, six days later. *See* Committee Objection at ¶¶ 2-4; Debtors' Objection at ¶ 3 (lodging a substantially similar argument).

4. These bookends are inappropriate and arbitrary, and do not comprise the entirety of the relevant time period at issue. The date on which Debtors and the Committee first discussed these issues in open Court is no trigger at all. The filing of the Motion to Transfer Venue is merely the culmination of Debtors' and the Committee's decision to seek to transfer venue; it is certainly not the conclusion of all relevant discussions and communications.

5. The relevant time period at issue is November 7, 2014 and going forward (only about three months), and is specifically defined in the discovery NuStar propounded. NuStar

based this relevant time period on reasonable benchmarks as follows: Debtors' parent company filed for bankruptcy protection on November 7, 2014 in Denmark and Debtors filed the above-captioned cases shortly thereafter on November 13, 2014. Each made a decision as to **where such actions should be filed** on or before that time. Corresponding documents and communications related to the same, many of which likely concern the convenience and propriety of the chosen venues, or other potential venues, are directly relevant to these proceedings and the standards at issue. Debtors and the Committee would have this Court believe that all such discussions, and those since then, are somehow irrelevant. In sum, the relevant time period is indisputably longer than the mere six days Debtors and the Committee suggest and NuStar is entitled to responsive productions for the entire relevant time period.

B. **Debtors' and the Committee's Respective Representations as to the Completeness of their Respective Productions Presuppose that the Relevant Time Period is Six Days.**

6. Debtors and the Committee make a number of representations regarding the completeness and extent of their respective searches for responsive documents, as well as the production themselves; however, it appears that Debtors and the Committee are only defending their respective productions and responses insofar as they view the relevant time period to be the six days between their hearing where they discussed the matter and the date their Motion to Transfer Venue was filed. Accordingly, Debtors' and the Committee's respective representations are each colored by this limited and inappropriate scope. As a result, they are no assurances at all that the Debtors and the Committee have made full disclosure.

C. **NuStar Engaged in a Meet and Confer Process.**

7. Debtors make the untruthful allegation that NuStar "failed to engage in **any** 'meet and confer' process" regarding these discovery issues. Debtors' Objection at ¶ 4 (emphasis

added). NuStar attached to its Motion to Compel the meticulous correspondence it sent to Counsel for Debtors and the Committee, which detailed NuStar's discovery concerns.

8. It is difficult to understand what, if any, meet and confer process Debtors would find satisfactory or productive at this stage. NuStar did not file its Motion until it had received and reviewed Debtors' and the Committee's respective responses to NuStar's letters, each of which stood by their respective productions and objections in their entirety and made clear that neither Debtors nor the Committee had or were willing to produce additional documents. Such circumstances are specifically cited as a satisfactory conferral process in the very case Debtors reference as supportive of their meet and confer argument. *See Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (distinguishing *Barcosh, Ltd. v. Dumas*, No. 08–92–JVP–SCR, 2008 WL 4286506, at *2 (M.D.La. Sept. 18, 2008))(where plaintiff had demonstrated that defendants were unwilling to produce discovery responses and where it was plain that the discovery dispute could not be resolved, letter exchange was sufficient conferral).

9. NuStar attached the aforementioned letters to its Motion to Compel, incorporated them by reference as if fully set forth therein, and specifically described the parties' conferral process. NuStar includes a Certificate of Conference at the conclusion of this Response confirming its efforts.

D. **NuStar Asserted Detailed Complaints by way of the Motion to Compel.**

10. Contrary to Debtors' assertions, NuStar does not base its Motion to Compel on any so-called "disappointment" at the size of Debtors' or the Committee's respective productions. NuStar's complaints are specific and are enumerated in its Motion to Compel. Debtors' very limited productions are merely a byproduct of Debtors' discovery deficiencies; that is, the result of the issues detailed by way of NuStar's legitimate discovery complaints. Debtors' attempt to characterize NuStar's worthy Motion to Compel as mere "disappointment"

over the size of the productions fails to account for the substance of NuStar's complaints, particularly Debtors' decision to narrow its production to a six-day period, as addressed above.

E. **Despite NuStar's Specific Request, Debtors Continue to Refuse to Produce the Items they Plan to Use at Trial.**

11. Debtors reason that they are not bound to produce documents in response to NuStar's requests for production concerning exhibits to be used at any hearing on the Motion to Transfer Venue because this may lead to "a day-of-hearing argument that the Debtors [will not be] permitted to use an exhibit disclosed pursuant to the [Court's] Pretrial Order" if it was not included in Debtors' production to NuStar. *See* Debtors' Objection at ¶ 8. This argument has nothing to do with the substantive propriety of NuStar's requests. Debtors must produce responsive documents. If Debtors do not produce responsive documents, they should not be able to use those documents at the hearing. NuStar's entitlement to said documents does not depend upon hypothetical objections which have yet to be made, and which are premised upon an assumption of Debtors' non-compliance with discovery. While Debtors feign concerns over "efficient litigation," Debtors' Objection at ¶ 8, the production of said documents is extremely efficient. Yet, Debtors and the Committee continue to resist NuStar's legitimate discovery requests, withhold indisputably relevant items from NuStar, and engage in this Motion practice under the guise of efficiency.

12. Debtors' and the Committee's additional Objections are addressed in NuStar's Motion to Compel.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, NuStar respectfully requests that the Court order Debtors and the Committee to immediately drop the aforementioned unfounded objections

and compel the Committee and Debtors to make full, responsive productions immediately and grant such other and further relief as is just and proper.

DATED:  February 4, 2015.

                              NUSTAR ENERGY SERVICES, INC. AND
                              NUSTAR SUPPLY & TRADING LLC

By: */s/*
    Eric Henzy
    Federal Bar No. ct12849
    One Financial Plaza, 21st Floor
    Hartford, CT  06103
    Telephone:  (860) 240-1081
    Telecopier:  (860) 240-1002
    ehenzy@rrlawpc.com
    Their Attorneys

OF COUNSEL:

Michael M. Parker
Texas State Bar 00788163 (admitted *pro hac vice*)
Steve A. Peirce
Texas State Bar 15731200 (admitted *pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Telephone:  (210) 224-5575
Facsimile:  (210) 270-7205
michael.parker@nortonrosefulbright.com
steve.peirce@nortonrosefulbright.com

*Attorneys for NuStar Energy Services, Inc. and NuStar Supply & Trading LLC*

# CERTIFICATE OF CONFERENCE

Counsel for NuStar Michael M. Parker certifies that, prior to the filing of NuStar's Motion to Compel Debtors' and the Committee's Respective Discovery Responses ("**Motion to Compel**"), the parties engaged in a meet and confer process evidenced by Exhibits 7 through 9, as attached to and incorporated in the Motion to Compel.

Upon receipt of Exhibits 8 and 9, as referenced, it was clear to counsel for NuStar that Debtors and the Committee stood by their respective objections and were refusing to produce additional documents.

NuStar incorporates this Certificate into its Motion to Compel for all purposes and in all respects.

/s/Michael Parker_____
Michael M. Parker