**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re | Chapter 11 |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | Case No. 14-51720 |
| Debtors. | Jointly Administered<br>**Re: Doc. No. 199** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

On the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for an order establishing procedures for the interim compensation and reimbursement of professionals during the Debtors' Chapter 11 cases; and the Court having jurisdiction over this core proceeding under 28 U.S.C. §§ 157 and 1334; and venue of these cases and this matter in this District being proper under 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided due and proper notice of this Motion; and no further notice being required; and the Debtors having shown that the size and complexity of their cases warrant the establishment of interim payment procedures; and their establishment being in the best interests of the Debtors' estates and creditors; and sufficient cause appearing therefore; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth in this Order.

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[2] Capitalized terms not defined herein have the meanings ascribed to those terms in the Motion.

3804393v4

2. Except as otherwise ordered by this Court, each professional retained under section 327 or 1103 of the Bankruptcy Code may seek interim compensation and reimbursement in accordance with these procedures (the "Compensation Procedures"):

(a) On or after the 21st day of each month following the month for which compensation and reimbursement is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with this Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application") and serve a copy of the Monthly Fee Application upon the following parties (the "Notice Parties"): (i) counsel for the Debtors, Montgomery, McCracken, Walker & Rhoads, LLP, 123 South Broad Street, Philadelphia, Pennsylvania 19109, Attn: Natalie D. Ramsey and Davis Lee Wright; (ii) local counsel to the Debtors, Robinson & Cole, LLP, 280 Trumbull Street, Hartford, Connecticut 06103, Attn: Michael R. Enright and Patrick M. Birney; (iii) the United States Trustee for the District of Connecticut, 150 Court Street, Room 302, New Haven, Connecticut 06510, Attn: Holley Claiborn; and (iv) counsel to the Committee, Hunton & Williams LLP, 200 Park Avenue, New York, New York 10166, Attn: Peter S. Partee, Sr. and Michael P. Richman. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and this Court's orders. If a Professional does not file a Monthly Fee Application for a month or months, then the Professional may submit a consolidated Monthly Fee Application that includes a request with respect to that month or those months. The first Monthly Fee Application submitted by each Professional will cover the period from the Petition Date (or later date of commencement of services) through and including December 31, 2014.

(b) Each Notice Party will have twenty (20) days after the service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection ("CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fee and 100% of the

3804393v4

            expenses requested in the Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") or (ii) 80% of the fee and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c)      If any Notice Party objects to a Professional's Monthly Fee Application, it must on or before the expiration of the Objection Deadline, file with this Court and serve such Professional and each other Notice Party a written objection (an "<u>Objection</u>"), so as to be received on or before the Objection Deadline. Any such Objection will identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with this Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "<u>Incremental Amount</u>"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time this Court will consider and rule on the Objection if requested by the parties.

(d)      With respect to the first full three-month (including any prior partial month) period after the Petition Date, and each subsequent three-month period, each Professional will file with the Court and serve on the Notice Parties an application (an "<u>Interim Fee Application</u>") for interim allowance of compensation and reimbursement sought in the Monthly Fee Applications filed during each such full three-month period (the "<u>Interim Fee Period</u>") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include all information requested by the Court or required by the Local Rules. Each Interim Fee Application must be filed with the Court and served on the Notice Parties. Each Professional shall serve notice of the hearing on its Interim Fee Application on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. Each Professional must file its Interim Fee Application within thirty (30) days after the end of the applicable Interim Fee Period. Each Professional must file its first Interim Fee Application on or before March 31, 2015, and the first Interim Fee Application will cover the Interim Fee Period from the Petition Date through and including February 28, 2015. Objections, if any, to the Interim Fee Applications will be filed and served upon the affected Professional and the Notice Parties, so as

-3-

        to be received on or before the twentieth (20th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(e)     The Debtors will request that this Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other interval that this Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors will be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f)     The pendency of an Objection to payment of compensation of reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

(g)     Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expense under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or this Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by this Court.

(h)     Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due will be ineligible to receive monthly or interim payments of fees and expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application is filed and served by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(i)     Professionals will file final applications for compensation and reimbursement (the "Final Fee Applications") on or before the deadline set in a confirmed Chapter 11 plan or an order of the Court. The Final Fee Applications must comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and this Court's orders.

3. Each member of the Official Committee of Unsecured Creditors is permitted to submit statements of expenses (excluding the fees and expenses of third-party counsel to individual committee members) and supporting vouchers to the committee's counsel, which counsel may collect and submit the committee members' requests for reimbursement in separately enumerated sections of either an Interim Fee Application or the Final Fee Application, and in accordance with the Compensation Procedures. Approval of these Compensation Procedures does not authorize payment of such expenses to the extent that such authorization does not exist or payment is not otherwise authorized under the Bankruptcy Code, the law of this jurisdiction, the Bankruptcy Rules, the Local Rules, or the practices of this Court.

4. All attorneys who have been or are hereafter retained under sections 327 or 1103 of the Bankruptcy Code, except those that the Debtors retained in the ordinary course of business, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules, the Local Rules, and the Court's orders.

5. All fees and expenses paid to Professionals under the Compensation Procedures are subject to full disgorgement until final allowance by the Court.

6. The Professionals shall only be required to serve Monthly Fee Applications, Interim Fee Applications, and Final Fee Applications on the Notice Parties. All other parties that have filed a notice of appearance shall be entitled to receive only Hearing Notices on the Interim Fee Applications and Final Fee Applications.

7. The Debtors shall include in their monthly operating reports all payments to Professionals.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Court retains jurisdiction over any matter arising from or related to this Order, including its interpretation, construction, implementation, and enforcement.

Dated: Bridgeport, Connecticut
       February 5, 2015

By the court

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge

3804393v4