**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| O.W. Bunker Holding North America, Inc., *et al.*,[1] | : Case No. 14-51720 |
| Debtors. | : (Jointly Administered) |
| | : **Objection Deadline: 2/25/15** |

**FIRST AND SECOND MONTHLY FEE APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP, AS COUNSEL
TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR THE PERIOD
FROM NOVEMBER 13, 2014 THROUGH DECEMBER 31, 2014**

Name of Applicant:                   Montgomery, McCracken, Walker & Rhoads, LLP

Authorized to Provide                Debtors and Debtors-in-Possession
Professional Services to:

Date of Retention:                   Effective November 13, 2014

Period for which compensation
and reimbursement is sought:         November 13, 2014 through December 31, 2014

Amount of Compensation sought
as actual, reasonable and necessary: $626,264.50
Amount of Expense Reimbursement sought
as actual, reasonable and necessary: $11,436.55

This is a     X  monthly    __ interim    __ final application.

    80% OF FEES FOR PERIOD 11/13/14 – 12/31/14: $501,011.60
    100% OF DISBURSEMENTS:                      $11,436.55
    TOTAL DUE:                                  $512,448.15

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

**COMPENSATION SUMMARY BY PROFESSIONAL**
**MMWR PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Year that Applicant Joined MMWR, First Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **PARTNERS AND OF COUNSEL** | | | | |
| Natalie D. Ramsey | Partner; Joined Firm in 1985; First admitted to PA Bar in 1984 | $675.00 | 143.00 | $ 96,525.00 |
| Natalie D. Ramsey | Non-Working Travel | $337.50 | 23.40 | $ 7,897.50 |
| Lee D. Unterman | Partner; Joined Firm in 2012; First admitted to NY Bar in 1976 | $625.00 | 3.00 | $ 1,875.00 |
| Alfred J. Kuffler | Partner; Joined Firm in 1999; First admitted to PA Bar in 1967 | $540.00 | 3.90 | $ 2,106.00 |
| Jonathan R. Flora | Partner; Joined Firm in 2014; First admitted to CA Bar in 1989 | $530.00 | 1.90 | $ 1,007.00 |
| Richard Placey | Partner; Joined Firm in 1982; First admitted to PA Bar in 1982 | $525.00 | 231.10 | $ 120,172.00 |
| Richard Placey | Non-Working Travel | $260.00 | 23.00 | $ 5,980.00 |
| Mark B. Sheppard | Partner; Joined Firm in 2009; First admitted to PA Bar in 1987 | $510.00 | 17.80 | $ 9,078.00 |
| Vincent M. DeOrchis | Partner; Joined Firm in 2012; First admitted to NY Bar in 1974 | $460.00 | 0.20 | $ 92.00 |
| Daniel P. O'Meara | Partner; Joined Firm in 2002; First admitted to PA Bar in 1988 | $460.00 | 0.90 | $ 414.00 |
| Eugene J. O'Connor | Partner; Joined Firm in 2014; First admitted to NY Bar in 1976 | $425.00 | 8.80 | $ 3,740.00 |
| Timothy Semenoro | Partner; Joined Firm in 2014; First admitted to NJ Bar in 2001 | $325.00 | 1.30 | $ 422.50 |
| Mark A. Fink | Of Counsel; Joined Firm in 2012; First admitted to PA Bar in 1998 | $590.00 | 87.20 | $ 51,448.00 |
| Davis Lee Wright | Of Counsel; Joined Firm in 2011. First admitted to DE bar in 2002. | $535.00 | 261.10 | $ 139,688.50 |
| Davis Lee Wright | Non-Working Travel | $267.50 | 36.80 | $ 9,844.00 |
| Joseph O'Neill | Of Counsel; Joined Firm in 2007; First admitted to NJ Bar in1993 | $425.00 | 191.20 | $ 81,260.00 |
| Joseph O'Neill | Non-Working Travel | $212.50 | 2.00 | $ 425.00 |

| **TOTAL PARTNERS AND OF COUNSEL** | | | 1036.60 | $ 531,974.50 |
|---|---|---|---|---|
| **ASSOCIATES** | | | | |
| Laurie A. Krepto | Associate; Joined Firm in 2004; First admitted to PA Bar in 1995 | $440.00 | 24.20 | $ 10,648.00 |
| Katherine M. Fix | Associate; Joined Firm in 2012; First admitted to PA and NJ Bars in 2012 | $290.00 | 93.60 | $ 27,144.00 |
| Robert O'Connor | Associate; Joined Firm in 2014. First admitted to NY bar in 2011. | $250.00 | 197.00 | $ 49,250.00 |
| Robert O'Connor | Non-Working Travel | $125.00 | 3.50 | $ 437.50 |
| **TOTAL ASSOCIATES** | | | 318.30 | $ 87,479.50 |
| **PARALEGALS & ADDITIONAL PROFESSIONALS** | | | | |
| Martha L. Schwarz | Paralegal | $225.00 | 1.10 | $ 247.50 |
| Keith Mangan | Paralegal | $140.00 | 43.50 | $ 6,090.00 |
| Kathleen M. Coon | Librarian | $190.00 | 0.50 | $ 95.00 |
| Alisann M. Smeck | Librarian | $180.00 | 2.10 | $ 378.00 |
| **TOTAL PARALEGALS AND ADDITIONAL PROFESSIONALS** | | | 47.20 | $ 6,810.50 |
| **TOTAL ALL PROFESSIONALS** | | | 1,402.1 | $ 626,264.50 |
| **BLENDED HOURLY RATE** | | | | $ 446.66 |
| **AVERAGE HOURLY RATE** | | | | $ 381.70 |

### COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| (1) Asset Analysis and Recovery | 127.90 | $ 50,754.00 |
| (2) Asset Disposition | 278.90 | $ 137,313.50 |
| (3) Business Operations | 20.90 | $ 9,363.00 |
| (4) Case Administration | 266.00 | $ 121,221.50 |
| (5) Claims Administration and Objections | 204.00 | $ 88,432.50 |
| (6) Employee Benefits/Pensions | 11.10 | $ 5,418.00 |
| (7) Fee/Employment Applications | 49.60 | $ 26,125.00 |
| (10) Litigation | 99.50 | $ 49,772.50 |
| (11) Meetings of Creditors | 7.00 | $ 3,801.00 |
| (13) Relief from Stay Proceedings | 47.60 | $ 20,020.50 |

| | | |
|---|---|---|
| (17) Data Analysis | 11.80 | $ 3,329.50 |
| (20) Tax Issues | 3.20 | $ 970.00 |
| (22) Non-Working Travel | 88.70 | $ 24,584.00 |
| (23) Hearing Attendance | 56.50 | $ 32,792.50 |
| (24) Interpleader/Ship Arrests | 129.40 | $ 52,367.00 |
| **TOTAL:** | **1,402.10** | **$ 626,264.50** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Duplicating - Internal | | $ 161.30 |
| Postage | | $ 129.89 |
| Telephone | | $ 41.47 |
| Printing - Internal | | $ 1,288.10 |
| Good Standing Certificate | | $ 55.00 |
| Legal Search | | $ 381.50 |
| Travel - Lodging | | $ 140.04 |
| Travel - Meals, Etc | | $ 41.31 |
| Travel - Mileage | | $ 65.85 |
| Travel - Rail Fare | | $ 3,065.00 |
| Out of Town Travel | | $ 34.50 |
| Federal Express | | $ 2,388.46 |
| Parking & Tolls | | $ 108.32 |
| Telephone | | $ 305.47 |
| Westlaw On-Line Legal Research | | $ 2,650.16 |
| Pacer | | $ 553.90 |
| Federal Express | | $ 21.33 |
| Delivery Service | | $ 4.95 |
| **TOTAL:** | | **$ 11,436.55** |

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re | : Chapter 11 |
| O.W. Bunker Holding North America, Inc., *et al.*,[1] | : Case No. 14-51720 |
|  | : (Jointly Administered) |
| Debtors. | : |
|  | : **Objection Deadline: 2/25/15** |

**FIRST AND SECOND MONTHLY FEE APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP, AS COUNSEL
TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR THE PERIOD
FROM NOVEMBER 13, 2014 THROUGH DECEMBER 31, 2014**

Montgomery, McCracken, Walker & Rhoads, LLP ("Montgomery McCracken" or "Applicant"), counsel for the Debtors and Debtors-in-Possession (the "Debtors"), submits this application seeking allowance of interim compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") for the period from November 13, 2014 through and including December 31, 2014 (the "Application Period"), and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

## BACKGROUND

3. On November 13, 2014 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continue to operate as debtors-in- possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these Chapter 11 Cases [Doc. ID No. 52]. The Court has not appointed a trustee or an examiner.

4. The Office of the United States Trustee (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Committee") on November 26, 2014 [Doc. ID No. 89].

5. Pursuant to an order dated January 13, 2015, the Committee retained Hunton & Williams LLP as its counsel [D.I. 301].

## RETENTION OF MONTGOMERY McCRACKEN

6. On December 3, 2014, the Debtors applied to the Court for an order authorizing them to retain Montgomery McCracken as their bankruptcy counsel, effective as of the Petition Date, to provide the following professional services:

(a) advising the Debtors with respect to their powers and duties as debtors and debtors-in-possession in the continued management and operation of their businesses and properties;

(b) attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the cases, including all of the legal and administrative requirements of operating in chapter 11;

(c) taking all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on their behalf, the defense of actions commenced against their estates, negotiations concerning litigation in which the Debtors may be involved and objections to claims filed against the estates;

(d) preparing on behalf of the Debtors any necessary motions, applications, answers, orders, reports and other papers necessary to the administration of the estates;

 (e) advising the Debtors in connection with the sale of any assets;

 (f) appearing before this Court, any appellate courts, and the U.S. Trustee, and protecting the interests of the Debtors' estates before such courts and the U.S. Trustee; and

 (g) performing all other necessary legal services and providing all other necessary or appropriate legal advice to the Debtors in connection with the Chapter 11 Cases.

7. On January 13, 2015, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Montgomery McCracken as their counsel effective as of November 13, 2014 [D.I. 307]. A copy of the Retention Order is attached hereto as Exhibit A.

8. Pursuant to an Order dated January 13, 2015, the Court authorized the retention of Robinson & Cole LLP as local counsel for the Debtors [D.I. 306].

9. Pursuant to an Order dated January 13, 2015, the Court authorized the retention of Alvarez & Marsal North America, LLC as Restructuring Advisors to the Debtors [D.I. 308].

## **RELIEF REQUESTED**

10. By this Application, Montgomery McCracken requests approval and payment of monthly compensation and reimbursement of expenses in connection with its representation of the Debtors during the Application Period. The fee statement (the "Statement") attached hereto as Exhibit B includes detailed time and disbursement detail in support of the Application.

11. At this time, Montgomery McCracken is seeking compensation in the amount of $501,011.60, which amount equals eighty percent (80%) of the $626,264.50 in fees for professional services rendered by Montgomery McCracken during the Application Period as counsel to the Debtors in these Chapter 11 Cases. This amount is derived solely from the applicable hourly billing rates of the firm's personnel who rendered services to the Debtors.

12. Montgomery McCracken also requests reimbursement of $11,436.55, which amount equals one hundred percent (100%) of the actual and necessary out-of-pocket disbursements and charges incurred by Montgomery McCracken in connection with its representation of the Debtors during the Application Period.

13. This Application is made without prejudice to the firm's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Interim Compensation Order (as defined below).

14. Montgomery McCracken has received no promise of payment for professional services rendered or to be rendered in these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

## BASIS FOR RELIEF

15. On February 3, 2015, the Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 383] (the "Interim Compensation Order").

16. Under the terms of the Interim Compensation Order, a monthly fee application may be filed and served no earlier than the 21st day of the month following the month for which the fees are sought. Any objections to the monthly fee application must be served no later than twenty (20) days the monthly fee application is filed. If the parties are unable to resolve the objections within fifteen (15) days after service of the objection, the affected professional may either: (i) file a response to the objection with this Court, together with a request for payment of the difference between the fees actually requested and the fees objected to; or (ii) forego payment of the difference until the next interim or final fee application at which the time the Court will consider and rule on the objection. Pursuant to the Interim Compensation Order, if no

5

objection has been filed and no informal objection has been received, a certificate of no objection should be filed as soon as practicable after the period to object has passed.

17. Pursuant to the Interim Compensation Order, Montgomery McCracken is filing this monthly fee application (the "Application") for compensation for professional services rendered and reimbursement of disbursements made in these Chapter 11 Cases during the Application Period. Montgomery McCracken submits that such services were necessary and beneficial to the Debtors, their creditors and their estates.

### DESCRIPTION OF SERVICES RENDERED

18. Because of the volume of work associated with this representation, it is not practical to describe every phone call made, meeting attended, document generated or other service provided during the Application Period. Thus, this Application highlights the most significant services performed by Montgomery McCracken for the Debtors during the Application Period, and the Fee Statement attached hereto as Exhibit B provides the detail of each task performed.

**Asset Analysis and Recovery**

19. During the Application Period, Montgomery McCracken professionals generally analyzed the Debtors' physical and intangible assets. Applicant investigated sale of the Debtors as ongoing businesses. Significant time was expended researching and analyzing options for the disposition of oil owned by O.W. Bunker North America stored at Vopak Terminal Los Angeles ("Vopak") and stocks of marine fuel oil aboard various vessels. The Applicant also drafted a motion seeking to direct that customer payments be directed to a segregated Debtor account and reviewed and analyzed responses of various creditors to this motion. Applicant participated in multiple meetings with creditors, suppliers, and customers regarding bunker deliveries.

5

Applicant researched the priority of maritime liens and engaged in multiple meetings regarding vessel arrests. Applicant researched and drafted an adversary complaint against ING to avoid its lien and recover preferential payments.

**Asset Disposition**

20. During the Application Period, Applicant drafted a bidding procedures motion for the Vopak oil, analyzed qualified bids, participated in a robust auction, and negotiated the related sale order. Applicant also examined reclamation claims related to the Vopak oil sale. Applicant also prepared and filed a motion to sell de minimis assets and to reject leases.

**Business Operations**

21. During the Application Period, Applicant compiled and reviewed corporate documents, examined the Debtors' future business operations, and coordinated business bank account requirements with the U.S. Trustee. Applicant also prepared board resolutions relating to the Chapter 11 Cases.

**Case Administration**

22. During the Application Period, Applicant assisted in the preparation of the Debtors' schedules and statements, prepared creditor matrices and notice lists, prepared first day pleadings, and prepared various administrative motions. Applicant engaged in multiple conferences with the client, internal conferences and conferences with other professionals for the Debtors regarding case strategy, tasks, and priorities. Applicant also engaged in multiple communications with the United States Trustee, creditors and other interested parties, and committee counsel regarding the filing of the Chapter 11 Cases and related matters.

**Claims Administration and Objections**

23. During the Application Period, Applicant drafted a reclamation procedures motion, researched and analyzed various maritime lien issues and reclamation claims asserted by various creditors. Applicant engaged in multiple meetings and communications regarding reclamation claims, the threatening and commencement of vessel arrests, and interpleader actions. Applicant also analyzed a complaint filed by NuStar.

**Employee Benefits/Pensions**

24. During the Application Period, Applicant reviewed employment agreements, drafted termination letters, and analyzed staffing requirements for the Chapter 11 Cases and related compensation.

**Fee/Employment Applications**

25. During the Application Period, Applicant drafted its retention application and related supporting pleadings, analyzed and cleared potential conflicts, and reviewed and revised applications for the retention of other professionals by the Debtors. Applicant drafted a motion seeking authorization for interim compensation procedures and a motion to hire ordinary course professionals to prosecute the Debtors' maritime lien rights.

**Litigation**

26. During the Application Period, Applicant drafted the avoidance and preferential transfer complaint against ING. Applicant participated in multiple status conferences, hearings and meetings regarding the interpleader actions filed by the Debtors' customers in the Southern District of New York. Finally, Applicant prepared for and defended depositions of the Debtors' management requested by the Committee pursuant to agreement and Rule 2004 of the Federal Rules of Bankruptcy Procedure.

**Meeting of Creditors**

27.     During the Application Period, Applicant prepared for and attended the initial Section 341 meeting and the continued meeting of the creditors.

**Relief from Stay Proceedings**

28.     During the Application Period, Applicant reviewed and analyzed NuStar's lift stay motion and drafted and filed a motion for violations of the automatic stay against Harley Marine.

**Data Analysis**

29.     During the Application Period, Applicant reviewed Debtors' business and financial records and transactions.

**Tax issues**

30.     During the Application Period, Applicant drafted and filed a motion to pay certain taxes.

**Non-Working Travel**

31.     During the Application Period, Applicant traveled to and from the Bankruptcy Court and the Southern District of New York.  In addition, Applicant's professionals attended meetings in New York, and traveled to attend the auction in Stamford, Connecticut.  All time spent on non-working travel has been billed at half of the timekeeper's hourly rate.

**Hearing Attendance**

32.     During the Application Period, Applicant's professionals attended multiple hearings in Connecticut including hearings on the first day pleadings, sale procedures and TROs.

**Interpleader/Ship Arrests**

33. During the Application Period, Applicant participated in multiple meetings, conferences, and hearings before the District Court for the Southern District of New York regarding vessel arrests. Applicants also engaged in negotiations to resolve interpleader actions.

## ALLOWANCE OF COMPENSATION

34. <u>Compensation Sought</u>. Because of the nature of these cases, the amount of work done, the skill required, the standing at the bar of the attorneys who rendered services, and the contingent nature of the compensation, Montgomery McCracken requests that it be allowed at this time compensation for eighty percent (80%) of the value of the professional services rendered during the Application Period for a total of $501,011.60. Montgomery McCracken reserves the right to return to this Court seeking reimbursement for the remaining twenty percent (20%) of the value of professional services rendered during the Application Period, totaling $125,252.90 as well as seeking such amounts for work performed or expenses incurred during the Application Period but not yet reflected in the firm's time records (or seeking to amend the amounts listed herein to correct any bookkeeping errors). In the event that a subsequent review reveals that additional professional services have been rendered or expenses have been incurred on behalf of the Debtors during the Application Period which were not processed by the firm's accounting system before the time of this Application, Montgomery McCracken reserves the right to seek such additional fees and expenses by subsequent application to the Court.

35. <u>Reimbursement of Expenses</u>. Montgomery McCracken has disbursed, and requests reimbursement for $11,436.55, which represents actual, necessary expenses incurred in the rendition of professional services to the Debtors in these Chapter 11 Cases. Any requests for reimbursement by Montgomery McCracken for duplication charges are based on a rate of $.10

per page, any requests for reimbursement for outgoing facsimile transmissions are based on a rate of $1.00 per page, and any requests for reimbursement for computer-assisted legal research are equal to the actual cost incurred by Montgomery McCracken.

36. Other than between Montgomery McCracken and the firm's partners and employees, no agreement or understanding exists between Montgomery McCracken and any other person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these Chapter 11 Cases, nor will any be made except as permitted under section 504(b)(1) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, Montgomery McCracken respectfully requests (i) approval and payment of (a) monthly compensation for professional services rendered as attorneys for the Debtors in the sum of $501,011.60, and (b) actual and necessary expenses incurred in the sum of $11,436.55; and (ii) such other and further relief as is just and proper.

Dated: Bridgeport, Connecticut
February 5, 2015

Respectfully submitted,

*/s/ Michael R. Enright*
Michael R. Enright, Esq. (ct10286)
Patrick M. Birney, Esq. (ct19875)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8290
Facsimile: (860) 275-8299
menright@rc.com
pbirney@rc.com

- and -

5

>Natalie D. Ramsey, Esq. (NY #5242730)
>    (admitted *pro hac vice*)
>Joseph O'Neil, Esq. (NY #2596435)
>    (admitted *pro hac vice*)
>Davis Lee Wright, Esq. (NY #4761300)
>    (admitted *pro hac vice*)
>437 Madison Avenue, 29th Floor
>New York, NY 10022 (215) 772-1500
>Telephone: (212) 867-9500
>Facsimile:  (212) 599-1759
>nramsey@mmwr.com
>joneil@mmwr.com
>dwright@mmwr.com
>
>*Counsel for the Debtors and Debtors in Possession*

5

3835613v1