**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America, Inc., *et al.*,[1] | : | Case No. 14-51720 |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Objection Deadline: 3/5/15** |

**FIRST AND SECOND MONTHLY FEE APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ALVAREZ &
MARSAL NORTH AMERICA, LLC, AS RESTRUCTURING ADVISORS TO
THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR THE PERIOD
FROM NOVEMBER 13, 2014 THROUGH DECEMBER 31, 2014**

Name of Applicant:                                    Alvarez & Marsal North America, LLC

Authorized to Provide                                 Debtors and Debtors-in-Possession
Professional Services to:

Date of Retention:                                    Effective November 13, 2014

Period for which compensation
and reimbursement is sought:                          November 13, 2014 through December 31, 2014

Amount of Compensation sought
as actual, reasonable and necessary:    $309,932.50

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:    $1,267.86

This is a     X  monthly     __ interim     __ final application.

    80% OF FEES FOR PERIOD 11/13/14 – 12/31/14:     $247,946.00
    100% OF DISBURSEMENTS:                            $1,267.86
    TOTAL DUE:                                        $249,213.86

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

## COMPENSATION SUMMARY BY PROFESSIONAL
## ALVAREZ & MARSAL PROFESSIONALS

| Professional | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ray Dombrowski | Managing Director | $ 825.00 | 69.5 | $ 57,337.50 |
| Julie Hertzberg | Managing Director | $ 700.00 | 20.7 | $ 14,490.00 |
| Daniel Spragg | Managing Director | $ 650.00 | 9.4 | $ 6,110.00 |
| Scott Anchin | Director | $ 600.00 | 321.7 | $ 193,020.00 |
| Ryan Walsh | Associate | $ 425.00 | 5.0 | $ 2,125.00 |
| Kara Harmon | Consultant | $ 375.00 | 90.6 | $ 33,975.00 |
| Boris Strogach | Senior Associate | $ 250.00 | 11.5 | $ 2,875.00 |
| **Total, All Professionals** | | | **528.4** | **$ 309,932.50** |
| Blended Hourly Rate | | | | $ 586.55 |
| Average Hourly Rate | | | | $ 546.43 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours Billed | Total Compensation |
|---|---:|---:|
| Case Administration | 180.8 | $ 91,082.50 |
| Asset Disposition | 133.7 | $ 89,265.00 |
| Business Operations | 73.7 | $ 42,417.50 |
| Asset Analysis & Recovery | 51.1 | $ 33,000.00 |
| Accounting/Auditing | 35.6 | $ 20,537.50 |
| Meetings of Creditors | 20.5 | $ 13,380.00 |
| Claims Administration and Objections | 17.2 | $ 9,892.50 |
| Litigation | 6.1 | $ 4,245.00 |
| Non-Working Travel | 6.2 | $ 3,967.50 |
| Fee/Employment Applications | 3.5 | $ 2,145.00 |
| **Total** | **528.4** | **$ 309,932.50** |

## **EXPENSE SUMMARY**

| **Expense Category** | **Service Providers** | **Total Expenses** |
|---|---|---|
| Lodging | Various | $ 378.35 |
| Transportation | Various | $ 632.50 |
| Meals | Various | $ 149.62 |
| Miscellaneous | Various | $ 107.39 |
| **Total** | | **$ 1,267.86** |

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| O.W. Bunker Holding North America, Inc., *et al.*,[1] | : Case No. 14-51720 |
| Debtors. | : (Jointly Administered) |
| | : **Objection Deadline:  3/5/15** |

**FIRST AND SECOND MONTHLY FEE APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ALVAREZ &
MARSAL NORTH AMERICA, LLC, AS RESTRUCTURING ADVISORS TO
THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR THE PERIOD
FROM NOVEMBER 13, 2014 THROUGH DECEMBER 31, 2014**

Alvarez & Marsal North America, LLC ("Alvarez & Marsal" or "Applicant"), restructuring advisors for the Debtors and Debtors-in-Possession (the "Debtors"), submits this application seeking allowance of interim compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") for the period from November 13, 2014 through and including December 31, 2014 (the "Application Period"), and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

---

[1]  The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

## BACKGROUND

3. On November 13, 2014 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continue to operate as debtors-in- possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these Chapter 11 Cases [Doc. ID No. 52]. The Court has not appointed a trustee or an examiner.

4. The Office of the United States Trustee (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Committee") on November 26, 2014 [Doc. ID No. 89].

5. Pursuant to an order dated January 13, 2015, the Committee retained Hunton & Williams LLP as its counsel [D.I. 301].

## RETENTION OF ALVAREZ & MARSAL

6. On December 3, 2014, the Debtors applied to the Court for an order authorizing them to retain Alvarez & Marsal as their restructuring advisors, effective as of the Petition Date, to provide the following professional services:

(a) assistance with the preparation and reporting requirements including, but not limited to, schedules and statements, monthly operating reports, claims reconciliation and assumption and rejection analyses;

(b) assistance in evaluation of the Company's current business plan and in preparation of a revised operating plan and cash flow forecast and presentation of such plan and forecast to the Board of Directors (the "Board" and its creditors;

(c) assistance in financing issues including assistance in preparation of reports and liaison with creditors;

(d) attending and participating in meeting of the Board with respect to matters on which A&M have been engaged to advise the Company;

  (e)  providing testimony, as necessary, with respect to matter on which A&M have been engaged to advise;

  (f)  any undertaking within A&M's area of expertise that is required in connection with A&M's duties and any restructuring, reorganization (whether or not pursuant to Chapter 11 of the United States Bankruptcy Code) and/or recapitalization of all or a significant portion of the outstanding indebtedness of the Company;

  (g)  and other activities as are approved by you, the Responsible Officer, or the Board and agreed to by A&M.

7. On January 13, 2015, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Alvarez & Marsal as their restructuring advisors effective as of November 13, 2014 [D.I. 308]. A copy of the Retention Order is attached hereto as Exhibit A.

8. Pursuant to an Order dated January 13, 2015, the Court authorized the retention of Robinson & Cole LLP as local counsel for the Debtors [D.I. 306].

9. Pursuant to an Order dated January 13, 2015, the Court authorized the retention of Montgomery McCracken as their counsel to the Debtors [D.I. 307].

## **RELIEF REQUESTED**

10. By this Application, Alvarez & Marsal requests approval and payment of monthly compensation and reimbursement of expenses in connection with its representation of the Debtors during the Application Period. The fee statement (the "Statement") attached hereto as Exhibit B includes detailed time and disbursement detail in support of the Application.

11. At this time, Alvarez & Marsal is seeking compensation in the amount of $247,946.00, which amount equals eighty percent (80%) of the $309,932.50 in fees for professional services rendered by Alvarez & Marsal during the Application Period as

7

restructuring advisor to the Debtors in these Chapter 11 Cases. This amount is derived solely from the applicable hourly billing rates of the firm's personnel who rendered services to the Debtors.

12. Alvarez & Marsal also requests reimbursement of $1,267.86, which amount equals one hundred percent (100%) of the actual and necessary out-of-pocket disbursements and charges incurred by Alvarez & Marsal during the Application Period.

13. This Application is made without prejudice to the firm's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Interim Compensation Order (as defined below).

14. Alvarez & Marsal has received no promise of payment for professional services rendered or to be rendered in these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

## BASIS FOR RELIEF

15. On February 3, 2015, the Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 383] (the "Interim Compensation Order").

16. Under the terms of the Interim Compensation Order, a monthly fee application may be filed and served no earlier than the 21st day of the month following the month for which the fees are sought. Any objections to the monthly fee application must be served no later than twenty (20) days the monthly fee application is filed. If the parties are unable to resolve the objections within fifteen (15) days after service of the objection, the affected professional may either: (i) file a response to the objection with this Court, together with a request for payment of

the difference between the fees actually requested and the fees objected to; or (ii) forego payment of the difference until the next interim or final fee application at which the time the Court will consider and rule on the objection. Pursuant to the Interim Compensation Order, if no objection has been filed and no informal objection has been received, a certificate of no objection should be filed as soon as practicable after the period to object has passed.

17. Pursuant to the Interim Compensation Order, Alvarez & Marsal is filing this monthly fee application (the "Application") for compensation for professional services rendered and reimbursement of disbursements made in these Chapter 11 Cases during the Application Period. Alvarez & Marsal submits that such services were necessary and beneficial to the Debtors, their creditors and their estates.

## ALLOWANCE OF COMPENSATION

18. _Compensation Sought._ Alvarez & Marsal requests that it be allowed at this time compensation for eighty percent (80%) of the value of the professional services rendered during the Application Period for a total of $247,946.00. Alvarez & Marsal reserves the right to return to this Court seeking reimbursement for the remaining twenty percent (20%) of the value of professional services rendered during the Application Period, totaling $61,986.50 as well as seeking such amounts for work performed or expenses incurred during the Application Period but not yet reflected in the firm's time records (or seeking to amend the amounts listed herein to correct any bookkeeping errors). In the event that a subsequent review reveals that additional professional services have been rendered or expenses have been incurred on behalf of the Debtors during the Application Period which were not processed by the firm's accounting system before the time of this Application, Alvarez & Marsal reserves the right to seek such additional fees and expenses by subsequent application to the Court.

19. <u>Reimbursement of Expenses</u>.  Alvarez & Marsal has disbursed, and requests reimbursement for $1,267.86, which represents actual, necessary expenses incurred in the rendition of professional services to the Debtors in these Chapter 11 Cases.

## **CONCLUSION**

WHEREFORE, Alvarez & Marsal respectfully requests (i) approval and payment of (a) monthly compensation for professional services rendered as attorneys for the Debtors in the sum of $247,946.00, and (b) actual and necessary expenses incurred in the sum of $1,267.86; and (ii) such other and further relief as is just and proper.

Dated:  Bridgeport, Connecticut
February 13, 2015

Respectfully submitted,

*/s/ Michael R. Enright*
Michael R. Enright, Esq. (ct10286)
Patrick M. Birney, Esq. (ct19875)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8290
Facsimile: (860) 275-8299
menright@rc.com
pbirney@rc.com

*Counsel for the Debtors and Debtors in Possession*