**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re | Chapter 11 |
| O.W. Bunker Holding North America, Inc., *et al.*,[1] | Case No. 14-51720 |
| Debtors. | Jointly Administered |

**MOTION OF THE DEBTORS FOR AN ORDER EXTENDING THE DEADLINE
FOR ASSUMPTION OR REJECTION OF NON-RESIDENTIAL
REAL ESTATE LEASES**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), by and through their undersigned attorneys, hereby move (the "Motion") for entry of an order, substantially in the form attached hereto, under sections 105(a) and 365(d)(4)(B) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") extending the 120-day period for the Debtors to assume or to reject non-residential real property leases for 90 days (through and including June 12, 2015).  In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

**JURISDICTION**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. §157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§1408 and 1409.

2.      The statutory predicate for the relief requested herein is Bankruptcy Code §§ 105(a) and 356(d)(4).

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

**BACKGROUND**

3. On November 13, 2014 (the "Petition Date"), each of the Debtors commenced a voluntary case in this Court (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 19, 2014, this Court ordered that the Debtors cases be jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and D. Conn. LBR 1015-1.

4. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Adrian Tolson, General Manager of O.W. Bunker North America Inc., in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court (the "Tolson Declaration") [Doc. ID No. 15].

5. On November 26, 2014, the United States Trustee appointed the Official Committee of Unsecured Creditors of O.W. Bunker Holding North America Inc., *et al.* (the "Committee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

6. Currently, the Debtors operate their businesses out of their last remaining office after consolidation of operations, 2 Stamford Plaza, 15th Floor, 281 Tresser Blvd., Stamford, CT 06901, which is leased from landlord One Stamford Plaza Owner LLC.

**RELIEF REQUESTED**

7. The Debtors request that, pursuant to sections 105(a) and 365(d)(4)(B) of the Bankruptcy Code, the Court authorize a 90-day extension of the 120-day period by which they must either assume or reject a non-residential real estate lease (through and including June 12, 2015), without prejudice to their rights to seek further extensions with the consent of the affected landlord.

## BASIS FOR RELIEF REQUESTED

8.  Bankruptcy Code § 365(d)(4) provides:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

(ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(A)-(B).

9.  The Bankruptcy Code sets a firm deadline of 120 days after the filing of the bankruptcy petition to assume or reject unexpired non-residential real property leases. Some exceptions, however, are delineated under § 365(d)(4)(B), specifically allowing for the extension of the 120-day period up to an additional 90 days upon a motion showing "cause."

10. The term "cause" is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period to assume or to reject unexpired leases. Although the decision to extend a debtor's time to assume or to reject unexpired leases of non-residential real property is generally within the sound discretion of the court, in determining whether cause exists for an extension of the initial 120-day period, courts have relied on several factors, including the following:

(1) whether the debtor was paying for the use of the property;

  (2)  whether the debtor's continued occupation . . . could damage the lessor beyond the compensation available under the Bankruptcy Code;

  (3)  whether the lease is the debtor's primary asset; and

  (4)  the number of leases the debtor must evaluate.

*See South St. Seaport L. P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760-61 (2d Cir. 1996) (*citing Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-06 (2d Cir. 1982)); *see also In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987) (considering, among other factors, the complexity of the case facing the debtor and the number of leases the debtor must evaluate).

  11.  Where the initial period to assume or to reject unexpired leases has proven to be inadequate, bankruptcy courts have routinely extended the period, as contemplated in Bankruptcy Code § 365(d)(4).

  12.  The Debtors' initial period to assume or reject the Stamford lease expires on March 13, 2015, and for the reasons provided below, the aforementioned factors weigh in favor of granting the requested 90-day extension (through and including June 12, 2015). Pending the Debtors' decision to assume or reject the Stamford lease, the Debtors have performed and will continue to perform all of their undisputed post-petition obligations thereunder, including the payment of post-petition rent.

  13.  The property subject to the Stamford lease will remain as the Debtors' only premise of operations in bankruptcy, allowing for the central storage of records and consolidation of personnel and operations essential to the winding up certain of the Debtors' operations and for the continued operation of the Debtors' centralized business in bankruptcy.

14. Further, the Debtors have not yet made a decision as to the ongoing nature of their business as a whole and would like to retain the office in light of such purpose until a decision can be made in the upcoming months.

15. The Debtors do not believe that their continued occupation of the leased space during the proposed extension period will harm the landlord party of the Stamford lease given its continued receipt of payments under the Stamford lease.

16. Debtors submit that the requested relief is in their best interests and the best interests of their estates and creditors, and therefore should be granted. The Creditors' Committee has reviewed and consents to the filing of this Motion.

## NO PREVIOUS REQUEST

17. No prior request for relief sought in this Motion has been made to this Court or to any other court.

## NOTICE

18. Notice of this Motion will be given to (a) the United States Trustee for the District of Connecticut; (b) counsel to the Committee; (c) the landlord listed on the Stamford lease and (d) any other entity that has filed a notice of appearance in these Chapter 11 Cases and requested electronic service. The Debtors submit that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request the Court to enter an order, substantially in the for attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Hartford, Connecticut
       February 13, 2015

> Respectfully submitted,
>
>  */s/ Michael R. Enright*
> Michael R. Enright, Esq. (ct10286)
> Patrick M. Birney, Esq. (ct19875)
> ROBINSON & COLE LLP
> 280 Trumbull Street
> Hartford, CT  06103
> Telephone: (860) 275-8290
> Facsimile:  (860) 275-8299
> menright@rc.com
> pbirney@rc.com
>
> - and -
>
> Natalie D. Ramsey, Esq. (NY #5242730)
>         (admitted *pro hac vice*)
> Joseph O'Neil, Esq. (NY #2596435)
>         (admitted *pro hac vice*)
> Davis Lee Wright, Esq. (NY #4761300)
>         (admitted *pro hac vice*)
> MONTGOMERY, McCRACKEN,
>         WALKER & RHOADS, LLP
> 437 Madison Avenue, 29th Floor
> New York, NY 10022 (215) 772-1500
> Telephone: (212) 867-9500
> Facsimile:  (212) 599-1759
> nramsey@mmwr.com
> jo'neil@mmwr.com
> dwright@mmwr.com
>
> *Counsel for the Debtors and Debtors in Possession*

**EXHIBIT A**

**Proposed Form of Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America, Inc., *et al.*,[1] | : | Case No. 14-51720 |
| | : | |
| Debtor. | : | Jointly Administered |
| | : | |

**ORDER EXTENDING THE DEADLINE FOR ASSUMPTION OR REJECTION**
**OF NON-RESIDENTIAL REAL ESTATE LEASES**

Upon consideration of the Motion[2] of the Debtors for entry of an order, pursuant to Bankruptcy Code § 365(d)(4) and Bankruptcy Rule 9006(b)(1), extending the time for them to assume or to reject the Stamford lease; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the relief requested being in the best interest of the Debtors, their estates, creditors, and other parties-in-interest; and the Court having reviewed the Motion; and upon the record of these cases and any hearing held to consider the Motion; and after due deliberation and sufficient cause appearing therefor; and due and proper notice of the Motion having been provided; and it appearing that no further notice need be provided:

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall be given the meaning ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors' time to assume or to reject the Stamford Lease is extended, pursuant to Bankruptcy Code § 365(d)(4)(B)(i), for 90 days (through and including June 12, 2015), without prejudice to the right of the Debtors to request further extensions with the consent the landlord.[3]

3. The Debtors are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: Bridgeport, Connecticut
_____, 2015

_____
THE HONORABLE ALAN H.W. SHIFF
UNITED STATES BANKRUPTCY JUDGE

---

[3] All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

3825083v2