**NORTON ROSE FULBRIGHT**

March 2, 2015

**Via Facsimile Transmission**

Norton Rose Fulbright US LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205-3792
United States

Honorable Alan H.W. Shiff
United States Bankruptcy Judge
United States Bankruptcy Court
915 Lafayette Boulevard
Bridgeport, CT 06604

Michael M. Parker
Partner
Direct line +1 210 270 7162
michael.parker@nortonrosefulbright.com

Tel +1 210 224 5575
Fax +1 210 270 7205
nortonrosefulbright.com

Re:   O.W. Bunker Holding North America, Inc., et al., Case No. 14-51720, pending in the
      United States Bankruptcy Court for the District of Connecticut, Bridgeport Division

Dear Judge Shiff:

As Your Honor is aware, there is currently pending before this Court the Joint Motion of Debtors and the Committee to Transfer Venue ("**Motion to Transfer Venue**") at Docket 229. The hearing on the Motion to Transfer Venue is set to resume on March 9 at 10:00 a.m.

In connection with the Motion to Transfer Venue, the Court entered a Supplemental Pretrial Order on February 18 at Docket 448. Part of the Supplemental Pretrial Order required the deposition of Debtors' expert Raymond Dombrowski on February 24, with document production from Mr. Dombrowski at 10 am on February 23. The Debtors contended that the majority of documents to be produced in connection with the Dombrowski deposition were confidential, and accordingly filed a motion for protective order on February 23 and sought expedited consideration ("**Motion for Protective Order**"). See Dkt. 464. The Debtors designated 4603 pages of those documents as highly confidential and produced them under an interim agreement with NuStar Energy Services, Inc. ("**Nustar**") to keep such documents confidential until the parties reached an agreement or the Court decided the expedited Motion for Protective Order. This allowed Mr. Dombrowski's deposition to take place on February 24. At Mr. Dombrowski's deposition, some of the allegedly confidential documents were discussed and used as exhibits.

The form of order submitted by the Debtors in connection with the Motion for Protective Order did not conform to the standard form protective order ("**Standard Protective Order**") used by many of the District Court Judges in this district (adopted by District Judges Chatigny, Hall, Meyer, Boldin, Shea and Underhill), sought extraordinary relief and was otherwise unacceptable to NuStar. A copy of The Standard Protective Order is attached as **Exhibit A**. Accordingly, NuStar filed an objection to the Motion for Protective Order with an emergency cross-motion requesting that the Court enter NuStar's form of protective order. See Dkt. 467. The Debtors responded to NuStar's objection and cross-motion. See Dkt. 480.

During the week of February 23, the parties attempted to work out their differences, and have narrowed the issues substantially, but have reached an impasse on some issues. The remaining issues will require judicial determination. NuStar has attached a copy of its proposed

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.    41544672.2

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Honorable Alan H.W. Shiff
March 2, 2015
Page 2

NORTON ROSE FULBRIGHT

protective order as **Exhibit B**, and a redline of its proposed protective order against the Standard Protective Order as **Exhibit C**. For the Court's review, NuStar also submits as **Exhibit D** a redline of NuStar's proposed protective order against Debtors' proposed protective order. NuStar explains its positions with respect to the remaining issues below. NuStar requests that the Court enter NuStar's form of order attached hereto. With respect to the outstanding issues, NuStar comments as follows:

    1.    <u>Application of the Protective Order – Title of Order and Para. 1</u>. NuStar contends that the protective order only deals with and should only deal with the issue pending before the Court – the Debtor's Motion for Protective Order. The Debtors seek to have the protective order apply globally to all confidential document production either by the Debtors or to the Debtors from NuStar. NuStar has not filed a motion for protective order, and has not labeled its documents related to the Motion to Transfer Venue as "confidential" or "highly confidential."

    NuStar contends that the protective order should be limited to only the issue before the Court, which is the Dombrowski documents produced on February 23 and the accompanying Dombrowski deposition transcripts. When and if necessary, NuStar is happy to work with the Debtors on a separate order that follows the standard form, but wants to avoid the confusion that might ensue from combining separate matters into a single order. The Debtors appear to seek relief with respect to a separate email agreement that is *unrelated* to the Motion to Transfer Venue. That email agreement is between NuStar, the Debtors and the Committee regarding maintaining the confidentiality of some litigation status reporting that NuStar voluntarily provided to the Debtors and the Committee. This protective order is not the appropriate vehicle and this is not the appropriate time (when NuStar has not moved for a protective order) or place (this Court has no pending motion for a protective order with respect to the NuStar agreement) to try to deal with protective order negotiations that have not occurred.

    NuStar realizes that whatever is negotiated in this protective order may well serve as a template for any future protective order, but different circumstances may require different provisions in any such order. For instance, the Motion to Transfer Venue has been set on an extremely expedited schedule which has required deadlines and other time sensitive periods to be adjusted in this protective order. The same considerations may not apply under different circumstances.

    2.    <u>Expert Witness Review – Allowed Under Standard Protective Order Para. 5(c)</u>. The Debtors seek to eliminate the expert access provisions of paragraph 7(c) (which corresponds to paragraph 5(c) of the Standard Protective Order) from the protective order. Paragraph 7(c) is a verbatim provision from the Standard Protective Order. That provision allows experts for both sides to view documents labeled Confidential-Attorneys Eyes Only. The Debtors' expert, Mr. Dombrowski, has obviously seen the documents (they were allegedly documents relied upon by him for his report), and the Debtors generally are not restricted as to whom they can allow access to their confidential documents. While NuStar currently has no testifying expert designated in connection with the Motion to Transfer Venue, NuStar does not want to be foreclosed from allowing its experts (consulting or testifying), if any, to see the same information that the Debtors' experts get to see. It would be patently unfair to allow one side's experts get to view confidential documents and yet deprive the other side's experts of the same information, hence the wisdom of standard order provision 7(c).

41544672.2

Honorable Alan H.W. Shiff
March 2, 2015
Page 3

NORTON ROSE FULBRIGHT

3. **In-House Counsel Review – Allowed Under Standard Protective Order Para. 5(d).** In paragraph 7(d) (which corresponds to para. 5(d) of the Standard Protective Order) the Debtors appear to seek to restrict access to allegedly Confidential-Attorneys Eyes Only documents to Chris Rulon - a single in-house lawyer for NuStar, or seek to require NuStar to identify all of its in-house counsel who may see such allegedly confidential documents. NuStar seeks what is provided for in the Standard Protective Order: to allow access to all of NuStar's in-house counsel. Mr. Rulon is essential to NuStar's case, but he is part of an in-house legal staff which NuStar has used to protect its interests in this bankruptcy case. Mr. Rulon must report to his supervising attorney, and has to meet with other in-house lawyers involved in the case. In addition, it may become necessary for him to enlist the help of other in-house counsel. Moreover, under the terms of the protective order, each in-house counsel will be required to sign an agreement to keep the documents confidential, so there will be a record of the in-house counsel who have seen the documents. To restrict NuStar's in-house lawyers from seeing the documents unfairly hampers NuStar's preparation, and places unnecessary restrictions on NuStar's ability to conduct its trial preparation.

4. **Time Periods to React – Adjusted from Standard Protective Order Para. 12.** To deal with the very expedited nature of the second round of discovery (necessitated by the Debtors failure to disclose expert witnesses in discovery responses and eleventh hour confidential designation), the time periods relevant under paragraph 14 (which corresponds to paragraph 12 of the Standard Protective Order) of the protective order must be reduced. Initially, the Debtors did not object to the reduced time periods, but the Debtor's last draft of proposed Protective Order sought to greatly expand those time periods. Expanding the time periods makes any relief under the protective order imaginary – because the trial of the Motion to Transfer Venue will have been completed by the time the time periods proposed by the Debtors end.

Paragraph 14 of the protective order provides that a party may challenge the confidential designation placed on documents by a producing party. The Standard Protective Order form requires that "If the Designating Party does not agree to the redesignation within fifteen (15) business days, the objecting Party may apply to the Court for relief." Given that the venue hearing is set for March 9, (seven days from today) NuStar seeks to have that period limited to one business day. The Debtors seek to have period set at 15 business days, which would put the response period after the date of the hearing, making the provision totally ineffective and meaningless.

Accordingly, NuStar respectfully requests that the Court enter NuStar's form of order attached hereto, or otherwise set an immediate hearing on this issue.

Very truly yours,

*/s/ Michael M. Parker*

Michael M. Parker

MMP/bb
Enclosures

41544672.2

Honorable Alan H.W. Shiff
March 2, 2015
Page 4

NORTON ROSE FULBRIGHT

cc:    Peter Partee (w/encl.)
Michael Richman
Hunton & Williams LLP
200 Park Avenue
New York, NY  10022

Richard G. Placey (w/encl.)
Montgomery McCracken Walker & Rhoads, LLP
1105 North Market Street
Wilmington, DE  19801

Dan Guyer (w/encl.)
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY  10020

Patrick M. Birney (w/encl.)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103

41544672.2