**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | CHAPTER 11 |
| O.W. BUNKER HOLDING NORTH AMERICA, INC., *et al*,[1] | Case No. 14-51720 (AHWS) |
| Debtors. | Jointly Administered |

**UNITED STATES TRUSTEE'S OBJECTION TO NUSTAR'S AMENDED**
**EMERGENCY MOTION TO SEAL CERTAIN DOCUMENTS AND TESTIMONY**
**IN CONNECTION WITH VENUE TRANSFER MOTION**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through counsel, respectfully submits this objection to the amended motion of NuStar Energy Services, Inc. and NuStar Supply & Trading, LLC (collectively "NuStar") to seal certain documents, deposition testimony and courtroom testimony pursuant to Section 107(b) of the Bankruptcy Code ("Amended Motion to Seal") because NuStar has not demonstrated that its request meets the requirements of Section 107(b) and Bankruptcy Rule 9018, nor has it rebutted the presumption of public access provided under Section 107(a) of the Bankruptcy Code. In support of this objection, the United States Trustee states as follows:

**I.    FACTS**

1.    On November 13, 2014, the Debtors commenced their chapter 11 cases.

2.    On December 24, 2014, the Debtors and the Official Committee of Unsecured Creditors ("Committee") filed a joint motion seeking to transfer venue of the Debtors' chapter 11 cases to the Southern District of New York ("Venue Motion").  ECF 229. NuStar has objected to the Venue Motion.  ECF 255.

---

[1] The last four digits of the Debtor's taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474); O.W. Bunker North America Inc. (7158); O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

1

3. The Court commenced the evidentiary hearing on the Venue Motion on February 18, 2015. The Court has not concluded the evidentiary hearing on the Venue Motion.

4. On March 2, 2015, NuStar filed a motion to seal seeking relief under Section 107(b) and Bankruptcy Rule 9018 ("Original Motion to Seal"). ECF 488. On March 4, 2015, NuStar filed the Amended Motion to Seal seeking relief under Section 107(b) and Bankruptcy Rule 9018. ECF 495. Through the Amended Motion to Seal, NuStar seeks to seal 4063 pages of documents produced by the Debtors to NuStar in discovery on the Venue Motion that the Debtors have designated as confidential ("Documents"). *Id.* at ¶ 10. NuStar also seeks to seal portions of the transcript of the February 24, 2015 deposition of the Debtors' expert Ray Dombrowski that concern the Documents ("Dombrowski Deposition") and future hearings on the Venue Motion that include the Documents ("Future Hearings"). *Id.* at ¶ 10 and at page 4. For ease of reference, the Documents, the Dombrowski Deposition and the Future Hearings are hereafter collectively referred to as the "Proposed Sealed Items."

5. The Amended Motion to Seal does not allege that the Documents are covered by Section 107(b) or Bankruptcy Rule 9018. *Id.* at ¶ 13. NuStar does not agree that any of the Documents designated as confidential by the Debtors are in fact confidential. *Id.* Rather, NuStar maintains that the Amended Motion to Seal is necessary because the Debtors and NuStar are in dispute over a protective order that would cover the use of the Documents and until such dispute is resolved, NuStar is unable to use the Documents in connection with the hearings on the Venue Motion. *Id.* at ¶¶ 6, 10 and fn 2 on page 3.

6. On March 4, 2015, the Court scheduled the Original Motion to Seal for hearing on March 9, 2015. ECF 493.

## II. ARGUMENT

### A. The Bankruptcy Code presumes a public right of access to all filed documents.

There is a longstanding presumption and strong public policy favoring public access to court records. *See, e.g.*, *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *In re Neal*, 461 F.3d 1048, 1053 (8th Cir.2006); *In re Borders Group, Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011).

Section 107 of the Bankruptcy Code codifies this presumption of public access to all documents filed in a bankruptcy case or with a bankruptcy court. Section 107(a) of the Bankruptcy Code provides that all papers "filed in a case under this title . . . are public records and open to examination" by the public. 11 U.S.C. § 107(a). Section 107 applies to any document filed in any bankruptcy case. *Gitto v. Worcester Tel. & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 7 (1st Cir. 2005).

The presumption of transparency in bankruptcy proceedings provided in Section 107 of the Bankruptcy Code reflects the critical need for public confidence and government accountability: "[t]his policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994). "A court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *In re Anthracite Capital, Inc.*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) (quoting *Geltzer v. Anderson Worldwide, S.C.*, 2007 WL 273526, at *2-3 (S.D.N.Y. Jan. 30, 2007)). The presumption of open access, as codified in Section 107(a), "'is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the

administration of justice . . . .'" *Geltzer v. Anderson Worldwide, S.C.*, 2007 WL 273526, at *2 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

B. **The party seeking to seal bears the burden of proving that the information to be sealed is a trade secret or other protected confidential information or is of a scandalous or defamatory nature.**

Section 107(b) of the Bankruptcy Code restricts public access to documents filed in a case or with the bankruptcy court to two narrow categories of information: (1) trade secrets and other confidential research, development, or commercial information; and (2) scandalous or defamatory matters. 11 U.S.C. § 107(b). The procedure to invoke the Court's power under Section 107 is provided in Bankruptcy Rule 9018. In pertinent part, Bankruptcy Rule 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. . . .

Fed. R. Bankr. P. 9018. The party moving to seal under Section 107 of the Bankruptcy Code has the burden of proof and must show a "compelling need" for protection and "extraordinary circumstances." *In re Orion Pictures Corp.*, 21 F.3d at 27.

Convincing a court to seal documents is a heavy burden. *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, a broad allegation of harm, without specific examples or articulated reasoning, is insufficient. *Miller v. Indiana Hosp.,* 16 F.3d at 551 (citation omitted). Rather, the movant must show "sufficient threat of irreparable harm" before information will be sealed, and specificity is essential. *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984) (citing *Stamicarbon, N.V. v. Am. Cyanamid Co.*, 506 F.2d 532, 539-42 (2d Cir.1974)). Harm that

4

is only speculative cannot support a sealing order. *In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982).

With respect to obtaining an order sealing documents, D. Conn. L. Civ. R. 5(e), made applicable by D. Conn. LBR 1001-1(b), provides that "[a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." D. Conn. L. Civ. R. 5(e) also notes that "[a] statute mandating or permitting the non-disclosure of a class of documents (e.g., personnel files, health care records, or records of administrative proceedings) provides sufficient authority to support an order sealing such documents."

**C.** **NuStar has not met its burden for sealing under Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.**

NuStar bears the burden of showing that the Proposed Sealed Items are covered by Section 107(b)(1) and Bankruptcy Rule 9018. If NuStar meets that burden, it must also demonstrate that there is both a compelling need and extraordinary circumstances for sealing the Proposed Sealed Items.

NuStar does not allege or admit that the Documents are in fact confidential or covered by Section 107(b) and Bankruptcy Rule 9018. ECF 495 at ¶ 13. To justify sealing the Proposed Sealed Items, NuStar simply asserts that it wishes to use the Documents and the Dombrowksi Deposition and that it cannot do so in light of the Debtors' designation of the Documents unless it obtains an order of this Court authorizing use of same or a sealing order. By disputing that the Documents are covered by Section 107(b)(1) and Bankruptcy Rule 9018, NuStar has plainly not met its burden under Section 107(b)(1) and the Amended Motion to Seal fails to provide a basis for the requested relief.

### III. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Amended Motion to Seal unless NuStar makes an evidentiary showing that the Proposed Sealed Items are covered by Section 107(b)(1) and Bankruptcy Rule 9018, and further that the sealing of the Proposed Sealed Items is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. In the event that the Court determines that a seal is appropriate, the United States Trustee is authorized under Section 107(c)(3) of the Bankruptcy Code to have full access to the Proposed Sealed Items and the United States Trustee will respect and adhere to the obligation under Section 107(c)(3)(B) to "not disclose information specifically protected by the court under this title." 11 U.S.C. § 107(c)(3)(B).

Dated: March 4, 2015　　　　　　　　　　　Respectfully submitted,
　　　New Haven, CT　　　　　　　　　　　WILLIAM K. HARRINGTON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE FOR REGION 2

　　　　　　　　　　　　　　　　By:　　/s/  Holley L. Claiborn
　　　　　　　　　　　　　　　　　　　Holley L. Claiborn ct 17216
　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　Office of the United States Trustee
　　　　　　　　　　　　　　　　　　　Giaimo Federal Building, Room 302
　　　　　　　　　　　　　　　　　　　150 Court Street
　　　　　　　　　　　　　　　　　　　New Haven, CT 06510
　　　　　　　　　　　　　　　　　　　(203) 773-2210

**CERTIFICATE OF SERVICE**

In accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure, Rule 2002-1 of the Local Rules of Bankruptcy Procedure and Local ECF Procedure 4(b), this certifies that a copy of the foregoing Objection was served on all parties listed below via the Electronic Case Filing System maintained by this Court on March 4, 2015:

Kellianne Baranowsky on behalf of Creditor DeMenno/Kerdoon
kellianne.baranowsky@withersworldwide.com
Kellianne Baranowsky on behalf of Creditor Lunday-Thagard Company
kellianne.baranowsky@withersworldwide.com
David L. Barrack on behalf of Creditor NuStar Energy Services, Inc.
david.barrack@nortonrosefulbright.com
David L. Barrack on behalf of Creditor NuStar Energy Services, Inc.
david.barrack@nortonrosefulbright.com
David L. Barrack on behalf of Creditor NuStar Supply & Trading LLC
david.barrack@nortonrosefulbright.com
David L. Barrack on behalf of Creditor NuStar Supply & Trading LLC
david.barrack@nortonrosefulbright.com
David L. Barrack on behalf of Creditor NuStar Terminals Marine Services N.V.
david.barrack@nortonrosefulbright.com
Patrick M. Birney on behalf of Debtor O.W. Bunker Holding North America Inc.
pbirney@rc.com, darnold@rc.com
Patrick M. Birney on behalf of Debtor O.W. Bunker North America Inc.
pbirney@rc.com, darnold@rc.com
Patrick M. Birney on behalf of Debtor O.W. Bunker USA Inc.
pbirney@rc.com, darnold@rc.com
Patrick M. Birney on behalf of Plaintiff O.W. Bunker Holding North America Inc.
pbirney@rc.com, darnold@rc.com
Patrick M. Birney on behalf of Plaintiff O.W. Bunker North America Inc.
pbirney@rc.com, darnold@rc.com
Patrick M. Birney on behalf of Plaintiff O.W. Bunker USA Inc.
pbirney@rc.com, darnold@rc.com
John F. Carberry on behalf of Plaintiff SHV Supply & Risk Management SAS
jcarberry@cl-law.com
Richard M. Coan on behalf of Creditor Atlantic Gulf Bunkering, Inc.
rcoan@coanlewendon.com
Richard M. Coan on behalf of Creditor Bomin Bunker Oil Corporation
rcoan@coanlewendon.com
Richard M. Coan on behalf of Creditor O'Rourke Marine Services, Inc.
rcoan@coanlewendon.com
Michael R. Enright on behalf of Counter-Claimant O.W. Bunker North America Inc.
menright@rc.com
Michael R. Enright on behalf of Debtor O.W. Bunker Holding North America Inc.
menright@rc.com
Michael R. Enright on behalf of Debtor O.W. Bunker North America Inc.
menright@rc.com
Michael R. Enright on behalf of Debtor O.W. Bunker USA Inc.
menright@rc.com
Michael R. Enright on behalf of Defendant O.W. Bunker North America Inc.
menright@rc.com

Michael R. Enright on behalf of Plaintiff O.W. Bunker Holding North America Inc.
menright@rc.com
Michael R. Enright on behalf of Plaintiff O.W. Bunker North America Inc.
menright@rc.com
Michael R. Enright on behalf of Plaintiff O.W. Bunker USA Inc.
menright@rc.com
Lars Forsberg on behalf of Creditor SHV Gas Supply & Risk Management SAS
lforsberg@reedsmith.com
Robert P. Franke on behalf of Creditor Martin Energy Services, LLC
Robert.franke@strasburger.com
Steven M. Golub on behalf of Creditor Mieco Inc.
sgolub@golublaw.com
Michael Gossler on behalf of Creditor Harley Marine NY, Inc.
mgossler@mpba.com
Michael Gossler on behalf of Creditor Westoil Marine Services, Inc.
mgossler@mpba.com
Daniel J. Guyder on behalf of Interested Party ING Bank N.V.
daniel.guyder@allenovery.com
Eric A. Henzy on behalf of Creditor NuStar Energy Services, Inc.
ehenzy@reidandriege.com, umongrain@rrlawpc.com
Eric A. Henzy on behalf of Creditor NuStar Supply & Trading LLC
ehenzy@reidandriege.com, umongrain@rrlawpc.com
Eric A. Henzy on behalf of Creditor Nustar Supply & Trading LLC
ehenzy@reidandriege.com, umongrain@rrlawpc.com
Eric A. Henzy on behalf of Defendant NuStar Energy Services, Inc.
ehenzy@reidandriege.com, umongrain@rrlawpc.com
James H. Hohenstein on behalf of Interested Party Clearlake Shipping Pte Ltd.
jim.hohenstein@hklaw.com
Edward A. Keane on behalf of Creditor Onego Shipping and Chartering, B.V., as Charterer of the M/V HC Nadja Maria
ekeane@mahoneykeane.com
John W. Kibler on behalf of Interested Party ING Bank N.V.
john.kibler@allenovery.com
John D. Kimball on behalf of Creditor NuStar Energy Services, Inc.
jkimball@blankrome.com
John D. Kimball on behalf of Creditor NuStar Supply & Trading LLC
jkimball@blankrome.com
John D. Kimball on behalf of Creditor Nustar Supply & Trading LLC
jkimball@blankrome.com
James D. Kleiner on behalf of Creditor Silversea Cruises Ltd.
jkleiner@hillbetts.com
James D. Kleiner on behalf of Plaintiff Silversea Cruises Ltd.
jkleiner@hillbetts.com
James D. Kleiner on behalf of Plaintiff Silversea Cruises Ltd
jkleiner@hillbetts.com
Robert A. Klyman on behalf of Creditor DeMenno/Kerdoon
rklyman@gibsondunn.com
Robert A. Klyman on behalf of Creditor Lunday-Thagard Company
rklyman@gibsondunn.com
Dyan M. Kozaczka on behalf of Plaintiff 1372 Tanker Corporation
dkozaczka@cohenandwolf.com, DChevarella@cohenandwolf.com

Dyan M. Kozaczka on behalf of Plaintiff OSG Ship Management, Inc.
dkozaczka@cohenandwolf.com, DChevarella@cohenandwolf.com
Gregory F. Lang on behalf of Creditor Committee The Official Committee Of Unsecured Creditors
gflang@hunton.com,
candonian@hunton.com;ppartee@hunton.com;mrichman@hunton.com;rrich2@hunton.com;akamensky@hunton.com
Craig I. Lifland on behalf of Counter-Claimant ING Bank N.V.
lifland@halloransage.com, carideo@halloransage.com
Craig I. Lifland on behalf of Defendant ING Bank N.V.
lifland@halloransage.com, carideo@halloransage.com
Craig I. Lifland on behalf of Defendant ING Bank, N.V.
lifland@halloransage.com, carideo@halloransage.com
Craig I. Lifland on behalf of Interested Party ING Bank N.V.
lifland@halloransage.com, carideo@halloransage.com
Brian P. Maloney on behalf of Interested Party ING Bank N.V.
Maloney@sewkis.com
Vincent M. Marino on behalf of Plaintiff 1372 Tanker Corporation
vmarino@cohenandwolf.com
Vincent M. Marino on behalf of Plaintiff OSG Ship Management, Inc.
vmarino@cohenandwolf.com
Keith R. Martorana on behalf of Creditor DeMenno/Kerdoon
kmartorana@gibsondunn.com
Keith R. Martorana on behalf of Creditor Lunday-Thagard Company
kmartorana@gibsondunn.com
Kim L. McCabe on behalf of U.S. Trustee U. S. Trustee
kim.mccabe@usdoj.gov
Timothy D. Miltenberger on behalf of Creditor Atlantic Gulf Bunkering, Inc.
tmiltenberger@coanlewendon.com
Timothy D. Miltenberger on behalf of Creditor Bomin Bunker Oil Corporation
tmiltenberger@coanlewendon.com
Timothy D. Miltenberger on behalf of Creditor O'Rourke Marine Services, Inc.
tmiltenberger@coanlewendon.com
Joseph O'Neil, Jr. on behalf of Debtor O.W. Bunker Holding North America Inc.
joneil@mmwr.com
Michael M. Parker on behalf of Creditor NuStar Energy Services, Inc.
Michael.parker@nortonrosefulbright.com
Michael M. Parker on behalf of Creditor NuStar Energy Services, Inc.
Michael.parker@nortonrosefulbright.com
Michael M. Parker on behalf of Creditor NuStar Supply & Trading LLC
Michael.parker@nortonrosefulbright.com
Michael M. Parker on behalf of Creditor NuStar Supply & Trading LLC
Michael.parker@nortonrosefulbright.com
Michael M. Parker on behalf of Creditor NuStar Terminals Marine Services N.V.
Michael.parker@nortonrosefulbright.com
Peter S. Partee, Sr. on behalf of Consultant Gavin / Solmonese LLC
ppartee@hunton.com
Peter S. Partee, Sr. on behalf of Creditor Committee The Official Committee Of Unsecured Creditors
ppartee@hunton.com
Bruce G. Paulsen on behalf of Interested Party ING Bank N.V.
Paulsen@sewkis.com
Steven A. Peirce on behalf of Creditor NuStar Energy Services, Inc.

steve.peirce@nortonrosefulbright.com
Steven A. Peirce on behalf of Creditor NuStar Energy Services, Inc.
steve.peirce@nortonrosefulbright.com
Steven A. Peirce on behalf of Creditor NuStar Supply & Trading LLC
steve.peirce@nortonrosefulbright.com
Steven A. Peirce on behalf of Creditor NuStar Supply & Trading LLC
steve.peirce@nortonrosefulbright.com
Steven A. Peirce on behalf of Creditor NuStar Terminals Marine Services N.V.
steve.peirce@nortonrosefulbright.com
Andrea J. Pincus on behalf of Creditor SHV Gas Supply & Risk Management SAS
apincus@reedsmith.com
Richard G. Placey on behalf of Debtor O.W. Bunker Holding North America Inc.
rplacey@mmwr.com
Richard G. Placey on behalf of Plaintiff O.W. Bunker Holding North America Inc.
rplacey@mmwr.com
Richard G. Placey on behalf of Plaintiff O.W. Bunker North America Inc.
rplacey@mmwr.com
Richard G. Placey on behalf of Plaintiff O.W. Bunker USA Inc.
rplacey@mmwr.com
Natalie D. Ramsey on behalf of Debtor O.W. Bunker Holding North America Inc.
nramsey@mmwr.com
Natalie D. Ramsey on behalf of Plaintiff O.W. Bunker Holding North America Inc.
nramsey@mmwr.com
Natalie D. Ramsey on behalf of Plaintiff O.W. Bunker North America Inc.
nramsey@mmwr.com
Natalie D. Ramsey on behalf of Plaintiff O.W. Bunker USA Inc.
nramsey@mmwr.com
Robert A. Rich on behalf of Creditor Committee The Official Committee Of Unsecured Creditors
rrich2@hunton.com
Arthur E. Rosenberg on behalf of Interested Party Clearlake Shipping Pte Ltd.
Arthur.rosenberg@hklaw.com
David M.S. Shaiken on behalf of Creditor Mieco Inc.
david@shipmanlawct.com
Jonathan M. Shapiro on behalf of Defendant Pacific Energy South West Pacific ltd
jshapiro@shapirolawofficesct.com
J. Stephen Simms on behalf of Creditor Aegean Bunkering (USA) LLC
jssimms@simmsshowers.com
J. Stephen Simms on behalf of Creditor Atlantic Gulf Bunkering, Inc.
jssimms@simmsshowers.com
J. Stephen Simms on behalf of Creditor Bomin Bunker Oil Corporation
jssimms@simmsshowers.com
J. Stephen Simms on behalf of Creditor O'Rourke Marine Services, Inc.
jssimms@simmsshowers.com
Jeffrey M. Sklarz on behalf of Creditor Martin Energy Services, LLC
jsklarz@gs-lawfirm.com, ctecf_admin@gs-lawfirm.com
Tara Lynn Trifon on behalf of Counter-Defendant Westoil Marine Services, Inc.
ttrifon@lockelord.com, tcubille@lockelord.com
Tara Lynn Trifon on behalf of Creditor Harley Marine NY, Inc.
ttrifon@lockelord.com, tcubille@lockelord.com
Tara Lynn Trifon on behalf of Creditor Westoil Marine Services, Inc.
ttrifon@lockelord.com, tcubille@lockelord.com

Tara Lynn Trifon on behalf of Plaintiff Westoil Marine Services, Inc.
ttrifon@lockelord.com, tcubille@lockelord.com
Shannon B. Wolf on behalf of Creditor Vopack Terminal Los Angeles Inc.
shannon.wolf@bgllp.com, meghan.olsen@bgllp.com;trey.wood@bgllp.com
Shannon B. Wolf on behalf of Creditor Vopak Terminal Los Angeles Inc.
shannon.wolf@bgllp.com, meghan.olsen@bgllp.com;trey.wood@bgllp.com
William A. Wood, III on behalf of Creditor Vopack Terminal Los Angeles Inc.
trey.wood@bgllp.com
Davis Lee Wright on behalf of Debtor O.W. Bunker Holding North America Inc.
dwright@mmwr.com
Davis Lee Wright on behalf of Plaintiff O.W. Bunker Holding North America Inc.
dwright@mmwr.com
Davis Lee Wright on behalf of Plaintiff O.W. Bunker North America Inc.
dwright@mmwr.com
Davis Lee Wright on behalf of Plaintiff O.W. Bunker USA Inc.
dwright@mmwr.com
David B. Zabel on behalf of Interested Party Clearlake Shipping Pte Ltd.
dzabel@cohenandwolf.com
David B. Zabel on behalf of Plaintiff 1372 Tanker Corporation
dzabel@cohenandwolf.com
David B. Zabel on behalf of Plaintiff OSG Ship Management, Inc.
dzabel@cohenandwolf.com

          By:     /s/ Holley L. Claiborn
                Holley L. Claiborn ct 17216
                Trial Attorney
                Office of the United States Trustee
                Giaimo Federal Building, Room 302
                150 Court Street
                New Haven, CT 06510
                (203) 773-2210