**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | Case No. 14-51720 |
| Debtors. | Jointly Administered |

**MOTION TO EXTEND THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), by and through their undersigned attorneys, hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under section 1121(d) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") extending the periods set forth in 11 U.S.C. §§ 1121(b) and 1121(c). In support of this Motion, the Debtors state as follows:

**JURISDICTION**

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§1408 and 1409.

2.  The statutory predicate for the relief requested herein is Bankruptcy Code § 1121(d) and Bankruptcy Rule 9006.

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

3851335v1

**BACKGROUND**

3. On November 13, 2014 (the "Petition Date"), each of the Debtors commenced a voluntary case in this Court (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 19, 2014, this Court ordered that the Debtors cases be jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and D. Conn. LBR 1015-1.

4. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Adrian Tolson, General Manager of O.W. Bunker North America Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "Tolson Declaration").

5. On November 26, 2014, the United States Trustee appointed the Official Committee of Unsecured Creditors of O.W. Bunker Holding North America Inc., *et al.* (the "Committee"). No trustee or examiner been appointed in the Debtors' Chapter 11 Cases.

**RELIEF REQUESTED**

6. The Debtors' Initial Exclusive Filing Period will expire on March 13, 2015 and the Debtors' Initial Solicitation Period will expire on May 12, 2015.

7. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors request that the Court authorize (i) an extension of the Exclusive Filing Period by 120 days, through and including July 13, 2015 and (ii) an extension of the Exclusive Solicitation Period by 120 days, through and including September 9, 2015. This request is made without prejudice to the Debtors' right to seek further extensions as necessary and subject to the limits set forth in § 1121(d)(2) of the Bankruptcy Code.

**BASIS FOR RELIEF REQUESTED**

8. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a plan. 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within the exclusive filing period, then it has an initial period of 180 days after the commencement of its chapter 11 case to solicit acceptances of such plan. 11 U.S.C. § 1121(c)(3).

9. Bankruptcy Code § 1121(d), however, authorizes the Court to extend the exclusive periods "for cause" after notice and a hearing. Specifically, it provides:

> (1) [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d)(1)-(2).

10. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 232 (1977) (the "House Report"); *see also In re Public Serv. Co. of N. H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent ... [is] to promote maximum flexibility"); *In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting the House Report).

11. To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., In re McLean Indus.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

12. The term "cause" is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the exclusivity periods. A decision to extend a debtor's exclusive periods to file and solicit a reorganization plan is generally within the sound discretion of the court.

13. In determining whether cause exists for an extension of the exclusivity periods, courts have relied on a variety of factors, including the following: (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) whether the debtor is paying its debts as they come due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiating with creditors; (7) the length of time the case has been pending; (8) whether the debtor is seeking the extension to pressure creditors; and (9) whether unresolved contingencies exist. *See In re Adelphia Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007) (quoting *In re Adelphia Corp.*, 352 B.R. at 587); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Texaco*, 76 B.R. at 326.

14. As detailed below, sufficient cause exists to permit a 120-day extension of the Debtors' Exclusivity Periods. First and foremost, the claims bar date, established by administrative order of this court, does not run until March 15, 2015. Therefore, the extension

will not impair the rights of any creditor or party in interest as creditors are not required to submit their claims until two days after the current exclusivity deadlines. In fact, it would be the Debtors which would be prejudiced by filing a plan prior to having all of the information necessary to develop the appropriate treatment for all of the Debtors' unsecured creditors. Further, given the currently established claims bar date, the Debtors would not have the ability to negotiate with creditors in an effort to consensually resolve any plan treatment issues that could arise.

15. These bankruptcy cases were precipitated by the collapse of the Debtors' Danish parent and related foreign affiliates, not by operational or other issues attributable to the Debtors. Due to the nature of the O.W. Bunker global information and financial systems, the Debtors were required to spend considerable time gathering and analyzing information to sufficiently prepare their schedules of assets and liabilities, statements of financial affairs, and monthly operating reports. While these tasks are required from all debtors in possession, these Debtors relied on OW Bunker & Trading A/S and the other Danish parent entities to provide significant accounting services and invoicing assistance. These services were discontinued in light of the Danish bankruptcy proceedings, requiring the Debtors to engage in the time consuming exercise of manually generating the necessary information. The Debtors' employees devoted a considerable amount to time to locating, cataloging, and analyzing various documents to develop an accounts receivable balance as well as analyzing several hundred vessel transactions.

16. The Debtors have been extremely active during the three and one-half months since filing their Chapter 11 Cases. In early December, 2014, the Debtors filed and obtained approval to market and conduct an auction of their remaining oil reserves at a time when the cost for oil was rapidly decreasing. Despite adverse market conditions, the Debtors' proposed

auction generated several competing qualified offers that ultimately led to a robust auction for these oil assets.  As part of the auction, the Debtors also successfully negotiated the assumption and assignment of a significant executory contract.  Following the auction, the Debtors negotiated and drafted the sale order, and participated in a hearing to approve the auction process and asset sale.

17. As part of its initial first day relief, the Debtors sought, and this Court approved, certain reclamation procedures. [Docket No. 167].  Since the approval of those procedures, the Debtors have been negotiating a number of reclamation-related matters in connection with the Debtors' former physical operations in New York Harbor and the Gulf of Mexico.  The Debtors continue to evaluate their reclamation demands and participate in several reclamation-related adversary proceedings.

18. In addition to managing its litigation before this Court, the Debtors have been engaged in significant litigation in several other jurisdictions, including interpleader actions in the Southern District of New York and vessel arrests in California and New Jersey, among others.  There are additional vessel arrests and interpleader actions to which the Debtors may be parties-in-interest in the Southern District of Texas, the District of Connecticut, the Eastern District of Louisiana and the Southern District of Florida which may ultimately impact the Debtors' plan treatments.  Each of these actions are complex and require significant individualized analysis of transaction documents, maritime lien statutes and priorities, and jurisdictional principles.

19. With respect to the interpleaders currently pending in the Southern District of New York, the Debtors have spent significant time analyzing the underlying bunker delivery transactions, participating in hearings in the Southern District of New York, and briefing several

jurisdictional issues as ordered by District Judge Caproni. The Southern District of New York interpleader actions alone involve 41 different parties, 28 vessels, and about $25 million in posted security, to which the Debtors claim an interest.

20. The Debtors also brought an adversary proceeding against ING Bank, N.V. challenging the bank's purported secured creditor status. This action, which is currently pending in this Court, may dramatically impact the structure of any plan and the treatment provided to the Debtors' remaining unsecured creditors. Although ING requested, and the Debtors agreed, to an extension of ING's time to answer the adversary complaint, such delay is being used constructively to attempt to reach a consensus between the Debtors and ING that will ultimately impact the structure of, and a creditor's treatment under, the Debtors' plan.

21. In short, these cases are complex and the complexity is increased exponentially by the facts underlying the commencement of these cases, the nature of the Debtors' businesses, the nature of maritime law, and the conflicting positions of multiple parties seeking funds which have been interplead into courts throughout the country. By its requested extension, the first since the commencement of these cases, the Debtors will have time to move forward with the various pieces of pending litigation and have a clearer picture of the nature and scope of a proposed plan.

22. By extending the exclusivity periods, the Debtors believe they will have a greater chance of developing fruitful negotiations with potential creditors regarding plan treatment. As a result, the Debtors believe that this extension will permit the development of a thoroughly contemplated, potentially consensual plan that is ultimately beneficial to a substantial number of the Debtors' unsecured creditors.

23.     The Debtors submit that the requested relief is in their best interests and the best interests of their estates and creditors and is not being requested in order to pressure any creditor or potential creditor of these estates.  Therefore, the Debtors believe that the requested extension should be granted.  The Committee approves of the filing of this Motion and the request for an extension of the exclusivity period for filing and soliciting acceptances of a bankruptcy plan.

## NO PREVIOUS REQUEST

24.     This is the Debtors' first request to extend the Exclusivity Periods.  No prior request for the relief sought in this Motion has been made to this Court of to any other court.

## NOTICE

25.     Notice of this Motion will be given to (a) the United States Trustee for the District of Connecticut; (b) counsel to the Committee; and (c) any other entity that has filed a notice of appearance in these Chapter 11 Cases and requested electronic service.  The Debtors submit that, under the circumstances, no other or further notice is require

**WHEREFORE**, the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Hartford, Connecticut
March 5, 2015

                                      Respectfully submitted,

                                      */s/ Michael R. Enright*
                                      Michael R. Enright, Esq. (ct10286)
                                      Patrick M. Birney, Esq. (ct19875)
                                      ROBINSON & COLE LLP
                                      280 Trumbull Street
                                      Hartford, CT  06103
                                      Telephone: (860) 275-8290
                                      Facsimile:  (860) 275-8299
                                      menright@rc.com
                                      pbirney@rc.com

                                      - and -

                                      Natalie D. Ramsey, Esq. (NY #5242730)
                                            (admitted *pro hac vice*)
                                      Joseph O'Neil, Esq. (NY #2596435)
                                            (admitted *pro hac vice*)
                                      Davis Lee Wright, Esq. (NY #4761300)
                                            (admitted *pro hac vice*)
                                      MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
                                      437 Madison Avenue, 29th Floor
                                      New York, NY 10022 (215) 772-1500
                                      Telephone: (212) 867-9500
                                      Facsimile:  (212) 599-1759
                                      nramsey@mmwr.com
                                      jo'neil@mmwr.com
                                      dwright@mmwr.com

                                      *Counsel for the Debtors and Debtors in Possession*

**EXHIBIT A**

**Proposed Form of Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : | Case No. 14-51720 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A**
**CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO**

Upon consideration of the Motion[2] of the Debtors for an entry of an order, pursuant to Bankruptcy Code § 1121(d) and Bankruptcy Rule 9006(b)(1), extending the time for them to file a Chapter 11 plan and solicit acceptances thereto; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the relief requested being in the best interest of the Debtors, their estates, creditors, and other parties-in-interest; and the Court having reviewed the Motion; and upon the record of these cases and any hearing held to consider the Motion; and after due deliberation and sufficient cause appearing therefor; and due and proper notice of the Motion having been provided; and it appearing that no further notice need be provided:

---

[1]  The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.
[2]  Capitalized terms not otherwise defined herein shall be given the meaning ascribed to them in the Motion.

3851335v1

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Code § 1121(d), the Debtors' time to file a chapter 11 plan is extended for 120 days (through and including July 13, 2015), and the Debtors' time to solicit acceptances thereto is extended for 120 days (through and including September 9, 2015), without prejudice to the right of the Debtors to request further extensions with the consent the landlord.[3]

3. The Debtors are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: Bridgeport, Connecticut
_____, 2015

---

[3] All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

3851335v1