UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | : Chapter 11 |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : Case No. 14-51720 |
| Debtors. | : Jointly Administered |

**MOTION OF THE DEBTORS TO MODIFY THE MONETARY LIMIT ESTABLISHED PURSUANT TO THE ORDER APPROVING THE MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(A), 363(B), 506(A), 507(A)(8), AND 541 AND FED. R. BANKR. P. 6003 AND 6004 AUTHORIZING PAYMENT OF PREPETITION TAXES AND FEES**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order modifying the monetary limit established in the Order on the *Motion of Debtors for Order Under 11 U.S.C. §§ 105(a), 363(b), 506(a), 507(a)(8), and 541 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Payment of Prepetition Taxes and Fees* [Docket No. 64] from $75,000 to $250,000. In support hereof, the Debtors state as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested herein is §105 of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

## BACKGROUND

2.   On November 13, 2014 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [Docket No. 52]. The Court has not appointed a trustee or an examiner.

3.   The Office of the United States Trustee (the "U.S. Trustee") formed an official committee of unsecured creditors of the Debtors on November 26, 2014 [Docket No. 89].

4.   The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Declaration of Adrian Tolson, General Manager of O.W. Bunker North America Inc., in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court (the "Tolson Declaration") [Docket No. 15].

5.   On November 14, 2014, the Debtors filed their *Motion of Debtors for Order Under 11 U.S.C. §§ 105(a), 363(b), 506(a), 507(a)(8), and 541 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Payment of Prepetition Taxes and Fees* (the "Tax Motion") [Docket No. 6].

6.   This Court entered an Order on the Tax Motion (the "Tax Order") [Docket No. 64] on November 20, 2014. Among other things, the Tax Order limited the amount that could be paid pursuant to its terms to $75,000. This limit was an estimate calculated on the limited records and information available to the Debtors at the time the Tax Motion was filed.

7.   Since that time, the Debtors have obtained and reviewed additional facts and records and have revised their calculation as set forth herein.

**RELIEF REQUESTED**

8. By this Motion, the Debtors seek a modification of the monetary limit contained in the Tax Order which authorizes them to pay, in their discretion, any prepetition tax and fee obligations including, without limitation, sales and use taxes; income or gross receipts taxes; franchise taxes; net worth taxes; real and personal property taxes; rental taxes; business licenses, qualification to do business, registration, commercial activity or other business and occupation taxes or fees; any other types of taxes, fees, or charges; and any penalty, interest, or similar charges (collectively, the "Taxes and Fees") owing to certain governmental entities including federal, state and local (the "Taxing Authorities") that will become due (the "Upcoming Taxes").

9. The Debtors seek to increase this limit by $175,000 to a total of $250,000 in the aggregate, primarily due to Taxes and Fees owed in the states of California and New York.

10. Amounts due to the Taxing Authority in the State of California result from sales taxes and fuel taxes contained in the California Revenue and Tax Code (the "California Tax Code"). *See* Cal. Rev. & Tax. Cd. § 6051 *et seq.* Such taxes are calculated based on a percentage of fuel consumed domestically after vessels were fueled by the Debtors at their facilities at the Vopak Terminal in Long Beach, California.

11. The Debtors were unable to calculate the amount due until now. As the tax is based on fuel consumption between various domestic ports, the Debtors are not responsible or even capable of measuring this use and must rely on reports delivered by vessel captains. Accordingly, there is a lag, often measured in months, between the sale and transfer of fuel to a vessel and the receipt of reports from vessel captains allowing the Debtors to determine the tax owed.

12.     Having received the necessary reports, the Debtors have calculated the amounts due as a result of the sales and use tax to approximately $170,000.

13.     Additionally, under N.Y. TAX. LAW, Article 13-A, the state of New York imposes taxes on petroleum businesses (the "New York Tax on Petroleum Businesses"). The New York Tax on Petroleum Businesses has been estimated in the amount of approximately $15,000 and will become due shortly. Certain other miscellaneous taxes, such as specialty fuel taxes and property taxes, have been calculated at approximately $15,000 and will be due to various Taxing Authorities.

### BASIS FOR RELIEF

14.     Prior to the Petition Date, the Debtors incurred Taxes and Fees to federal, state and local governments. Although the Debtors were substantially current in the payment of assessed and undisputed Taxes and Fees as of the Petition Date, certain Taxes and Fees attributable to the prepetition period were not yet due.

15.     To the extent that payment of the Taxes and Fees would be deemed to constitute a use of property outside the ordinary course of business, a basis for authorizing such payment is found under section 363(b)(1) of the Bankruptcy Code, which authorizes the trustee to use property of the estate other than in the ordinary course of business after notice and a hearing.

16.     Further, to the extent that the Taxes and Fees are priority claims under Bankruptcy Code section 507(a)(8), or secured claims pursuant to Bankruptcy Code section 506(a), their payment should be approved on the basis that they are required to be paid in full in any event as a condition to satisfying the plan confirmation requirements contained in section 1129 of the Bankruptcy Code. 11 U.S.C. §§ 1129(a)(9)(A), (C), and (D).

17.     Because of the likelihood that the vast majority of the Taxes and Fees constitute either priority claims or secured claims, the Debtors' payment of the Taxes and Fees will affect

only the timing of the payments and not the amounts to be received by the Taxing Authorities. Further, payment now will allow the Debtors to avoid any unnecessary fees, interest, or penalties that might otherwise be asserted.

18. In addition, it is essential that these taxes be paid, as the directors and officers have personal liability for these taxes under state law, and non-payment would expose these individuals to significant personal financial risk.

19. "The Court has the power under section 105(a) of the Code to modify an order if equity so requires." *In re Argose, Inc.*, 377 B.R. 148, 150 (Bankr. D. Del. 2007); *In re Arms*, 238 B.R. 259, 261 (Bankr. D. Vt. 1999) ("Bankruptcy courts have been held to possess sufficient authority, pursuant to their equitable powers under § 105 of the Bankruptcy Code, to modify or vacate their own interlocutory orders."). The Debtors submit that a modification of the Tax Order is an appropriate exercise of the Court's equitable powers.

20. To date, the Debtors have used less than $10,000 of the $75,000 originally authorized by this Court in the Tax Order. However, the remaining previously authorized amount is not sufficient to pay the Taxing Authorities the Upcoming Taxes. Therefore, the Debtors request a $175,000 increase, which in conjunction with the $75,000 already authorized, creates a new cap of $250,000 for the payment of Taxes and Fees as they come due.

21. While the increase requested is greater than the current amounts owed, such an increase would enable the Debtors to pay other tax or fee amounts, without necessitating additional filings before this Court thereby preserving estate and judicial resources.[2]

---

[2] Notwithstanding anything contained herein, if the Debtors reasonably believe that a further modification of the tax budget is required, the Debtors reserve their rights to seek authority from this Court.

## NO PREVIOUS REQUEST

22.     This is the Debtors' first request to adjust the artificial limit established in the Tax Order.  No prior request for the relief sought in this Motion has been made to this Court of to any other court.

## NOTICE

23.     Notice of this Motion will be given to (a) the United States Trustee for the District of Connecticut; (b) counsel to the Committee; and (c) any other entity that has filed a notice of appearance in these Chapter 11 Cases and requested electronic service.  The Debtors submit that, under the circumstances, no other or further notice is required.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE,** the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Hartford, Connecticut
March 12, 2015

                                    Respectfully submitted,

                                    */s/ Patrick M. Birney*
Michael R. Enright, Esq. (ct10286)
Patrick M. Birney, Esq. (ct19875)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103
Telephone: (860) 275-8290
Facsimile:  (860) 275-8299
menright@rc.com
pbirney@rc.com

                                    - and -

Natalie D. Ramsey, Esq. (NY #5242730)
    (admitted *pro hac vice*)
Joseph O'Neil, Esq. (NY #2596435)
    (admitted *pro hac vice*)
Davis Lee Wright, Esq. (NY #4761300)
    (admitted *pro hac vice*)
MONTGOMERY, McCRACKEN, WALKER
& RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022 (215) 772-1500
Telephone: (212) 867-9500
Facsimile:  (212) 599-1759
nramsey@mmwr.com
jo'neil @mmwr.com
dwright@mmwr.com

*Counsel for the Debtors and Debtors in Possession*

-7-

Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : | Case No. 14-51720 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**ORDER APPROVING MOTION OF THE DEBTORS TO MODIFY
THE MONETARY LIMIT ESTABLISHED PURSUANT TO THE ORDER
APPROVING THE MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(A),
363(B), 506(A), 507(A)(8), AND 541 AND FED. R. BANKR. P. 6003 AND 6004
AUTHORIZING PAYMENT OF PREPETITION TAXES AND FEES**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order modifying the monetary limit established in the Order on the *Motion of Debtors for Order Under 11 U.S.C. §§ 105(a), 363(b), 506(a), 507(a)(8), and 541 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Payment of Prepetition Taxes and Fees* [Docket No. 64] and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

ORDERED, ADJUDGED AND DECREED THAT:

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

- 1 -

1. The Motion is **GRANTED** as set forth herein.

2. The $75,000 authorized by the Tax Order for payments made with respect to Taxes and Fees has been increased to $250,000.

3. All other provisions of the Tax Order remain in effect.

4. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: Bridgeport, Connecticut
_____, 2015