UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : Case No. 14-51720 |
| | : |
| Debtors. | : Jointly Administered |
| | : |

**EMERGENCY MOTION OF THE DEBTORS FOR AN ORDER UNDER 11 U.S.C. §§105(a), 327, 328, 330, AND 331, FED. R. BANKR. P. 2014, AND D. CONN. LBR 2014-1 AUTHORIZING THE EMPLOYMENT AND PAYMENT OF RENE JENSEN AS A CONSULTANT *NUNC PRO TUNC* TO MARCH 1, 2015**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105(a), 327, 328, 330, and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Procedure, authorizing the Debtors to employ and compensate Rene Jensen as a consultant *nunc pro tunc* to March 1, 2015. In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 327, 328, 330, and 331. Such relief is warranted pursuant to Bankruptcy Rule 2014 and Local Rule of Bankruptcy Procedure 2014-1.

### RELEVANT FACTUAL BACKGROUND

3. On November 13, 2014 (the "Petition Date"), each of the Debtors commenced a voluntary case in this Court (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On November 19, 2014, this Court ordered that the Debtors cases be jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and D. Conn. LBR 1015-1.

5. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Declaration of Adrian Tolson, General Manager of O.W. Bunker North America Inc., in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court (the "Tolson Declaration") [Docket No. 15].

6. On November 26, 2014, the United States Trustee appointed the Official Committee of Unsecured Creditors of O.W. Bunker Holding North America Inc., et al. (the "Committee"). No trustee or examiner been appointed in the Debtors' Chapter 11 Cases.

### RELIEF REQUESTED

7. The Debtors request that, pursuant to sections 105(a), 327, 328, 330, and 331 of the Bankruptcy Code, the Court authorize the Debtors to employ and retain Rene Jensen as a

2

consultant, *nunc pro tunc* to March 1, 2015. Mr. Jensen's primary duty during his retention period will be to assist the Debtors in gathering and distilling the information necessary to prosecute the Debtors' adversary proceeding against ING Bank, N.V. ("ING"). A copy of Mr. Jensen's retention letter, which contains the specific details of Mr. Jensen's retention, is attached hereto as Exhibit A.

8. Mr. Jensen served as the pre-petition controller of Debtor O.W. Bunker North America Inc. and, since the Petition Date, has served as the controller of each of the Debtors. His expanded post-petition duties include managing the ongoing reconciliation of the Debtors' pre-petition financial activity, analyzing the accounts receivable and accounts payable ledgers, tracking ongoing receivables collections by ING, PricewaterhouseCoopers and/or the Debtors' Danish parents, identifying missing invoices and supporting transaction documents, analyzing the Debtors' intercompany relationships with their parent and affiliates, monitoring all post-petition financial activity, and serving as the liaison to the Debtors' Danish parent's accounting and IT staffs. Mr. Jensen worked at the Danish parent's corporate headquarters in Aalborg, Denmark in order to facilitate the review and collection of relevant records and provide in-person contact with respect to is liaising with the Danish parent's remaining IT and accounting staffs.

9. The Debtors have been advised that Mr. Jensen intended to leave the Debtors' employment on or about February 28, 2015. However, the Debtors still have need of Mr. Jensen's inside knowledge of the Debtors' and the Danish parent's computer and accounting systems in connection with the pending adversary proceeding against ING, these Chapter 11 Cases and the various interpleader and vessel arrest actions pending throughout the United States. He is the only employee with complete knowledge of the OW Bunker global accounting systems. This includes the identification and replication of certain records and documents

3

necessary to support the Debtors' litigation and recovery efforts against ING, the interpleader and other vessel arrest actions, as well as the formation and filing of a liquidating plan.

10. The Debtors intend to retain Mr. Jensen as a consultant consistent with the above description and the terms of his retention letter. In exchange, the Debtors seek approval to compensate Mr. Jensen at the fixed amount of $60,000 through March 31, 2015. The payment would, however, require that Mr. Jensen perform the activities described in paragraph 9, while also continuing to serve as the controller for the Debtor entities in these Chapter 11 Cases. Mr. Jensen will also work on: (i) developing an analysis for use by counsel regarding the Debtors' interaction with ING Bank and/or the Debtors' parent entities after ING Bank became the lender to the Debtors' parent; (ii) preparing the federal, state, and sales taxes for the companies, as well as the financials for the 2014 income statement, and (iii) assisting the estate professionals in evaluating the benefit derived by Debtors, if any, as a result of the ING credit facility. Additionally, this payment is contingent upon the production of Mr. Jensen's analysis to the Debtors' and Committee's counsel.

11. The Debtors have consulted with Alvarez & Marsal and determined that the institutional knowledge possessed by Mr. Jensen is invaluable to the Debtors going forward. Further, Mr. Jensen cannot be replaced through the hiring of other professionals and experts without even greater cost to the Debtors and their estates.

## BASIS FOR RELIEF REQUESTED

12. Section 327(a) of the Bankruptcy Code provides that:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

    13.    Section 330(a) of the Bankruptcy Code provides, in pertinent part,

        (1)    [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—

            (A)    reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

            (B)    reimbursement for actual, necessary expenses.

*Id.* at § 330.

    14.    Section 105(a) of the Bankruptcy Code provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*Id.* at § 105(a).

    15.    Additionally, Section 331 of the Bankruptcy Code provides that a court may order compensation to be paid more frequently "than once every 120 days." 11 U.S.C. § 331.

    16.    The Debtors submit that the expertise of Mr. Jensen in connection with upcoming litigation against ING Bank is relevant to critical issues in these litigations. Mr. Jensen's expertise will assist the Debtors in presenting their case in a succinct and cost effective manner, preventing the Debtors from incurring unnecessary expenses to obtain and provide this knowledge using alternative sources.

5

17. The Retention Procedures will allow the Debtors to avoid any disruption in the professional services required in the day-to-day operation of the Debtors' case, and therefore, the Retention Procedures are in the best interests of the Debtors' estates.

18. The Debtors submit that, in light of the additional costs associated with the preparation of employment applications for professionals who will receive relatively small amounts of fees in comparison to the size of these Chapter 11 Cases, it is impractical and economically inefficient for the Debtors to submit an individual application and proposed retention order for Mr. Jensen as required by Bankruptcy Rules 2014 and 2016.

19. Mr. Jensen will not be involved in the Chapter 11 Cases' administration. Instead, Mr. Jensen will provide specific services in connection with the Debtors' litigation against ING Bank. The Debtors do not believe that Mr. Jensen is a professional, "the employment of which the Court must approve under Section 327 of the Bankruptcy Code." *See, e.g., Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ([T]he term 'professional person' is a 'term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate.'); *In re First Merchants Acceptance Corp.*, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (discerning six factors for determining whether someone is a "professional," as the term is used in 11 U.S.C. § 327); *Elstead v. Nolden (In re That's Entm't Mktg. Grp., Inc.)*, 168 B.R. 226, 230 (N.D. Cal. 1994).

20. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested herein to avoid any controversy regarding the Debtors' employment and compensation of Mr. Jensen during the Chapter 11 Cases. Notwithstanding the relief requested in this Motion,

6

the Debtors will seek the Court's leave before they employ any person or entity involved in the actual administration of the Chapter 11 Cases.

21.    Bankruptcy courts in this circuit have granted relief that is comparable to the relief requested herein. *In re Worldcom, Inc.*, Case No. 02-13533 (Bankr. S.D.N.Y. Sept. 4, 2002) (Gonzales, J.) (Docket No. 882) (approving similar procedures and establishing $100,000 monthly cap); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. Feb. 22, 2002) (Docket No. 1635).

22.    The order is requested *nunc pro tunc* to March 1, 2015.

### WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

23.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### NOTICE

24.    Notice of this Motion will be given to (a) the United States Trustee for the District of Connecticut; (b) counsel to the Committee; and (c) any other entity that has filed a notice of appearance in these Chapter 11 Cases and requested electronic service. The Debtors submit that, under the circumstances, no other or further notice is required.

### RESERVATION OF RIGHTS

23.    Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract with any party subject to this Motion.

## **NOTICE**

24.     Notice of this Motion will be given to (a) the United States Trustee for the District of Connecticut; (b) counsel to the Committee; and (c) any other entity that has filed a notice of appearance in these Chapter 11 Cases and requested electronic service.  The Debtors submit that, under the circumstances, no other or further notice is required.

## **NO PRIOR REQUEST**

25.     No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as Exhibit B, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Hartford, Connecticut
       March 12, 2015

                                              Respectfully submitted,

                                              */s/ Patrick M. Birney*
                                              Michael R. Enright, Esq. (ct10286)
                                              Patrick M. Birney, Esq. (ct19875)
                                              ROBINSON & COLE LLP
                                              280 Trumbull Street
                                              Hartford, CT  06103
                                              Telephone: (860) 275-8290
                                              Facsimile:  (860) 275-8299
                                              menright@rc.com
                                              pbirney@rc.com

                                              - and -

                                              Natalie D. Ramsey, Esq. (NY #5242730)
                                                  (admitted *pro hac vice*)
                                              Joseph O'Neil, Esq. (NY #2596435)
                                                  (admitted *pro hac vice*)
                                              Davis Lee Wright, Esq. (NY #4761300)
                                                  (admitted *pro hac vice*)
                                              MONTGOMERY, McCRACKEN,
                                              WALKER & RHOADS, LLP
                                              437 Madison Avenue, 29th Floor
                                              New York, NY 10022
                                              Telephone: (212) 867-9500
                                              Facsimile:  (212) 599-1759
                                              nramsey@mmwr.com
                                              jo'neil@mmwr.com
                                              dwright@mmwr.com

                                              *Counsel for the Debtors and Debtors in Possession*

3850819v2