**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | **CHAPTER 11** |
| **O.W. BUNKER HOLDING NORTH AMERICA, INC.,** *et al*,[1] | Case No. 14-51720 (AHWS) |
| Debtors. | Jointly Administered |

**UNITED STATES TRUSTEE'S OBJECTION TO**
**THE DEBTORS' MOTION PURSUANT TO SECTIONS 363(b) AND 503(c)**
**OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING**
**EMPLOYEE CONTRACT NUNC PRO TUNC TO MARCH 1, 2015**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through counsel, submits this objection to the Motion Pursuant To Sections 363(b) And 503(c) Of The Bankruptcy Code For An Order Authorizing Employee Contract Nunc Pro Tunc To March 1, 2015 (the "Motion") (ECF 521) filed by the Debtors on March 12, 2015. In support of this objection, the United States Trustee states the following:

## I.    INTRODUCTION

The Motion, despite its misleading title, is a motion to approve a key employee retention plan for a single employee, Rene Broman ("Broman") under Section 503(c) and 363(b). The United States Trustee objects to the Motion because the Debtors have failed to meet their burden of proof to show that the proposed retention plan satisfies the requirements of Section 503(c) of title 11, United States Code (the "Bankruptcy Code"). The Debtors have not put forth any evidence demonstrating that Broman is not an insider within the meaning of Section 101(31) of the Bankruptcy Code. If the Court finds that Broman is an insider, then the Motion should be denied because the Debtors have acknowledged that the retention plan is for retentive purposes

---

[1] The last four digits of the Debtor's taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474); O.W. Bunker North America Inc. (7158); O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

1

and because it fails to meet the requirements of Section 503(c)(1). If the Debtors can show through competent evidence that Broman is not an insider, the Debtors must show that the retention plan meets the requirements of Section 503(c)(3).

## II.     FACTS

1. The Debtors filed voluntary chapter 11 petitions on November 13, 2014. ECF 1. By order dated November 19, 2014, the Debtors' cases were jointly administered. ECF 52.

2. The Debtors are operating as debtors in possession pursuant to Sections 1106 and 1107. No trustee or examiner has been appointed.

3. On November 26, 2014, United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). Committee. ECF 89.

4. On March 12, 2015, the Debtors filed the Motion. ECF 521.

5. Through the Motion, the Debtors propose to pay retention payments (the "Retention Plan") to Broman who, prior to the bankruptcy filings, held the position of the Credit Manager for debtor O.W. Bunker North America, Inc. ("OWB North America") and is still employed by OWB North America, though the Motion does not disclose the title of Broman's current position. *Id.* at ¶ 8. In describing Broman's current responsibilities, the Motion states that Broman is assisting and supporting Debtors' counsel regarding maritime lien enforcement actions by performing the "review of sales orders, purchase orders and other transaction documents, the preparation of transaction related analyses, the maintenance of a transaction database, and the transfer, review and compilation of the Debtors' transaction data and records from the Danish parent." *Id.* Broman will also assist with the preparation of the Debtors' 2014 motor fuel tax returns. *Id.* at ¶ 10. The Motion does not disclose how long Broman has worked for OWB North America, nor how long he held the position of Credit Manager.

2

6. The Debtors seek to pay Broman in two ways: (a) increase Broman's monthly salary from $20,000 to $30,000, which equates to an increase of his annual salary from $240,000 to $360,000 and (b) paying a $10,000 bonus at the end of March 2015 (collectively the "Retention Payments"). *Id.* at ¶¶ 13 and 14. The total cost of the proposed Retention Plan will $110,000 for the year 2015 and $120,000 annually thereafter. *Id.*

7. The Motion discloses that Broman is still employed by the Debtors. *Id.* at ¶ 9. The Motion alleges that Broman "intends to leave the Debtors' employment at the end of March." *Id.* The Motion does not disclose that Broman has received a bona fide job offer from a third party.

8. The Debtors are not operating their pre-petition businesses. The Debtors are working to collect monies due to them and are intending to liquidate.

### III.    OBJECTION

The Debtors admit that the Retention Plan has the purpose of retaining Broman. Therefore, the Retention Plan is subject to the restrictions of Section 503(c)(1) of the Bankruptcy Code if Broman is an insider. 11 U.S.C. § 503(c)(1). The United States Trustee requests that the Court deny the Motion because the Debtors have failed to meet their burden of proof under Section 503(c)(1) of the Bankruptcy Code.

### A. The Debtors Have Not Met Their Burden of Proof to Establish that Broman is not an Insider.

Section 503(c) of the Bankruptcy Code[2] is intended to curtail payments of retention incentives to insiders without factual and circumstantial justification. *See, e.g., In re Hawker Beechcraft, Inc.*, 479 B.R. 308, 312-313 (Bankr. S.D.N.Y. 2012) (citations omitted).

Section 503(c) establishes specific evidentiary standards that must be met before a bankruptcy court may authorize payments made to an insider for the purpose of inducing such person to remain with a debtor's business. *In re Dana Corp.*, 351 B.R. 96, 100 (Bankr. S.D.N.Y. 2006) ("*Dana I*"). Indeed, Section 503(c) puts in place 'a set of challenging standards' and 'high hurdles' before payment of retention bonuses may be paid to insiders. *In re Hawker Beechcraft*, 479 B.R. at 313 (quoting *In re Velo Holdings Inc.,* 472 B.R. 201, 209 (Bankr. S.D.N.Y. 2012).

---

[2] Section 503(c) of the Bankruptcy Code provides in relevant part:

Notwithstanding subsection (b), there shall neither be allowed, nor paid –

(1) a transfer made to, or an obligation incurred for the benefit of, an insider of the debtor for the purpose of inducing such person to remain with the debtors' business, absent a finding by the court based on evidence in the record that

(A) the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;

(B) the services provided by the person are essential to the survival of the business; and

(C) either –

(i) the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or

(ii) if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred;

. . . .

11 U.S.C. § 503(c)(1).

The term "insider" is defined in Section 101(31) of the Bankruptcy Code, but this statutory definition "is merely illustrative and the term insider should be flexibly applied on a case by case basis." *In re 9281 Shore Road Owners Corp.*, 187 B.R. 837, 853 (E.D.N.Y. 1995); *see also In re Carrozzella & Richardson*, 302 B.R. 415, 423 n. 9 (Bankr. D. Conn. 2003) (the list of qualifying relationships in Section 101(31) is suggestive and not exhaustive). "An employee's [i]nsider status can also be determined on a case-by-case basis based on the totality of the circumstances, including the degree of an individual's involvement in a debtor's affairs." *In re Global Aviation Holdings, Inc.*, 478 B.R. at 148 (quoting *In re Borders Group, Inc.,* 453 B.R. 459, 468 (Bankr. S.D.N.Y. 2011) (internal quotation marks omitted). In determining whether an employee is an insider, the focus is on whether the employee participates in the management of the debtor. *See In re Foothills Texas, Inc.*, 408 B.R. 573, 579 (Bankr. D. Del. 2009) (finding as insiders employees with responsibilities over significant aspects of the debtors' business).

Here, the Debtors bear the burden of proof to show that Broman is not an insider. *See Dana I*, 351 B.R. at 102. The Debtors have not met this burden. The Debtors admit that Broman is essential to ongoing lien enforcement efforts and other services and his knowledge is critical. It appears that Broman is participating in the management of the Debtors' efforts to collect amounts due to them and therefore qualifies as an insider under Section 101(31). The Motion should therefore be denied because the Debtors have failed to demonstrate that the Retention Plan meets all of the requirements of Section 503(c)(1) because, in particular, it fails to meet Section 503(c)(1)(A) and (C). The Motion fails to meet Section 503(c)(1)(A) because the Debtors did not demonstrate that Broman has a "bona fide job offer from another business at the same or greater rate of compensation." The Motion fails to meet Section 503(c)(1)(C) because the Retention Payments that Broman will receive if he stays for a year or more are in excess of the limit prescribed in such section.

**B.    If the Debtors Can Show that the Broman is not an Insider, the Debtors Must Show that the Retention Plan Meets the Requirements of Section 503(c)(3) of the Bankruptcy Code.**

Section 503(c)(3) prohibits "transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case, including transfers made to, or obligations incurred for the benefit of, officers, managers or consultants hired after the date of the filing of the petition." 11 U.S.C. § 503(c)(3).

Courts in this circuit have found that Section 503(c)(3) of the Bankruptcy Code reiterates the standards of the business judgment rule for assessing transactions outside the ordinary course of business under Section 363 of the Bankruptcy Code. *See, e.g., In re Velo Holdings, Inc.*, 2012 WL 2015870, at *9 (Bankr. S.D.N.Y. 2012); *see also In re Dana Corp.*, 358 B.R. 567, 576 (Bankr. S.D.N.Y. 2007) ("*Dana II*") (transfers outside of the ordinary course of business under Section 503(c)(3) are assessed by the same business judgment test[3] applied under Section 363(b) of the Bankruptcy Code); *But see In re Pilgrim's Pride Corp.*, 401 B.R. 229, 236-37 (Bankr.

---

[3] Under the "sound business judgment" test, courts generally consider the factors outlined in *Dana II*, which include:

    a.    Is there a reasonable relationship between the plan proposed and the results to be obtained, i.e., will the key employee stay for as long as it takes for the debtor to reorganize or market its assets, or, in the case of a performance incentive, is the plan calculated to achieve the desired performance?

    b.    Is the cost of the plan reasonable in the context of the debtor's assets, liabilities and earning potential?

    c.    Is the scope of the plan fair and reasonable; does it apply to all employees; does it discriminate unfairly?

    d.    Is the plan or proposal consistent with industry standards?

    e.    What were the due diligence efforts of the debtor in investigating the need for a plan; analyzing which key employees need to be incentivized; what is available; what is generally applicable in a particular industry?

    f.    Did the debtor receive independent counsel in performing due diligence and in creating and authorizing the incentive compensation?

*Dana II*, 358 B.R. at 576-77.

N.D. Tex. 2009) (Section 503(c)(3) sets a higher standard of review and should not be equated to the business judgment rule as applied under Section 363).

If the Debtors can show through competent evidence that Broman is not an insider, the Debtors must still meet their burden of proof to show that the Retention Plan satisfies the "sound business judgment" test under Section 503(c)(3). It does not appear from the Motion, however, that the Retention Payments are an exercise of appropriate business judgment. The work that Broman will do must be done in order for the Debtors to maximize their recovery. Broman's work product in the form of reports, memos, analysis and work for the preparation of tax returns appears to be work that the Debtors need to do to recover money and file tax returns and does not automatically translate to increased recovery of money by the Debtors. Lastly, there is no stated length of time that Broman will stay on and it appears the Debtors are hoping that the Retention Plan will encourage Broman to stay for at least the month of March. *Id.* at ¶ 14. Therefore, the Motion should be denied because the Debtors have failed to show that the Retention Plan is an exercise of sound business judgment under Section 503(c)(3).

## IV.    CONCLUSION

WHEREFORE, for the reasons stated above, the United States Trustee respectfully requests that the Court (i) sustain this objection, (ii) deny the Motion, and (iii) grant such other relief as is just and proper.

Dated: March 20, 2015                                     Respectfully submitted,
    New Haven, CT                              WILLIAM K. HARRINGTON
                                                 UNITED STATES TRUSTEE FOR REGION 2

                                 By:   /s/ Holley L. Claiborn
                                       Holley L. Claiborn ct 17216
                                       Trial Attorney
                                       Office of the United States Trustee
                                       Giaimo Federal Building, Room 302
                                       150 Court Street
                                       New Haven, CT 06510
                                       (203) 773-2210

**CERTIFICATE OF SERVICE**

   In accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure, Rule 2002-1 of the Local Rules of Bankruptcy Procedure and Local ECF Procedure 4(b), this certifies that a copy of the United States Trustee's Objection was served on all parties listed below via the Electronic Case Filing System maintained by this Court as noted below:

Kellianne Baranowsky on behalf of Creditor DeMenno/Kerdoon
kellianne.baranowsky@withersworldwide.com

Kellianne Baranowsky on behalf of Creditor Lunday-Thagard Company
kellianne.baranowsky@withersworldwide.com

David L. Barrack on behalf of Creditor NuStar Energy Services, Inc.
david.barrack@nortonrosefulbright.com

David L. Barrack on behalf of Creditor NuStar Energy Services, Inc.
david.barrack@nortonrosefulbright.com

David L. Barrack on behalf of Creditor NuStar Supply & Trading LLC
david.barrack@nortonrosefulbright.com

David L. Barrack on behalf of Creditor NuStar Supply & Trading LLC
david.barrack@nortonrosefulbright.com

David L. Barrack on behalf of Creditor NuStar Terminals Marine Services N.V.
david.barrack@nortonrosefulbright.com

Patrick M. Birney on behalf of Debtor O.W. Bunker Holding North America Inc.
pbirney@rc.com, darnold@rc.com

Patrick M. Birney on behalf of Debtor O.W. Bunker North America Inc.
pbirney@rc.com, darnold@rc.com

Patrick M. Birney on behalf of Debtor O.W. Bunker USA Inc.
pbirney@rc.com, darnold@rc.com

Patrick M. Birney on behalf of Defendant O.W. Bunker USA Inc.
pbirney@rc.com, darnold@rc.com

Patrick M. Birney on behalf of Defendant OW Bunker Holding North America Inc.
pbirney@rc.com, darnold@rc.com

Patrick M. Birney on behalf of Defendant OW Bunker North America Inc.
pbirney@rc.com, darnold@rc.com

Patrick M. Birney on behalf of Defendant OW Bunker USA, Inc.
pbirney@rc.com, darnold@rc.com

Patrick M. Birney on behalf of Plaintiff O.W. Bunker Holding North America Inc.
pbirney@rc.com, darnold@rc.com

Patrick M. Birney on behalf of Plaintiff O.W. Bunker North America Inc.
pbirney@rc.com, darnold@rc.com

Patrick M. Birney on behalf of Plaintiff O.W. Bunker USA Inc.
pbirney@rc.com, darnold@rc.com

John F. Carberry on behalf of Plaintiff SHV Supply & Risk Management SAS
jcarberry@cl-law.com

Richard M. Coan on behalf of Creditor Atlantic Gulf Bunkering, Inc.
rcoan@coanlewendon.com

Richard M. Coan on behalf of Creditor Bomin Bunker Oil Corporation
rcoan@coanlewendon.com

Richard M. Coan on behalf of Creditor O'Rourke Marine Services, Inc.
rcoan@coanlewendon.com

Michael R. Enright on behalf of Counter-Claimant O.W. Bunker North America Inc.
menright@rc.com

Michael R. Enright on behalf of Debtor O.W. Bunker Holding North America Inc.
menright@rc.com

Michael R. Enright on behalf of Debtor O.W. Bunker North America Inc.
menright@rc.com

Michael R. Enright on behalf of Debtor O.W. Bunker USA Inc.
menright@rc.com

Michael R. Enright on behalf of Defendant O.W. Bunker North America Inc.
menright@rc.com

Michael R. Enright on behalf of Plaintiff O.W. Bunker Holding North America Inc.
menright@rc.com

Michael R. Enright on behalf of Plaintiff O.W. Bunker North America Inc.
menright@rc.com

Michael R. Enright on behalf of Plaintiff O.W. Bunker USA Inc.
menright@rc.com

Lars Forsberg on behalf of Creditor SHV Gas Supply & Risk Management SAS
lforsberg@reedsmith.com

Robert P. Franke on behalf of Creditor Martin Energy Services, LLC
Robert.franke@strasburger.com

Steven M. Golub on behalf of Creditor Mieco Inc.
sgolub@golublaw.com

Michael Gossler on behalf of Creditor Harley Marine NY, Inc.
mgossler@mpba.com

Michael Gossler on behalf of Creditor Westoil Marine Services, Inc.
mgossler@mpba.com

Daniel J. Guyder on behalf of Interested Party ING Bank N.V.
daniel.guyder@allenovery.com

Eric A. Henzy on behalf of Creditor NuStar Energy Services, Inc.
ehenzy@reidandriege.com, umongrain@rrlawpc.com

Eric A. Henzy on behalf of Creditor NuStar Supply & Trading LLC
ehenzy@reidandriege.com, umongrain@rrlawpc.com

Eric A. Henzy on behalf of Creditor Nustar Supply & Trading LLC
ehenzy@reidandriege.com, umongrain@rrlawpc.com

Eric A. Henzy on behalf of Defendant NuStar Energy Services, Inc.
ehenzy@reidandriege.com, umongrain@rrlawpc.com

James H. Hohenstein on behalf of Interested Party Clearlake Shipping Pte Ltd.
jim.hohenstein@hklaw.com

Edward A. Keane on behalf of Creditor Onego Shipping and Chartering, B.V., as Charterer of the M/V HC Nadja Maria
ekeane@mahoneykeane.com

John W. Kibler on behalf of Interested Party ING Bank N.V.
john.kibler@allenovery.com

John D. Kimball on behalf of Creditor NuStar Energy Services, Inc.
jkimball@blankrome.com

John D. Kimball on behalf of Creditor NuStar Supply & Trading LLC
jkimball@blankrome.com

John D. Kimball on behalf of Creditor Nustar Supply & Trading LLC
jkimball@blankrome.com

James D. Kleiner on behalf of Creditor Silversea Cruises Ltd.
jkleiner@hillbetts.com

James D. Kleiner on behalf of Plaintiff Silversea Cruises Ltd.
jkleiner@hillbetts.com

James D. Kleiner on behalf of Plaintiff Silversea Cruises Ltd
jkleiner@hillbetts.com

Robert A. Klyman on behalf of Creditor DeMenno/Kerdoon
rklyman@gibsondunn.com

Robert A. Klyman on behalf of Creditor Lunday-Thagard Company
rklyman@gibsondunn.com

Dyan M. Kozaczka on behalf of Plaintiff 1372 Tanker Corporation
dkozaczka@cohenandwolf.com, DChevarella@cohenandwolf.com

Dyan M. Kozaczka on behalf of Plaintiff OSG Ship Management, Inc.
dkozaczka@cohenandwolf.com, DChevarella@cohenandwolf.com

Gregory F. Lang on behalf of Creditor Committee The Official Committee Of Unsecured Creditors
gflang@hunton.com,
candonian@hunton.com;ppartee@hunton.com;mrichman@hunton.com;rrich2@hunton.com;akamensky@hunton.com

Craig I. Lifland on behalf of Counter-Claimant ING BANK NV
lifland@halloransage.com, carideo@halloransage.com

Craig I. Lifland on behalf of Counter-Claimant ING Bank N.V.
lifland@halloransage.com, carideo@halloransage.com

Craig I. Lifland on behalf of Defendant ING BANK NV
lifland@halloransage.com, carideo@halloransage.com

Craig I. Lifland on behalf of Defendant ING Bank N.V.
lifland@halloransage.com, carideo@halloransage.com

Craig I. Lifland on behalf of Defendant ING Bank, N.V.
lifland@halloransage.com, carideo@halloransage.com

Craig I. Lifland on behalf of Interested Party ING Bank N.V.
lifland@halloransage.com, carideo@halloransage.com

Brian P. Maloney on behalf of Interested Party ING Bank N.V.
Maloney@sewkis.com

Vincent M. Marino on behalf of Plaintiff 1372 Tanker Corporation

vmarino@cohenandwolf.com

Vincent M. Marino on behalf of Plaintiff OSG Ship Management, Inc.
vmarino@cohenandwolf.com

Keith R. Martorana on behalf of Creditor DeMenno/Kerdoon
kmartorana@gibsondunn.com

Keith R. Martorana on behalf of Creditor Lunday-Thagard Company
kmartorana@gibsondunn.com

Kim L. McCabe on behalf of U.S. Trustee U. S. Trustee
kim.mccabe@usdoj.gov

Timothy D. Miltenberger on behalf of Creditor Atlantic Gulf Bunkering, Inc.
tmiltenberger@coanlewendon.com

Timothy D. Miltenberger on behalf of Creditor Bomin Bunker Oil Corporation
tmiltenberger@coanlewendon.com

Timothy D. Miltenberger on behalf of Creditor O'Rourke Marine Services, Inc.
tmiltenberger@coanlewendon.com

Joseph O'Neil, Jr. on behalf of Debtor O.W. Bunker Holding North America Inc.
joneil@mmwr.com

Michael M. Parker on behalf of Creditor NuStar Energy Services, Inc.
Michael.parker@nortonrosefulbright.com

Michael M. Parker on behalf of Creditor NuStar Energy Services, Inc.
Michael.parker@nortonrosefulbright.com

Michael M. Parker on behalf of Creditor NuStar Supply & Trading LLC
Michael.parker@nortonrosefulbright.com

Michael M. Parker on behalf of Creditor NuStar Supply & Trading LLC
Michael.parker@nortonrosefulbright.com

Michael M. Parker on behalf of Creditor NuStar Terminals Marine Services N.V.
Michael.parker@nortonrosefulbright.com

Peter S. Partee, Sr. on behalf of Consultant Gavin / Solmonese LLC
ppartee@hunton.com

Peter S. Partee, Sr. on behalf of Creditor Committee The Official Committee Of Unsecured Creditors
ppartee@hunton.com

Bruce G. Paulsen on behalf of Interested Party ING Bank N.V.
Paulsen@sewkis.com

Steven A. Peirce on behalf of Creditor NuStar Energy Services, Inc.
steve.peirce@nortonrosefulbright.com

Steven A. Peirce on behalf of Creditor NuStar Energy Services, Inc.
steve.peirce@nortonrosefulbright.com

Steven A. Peirce on behalf of Creditor NuStar Supply & Trading LLC
steve.peirce@nortonrosefulbright.com

Steven A. Peirce on behalf of Creditor NuStar Supply & Trading LLC
steve.peirce@nortonrosefulbright.com

Steven A. Peirce on behalf of Creditor NuStar Terminals Marine Services N.V.
steve.peirce@nortonrosefulbright.com

Andrea J. Pincus on behalf of Creditor SHV Gas Supply & Risk Management SAS
apincus@reedsmith.com

Richard G. Placey on behalf of Debtor O.W. Bunker Holding North America Inc.
rplacey@mmwr.com

Richard G. Placey on behalf of Plaintiff O.W. Bunker Holding North America Inc.
rplacey@mmwr.com

Richard G. Placey on behalf of Plaintiff O.W. Bunker North America Inc.
rplacey@mmwr.com

Richard G. Placey on behalf of Plaintiff O.W. Bunker USA Inc.
rplacey@mmwr.com

Natalie D. Ramsey on behalf of Debtor O.W. Bunker Holding North America Inc.
nramsey@mmwr.com

Natalie D. Ramsey on behalf of Plaintiff O.W. Bunker Holding North America Inc.
nramsey@mmwr.com

Natalie D. Ramsey on behalf of Plaintiff O.W. Bunker North America Inc.
nramsey@mmwr.com

Natalie D. Ramsey on behalf of Plaintiff O.W. Bunker USA Inc.
nramsey@mmwr.com

Robert A. Rich on behalf of Creditor Committee The Official Committee Of Unsecured Creditors
rrich2@hunton.com

Arthur E. Rosenberg on behalf of Interested Party Clearlake Shipping Pte Ltd.
Arthur.rosenberg@hklaw.com

David W. Rubin on behalf of Creditor One Stamford Plaza Owner, LLC
drubin@dwr-law.com

David M.S. Shaiken on behalf of Creditor Mieco Inc.
david@shipmanlawct.com

Jonathan M. Shapiro on behalf of Defendant Pacific Energy South West Pacific ltd
jshapiro@shapirolawofficesct.com

J. Stephen Simms on behalf of Creditor Aegean Bunkering (USA) LLC
jssimms@simmsshowers.com, dmhnat@simmsshowers.com

J. Stephen Simms on behalf of Creditor Atlantic Gulf Bunkering, Inc.
jssimms@simmsshowers.com, dmhnat@simmsshowers.com

J. Stephen Simms on behalf of Creditor Bomin Bunker Oil Corporation
jssimms@simmsshowers.com, dmhnat@simmsshowers.com

J. Stephen Simms on behalf of Creditor O'Rourke Marine Services, Inc.
jssimms@simmsshowers.com, dmhnat@simmsshowers.com

Jeffrey M. Sklarz on behalf of Creditor Martin Energy Services, LLC
jsklarz@gs-lawfirm.com, ctecf_admin@gs-lawfirm.com

Tara Lynn Trifon on behalf of Counter-Defendant Westoil Marine Services, Inc.
ttrifon@lockelord.com, tcubille@lockelord.com

Tara Lynn Trifon on behalf of Creditor Harley Marine NY, Inc.
ttrifon@lockelord.com, tcubille@lockelord.com

Tara Lynn Trifon on behalf of Creditor Westoil Marine Services, Inc.
ttrifon@lockelord.com, tcubille@lockelord.com

Tara Lynn Trifon on behalf of Plaintiff Westoil Marine Services, Inc.
ttrifon@lockelord.com, tcubille@lockelord.com

Gilbert B. Weisman on behalf of Creditor American Express Travel Related Services Company Inc
notices@becket-lee.com

Shannon B. Wolf on behalf of Creditor Vopack Terminal Los Angeles Inc.
shannon.wolf@bgllp.com, meghan.olsen@bgllp.com;trey.wood@bgllp.com

Shannon B. Wolf on behalf of Creditor Vopak Terminal Los Angeles Inc.
shannon.wolf@bgllp.com, meghan.olsen@bgllp.com;trey.wood@bgllp.com

William A. Wood, III on behalf of Creditor Vopack Terminal Los Angeles Inc.
trey.wood@bgllp.com

Davis Lee Wright on behalf of Debtor O.W. Bunker Holding North America Inc.
dwright@mmwr.com

Davis Lee Wright on behalf of Plaintiff O.W. Bunker Holding North America Inc.
dwright@mmwr.com

Davis Lee Wright on behalf of Plaintiff O.W. Bunker North America Inc.
dwright@mmwr.com

Davis Lee Wright on behalf of Plaintiff O.W. Bunker USA Inc.
dwright@mmwr.com

David B. Zabel on behalf of Interested Party Clearlake Shipping Pte Ltd.
dzabel@cohenandwolf.com

David B. Zabel on behalf of Plaintiff 1372 Tanker Corporation
dzabel@cohenandwolf.com

David B. Zabel on behalf of Plaintiff OSG Ship Management, Inc.
dzabel@cohenandwolf.com

By:   /s/ Holley L. Claiborn
Holley L. Claiborn