**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: <br><br> O.W. Bunker Holding North America Inc. *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 14-51720 (AHWS) <br><br> Jointly Administered <br><br> **Re D.I.: 519** |

**LIMITED OBJECTION OF ING BANK N.V. TO EMERGENCY MOTION OF
DEBTORS FOR AN ORDER UNDER 11 U.S.C. §§105(A), 327, 328, 330, AND 331,
FED. R. BANKR. P. 2014, AND D. CONN. LBR 2014-1 AUTHORIZING
THE EMPLOYMENT AND PAYMENT OF RENE JENSEN
AS A CONSULTANT *NUNC PRO TUNC* TO MARCH 1, 2015**

ING Bank N.V. ("**ING**"), as Security Agent (as defined below), hereby files this limited objection to the *Emergency Motion of the Debtors for an Order Under 11 U.S.C. §§105(a), 327, 328, 330, and 331, Fed. R. Bankr. P. 2014, and D. Conn. LBR 2014-1 Authorizing the Employment and Payment of Rene Jensen as a Consultant* Nunc Pro Tunc *to March 1, 2015* (the "**Motion**") [Dkt. No. 519].[2] ING respectfully states as follows:

**BACKGROUND**

1. ING is the coordinator, agent, security agent ("**Security Agent**"), and a lender under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement, dated December 19, 2013, and related guaranty, pledge, and security agreements, including that certain *English Omnibus Security Agreement*, dated December 13, 2013 (together,

---

[1] The last four digits of the US Debtor Companies' taxpayer identification numbers follow in the parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

the "**Finance Documents**"). Debtor O.W. Bunker North America Inc. is a borrower and guarantor of the obligations of the borrowers under the Finance Documents. Debtor O.W. Bunker USA Inc. is a guarantor of the borrowers' obligations under the Finance Documents. ING, in its capacity as Security Agent, is the largest single creditor of the Debtors in these cases.

2. By the Motion the Debtors seek authorization to retain Mr. Rene Jensen as, *inter alia*, a litigation consultant pursuant to section 327 of the Bankruptcy Code, which governs the employment of "professional persons." The Motion does not comply with the applicable provisions of section 327, the Bankruptcy Rules, and the Local Rules, which taken together impose various disclosure requirements designed to ensure that Mr. Jensen is a "disinterested" person and that he does not hold any claims adverse to the Debtors' estates. The Debtors justify their failure to do so by representing, without any evidentiary support, that "it is impractical and economically inefficient for the Debtors to submit an individual application and proposed retention order for Mr. Jensen as required by Bankruptcy Rules 2014 and 2016 [. . .] ." Motion at ¶18.

## LIMITED OBJECTION TO JENSEN MOTION

3. ING respectfully urges this Court to condition Mr. Jensen's employment on his and the Debtors' full compliance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

4. Specifically, section 327(a) requires that the Debtors may only employ Mr. Jensen if they can demonstrate that Mr. Jensen does "not hold or represent an interest adverse to the estate" and that he is "disinterested." 11 U.S.C. § 327(a).

5. Bankruptcy Rule 2014 provides that any application to employ a professional person pursuant to section 327 must be "accompanied by a verified statement of the person to be

2

employed setting forth the person's connection with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee." Bankruptcy Rule 2014.

6. Finally, rule 2014-1 of the Local Bankruptcy Rules for the District of Connecticut (the "**Local Rules**" and together with the Bankruptcy Rules, the "**Rules**") provides that in addition to the requirements of Bankruptcy Rule 2014, applications for employment pursuant to section 327 "shall state whether or not the person has an interest adverse to the estate and the nature of that interest and whether or not the person is disinterested." Local Rule 2014-1.

7. To qualify as a "disinterested person" the Debtors' have the burden of demonstrating that Mr. Jensen (i) is not a creditor or equity security holder of the Debtors, (ii) was not, within two years prior to the Petition Date, a director, officer, or employee of the debtor, and (iii) Mr. Jensen "does not have an interest materially adverse to the interest of the estate […]." 11 U.S.C. §101(14). Section 327(a) also imposes an independent requirement that no professional person employed by a debtor may have an interest adverse to the estate, which requirement does not include the materiality limitation contained in section 101(14).

8. The Debtors have failed to establish that Mr. Jensen is in fact a "disinterested person" as that term is defined in the Bankruptcy Code;[3] they have failed to establish that Mr. Jensen does not hold or represent an interest adverse to the Debtors' estates; they have failed to provide the verified statement required by Bankruptcy Rule 2014; and they have failed to provide the specific disclosures with respect to adverse interests required by Local Rule 2014-1.

---

[3] ING does not object to the Debtors' retention of Mr. Jensen on the basis that he is not a "disinterested person" solely due to his prior employment with the Debtors, however, ING reserves the right to object to Mr. Jensen's retention if based on subsequent disclosures it appears Mr. Jensen is either a creditor or equity security holder of the Debtors or Mr. Jensen holds an interest that is materially adverse to the interest of the estate. *See* 11 U.S.C. 101(14).

9. The Debtors' provide no explanation for their failure to establish that Mr. Jensen is in fact disinterested and that he does not hold claims or interests adverse to the estates as required by section 327(a). And while the Debtors' concede the Motion does not comply with the Bankruptcy Rules and the Local Rules, their only justification is an unsupported statement that it would be "impractical and economically inefficient" to do so. Motion at ¶6. The Debtors' cite to orders providing for standardized procedures for the retention and payment of dozens of professionals in connection with the *Worldcom* and *Enron* bankruptcies as support for the retention of Mr. Jensen without full compliance with the applicable provisions of the Bankruptcy Coe and the Rules. Motion at ¶22. However, the sheer size of those cases made the need for a standardized and streamlined process for the retention of ordinary course professionals that provided necessary services in relation to day-to-day operations at relatively little cost to the estate self-evident. For example, the *Worldcom* debtors appended a list of 49 professionals to their application for standardized procedures, while reserving the right to further supplement that list. *In re Worldcom Inc.*, Case No. 02-13533 (Bankr. S.D.N.Y. Sept 4, 2002) (Dkt. No. 15).[4]

10. The provisions of the Bankruptcy Code and the Rules relating to the retention and compensation of professionals strike a balance between the need for a debtor to access the professional services it needs in order to fairly and efficiently administer its case and the critical need for transparency in connection with the expenditure of estate resources. ING respectfully submits that in these circumstances the Court should require the Debtors and Mr. Jensen to fully comply with section 327(a) of the Bankruptcy Code, section 2014 of the Bankruptcy Rules, and section 2014-1 of the Local Rules.

---

[4] The *Enron* debtors' included approximately 30 entities and individuals on their list of ordinary course professionals to whom the proposed procedures would apply, which list could, as in the *Worldcom* case, could further supplemented. *In re Enron*, Case No. 01-16034 (Bankr. S.D.N.Y. Feb 22, 2002) (Dkt. No. 1635).

11. In particular, the Debtors and Mr. Jensen should clarify, as required under Local Rule 2014-1, any adverse interests Mr. Jensen may have in respect of the Debtors, including any pre-petition or post-petition claims against the Debtors that Mr. Jensen may have on account of his prior employment. ING respectfully submits that to the extent Mr. Jensen has any claims or interests that are adverse to the Debtors, his employment as a consultant (earning $60,000 for a single month of work) should be conditioned on a full release and waiver of such claims and interests.[5]

[*Intentionally left blank*]

---

[5] ING reserves the right to supplement this objection after reviewing any further disclosures that this Court may require in connection with Mr. Jensen's retention.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons ING respectfully requests that the Court require the Debtors and Mr. Jensen to fully comply with the applicable provisions of the Bankruptcy Code and the Rules in respect of his employment pursuant to section 327 and grant such other and further relief as the Court deems just and proper.

Dated: March 23, 2015
Bridgeport, Connecticut

**HALLORAN & SAGE LLP**

By:    /s/Craig I. Lifland
      Craig I. Lifland (ct00976)
      225 Asylum Street
      Hartford, CT 06103
      Tel: (860) 241-4303
      Fax: (203) 218-4749
      lifland@halloransage.com

**ALLEN & OVERY LLP**

Daniel J. Guyder
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 610-6300
Fax:  (212) 610-6399
daniel.guyder@allenovery.com

*Attorneys ING Bank  N.V., as Security Agent*

3722020v.1