**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| O.W. Bunker Holding North America Inc.[1] | : | Case No. 14-51720 |
| | : | |
| Debtor. | : | (Joint Administration Requested) |
| | : | |

**DECLARATION OF HANS STAAL JONASSEN, GENERAL MANAGER OF
O.W. BUNKER NORTH AMERICA INC., IN SUPPORT OF EMERGENCY
MOTION OF DEBTORS PURSUANT TO SECTIONS 363(b) AND 503(c)
OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING
EMPLOYEE CONTRACT *NUNC PRO TUNC* TO MARCH 1, 2015**

I, HANS STAAL JONASSEN, hereby declare, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge, information and belief after due inquiry as described herein:

1.   I am the General Manager of O.W. Bunker Holding North America Inc. ("Holding"), O.W. Bunker North America Inc. ("North America"), and O.W. Bunker USA Inc. ("OWB-USA"), each a debtor and debtor in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"). I have been employed by the Debtors since April 2012 and have served as the General Manager of the Debtors since January 11, 2015. In such capacity, I am generally familiar with the Debtors' day-to-day operations, financial conditions, business affairs, and books and records. I submit this declaration (the "Declaration") on the Debtors' behalf in support of the *Emergency Motion of Debtors Pursuant to Sections 363(b) And 503(c) of the*

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, Connecticut 06901.

*Bankruptcy Code for an Order Authorizing Employee Contract nunc pro tunc to March 1, 2015* [Docket No. 521] (collectively the "Broman Motion").

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, information supplied to me by the Debtors' advisors, or my opinion based on my experiences with and knowledge of the Debtors' operations and financial condition. In making my statements based on my review of the Debtors' books and records, relevant documents and other information prepared or collected by the Debtors' employees, I have relied upon these employees accurately recording, preparing or collecting any such documentation and other information.

3. I am over the age of 18 and am competent to testify.

4. I am authorized to submit this Declaration on behalf of the Debtors, and if called upon to testify, I could and would testify competently as to the veracity of the facts set forth herein.

5. On March 20, 2015, the Office of the United States Trustee filed an objection to the Broman Motion [Docket No. 546] asserting that the Broman Motion is an effort to seek approval of a "key employee retention plan" of an "insider."

6. As previously described in the Broman Motion, Mr. Broman's knowledge, experience and expertise are vital to the Debtors' ongoing efforts to marshal the Debtors' assets through maritime lien enforcement proceedings. Mr. Broman reviews and analyzes the transaction data and legacy records provided by the Debtors' Danish parent, including reviewing sales orders, purchase orders, and other O.W. Bunker group transaction reports, in order to assist the Debtors' professionals with determining whether the Debtors have available and enforceable

maritime liens. Mr. Broman's knowledge of the Debtors' parent's computer and accounting systems and working relationship with personnel from other O.W. Bunker entities is invaluable to the Debtors.

7. With the recent termination of another employee, Mr. Broman's role has expanded. Mr. Broman is providing assistance with various accounting and tax matters, including assistance with various motor fuel and related other fuel tax returns due for the 2014 tax year.

8. After March 31, 2015, the Debtors will have three employees: myself, as general manager; Mr. Broman; and Ms. Kathleen Alderman, the office manager. A fourth employee has been terminated, effective at the end of March. As the General Manager, I am the Debtors' only officer.

9. Mr. Broman began working for the O.W. Bunker group companies in 2010, and with the Debtors from early 2013. Mr. Broman moved to Stamford, Connecticut in July 2014. Prepetition, Mr. Broman was the Credit Manager for North America. With the exception of the "general manager" title, the Debtors have not maintained titles post-petition. If necessary, the Debtors would continue to identify Mr. Broman by his prepetition title.

10. Mr. Broman is not an officer or director of the Debtors, is not involved in the management of the Debtors, does not shape or dictate policies or procedures of the Debtors, and has no decision-making authority regarding the management of the Debtors. Mr. Broman's responsibilities in connection with reviewing the Debtors' prepetition bunker supply transactions and assistance with the motor fuel tax returns, do not extend to overall management of the Debtors' litigation efforts, formulation of recovery strategy, or approval of various maritime-

related pleadings.  As General Manager, I review and approve all pleadings filed in vessel arrest and maritime interpleader proceedings.

11.     Mr. Broman first informed the Debtors that he intended to discontinue his employment with the Debtors in January, 2015.  While the Debtors were able to retain Mr. Broman's services through January and February, Mr. Broman has informed the Debtors that he intends to leave the Debtors' employment, effective March 31, 2015, if the Broman Motion is not approved.

12.     Mr. Broman has indicated that his departure is not conditioned on possessing a *bona fide* offer from a third party.  Without the approval of the Broman Motion, Mr. Broman intends to leave regardless of whether he has a job offer.

13.     In order to motivate Mr. Broman to remain employed with the Debtors and continue contributing to the Debtors' efforts at maximizing recoveries, the Debtors approved Mr. Broman's request to increase his salary by $10,000 per month and pay a one-time incentive payment of $10,000.  The one-time incentive payment would be made to Mr. Broman only if he completed several critical tasks that are outlined in the Broman Motion.

14.     The Debtors believe that the payments to Mr. Broman are fair and reasonable under the circumstances.  The Debtors have been informed that hiring a consultant to provide the same level of support as Mr. Broman will not only be more expensive for the Debtors but will also deprive the Debtors of Mr. Broman's intimate knowledge of the Danish parent's computer systems and his interpersonal relationships with other individuals within various international affiliates of the O.W. Bunker group.

15. If Mr. Broman were to depart, the Debtors would incur significant costs replacing him and there would be additional costs associated with delay in the execution and completion of the tasks and responsibilities that are assigned to Mr. Broman.

16. Additionally, the Debtors structured Mr. Broman's employment contract with the advice and counsel of Alvarez & Marsal to ensure that the proposed payments were fair and consistent with industry standards for a company operating under bankruptcy protection and reasonable within the context of the Debtors' assets.

17. Finally, I believe that the employment contract outlined in the Broman Motion will result in Mr. Broman continuing to be a productive member of the Debtors' small employment team.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed: March 23, 2015

*/s/ Hans Staal Jonassen*
Hans Staal Jonassen
General Manager
O.W. Bunker Holding North America Inc.,
O.W. Bunker North America Inc., and
O.W. Bunker USA Inc.