UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re | Chapter 11 |
| O.W. Bunker Holding North America, Inc., *et al.*,[1] | Case No. 14-51720 |
| Debtor. | Jointly Administered |

### ORDER APPROVING THE MODIFICATION AND ASSUMPTION OF THE DEBTORS' LEASE AT ONE STAMFORD PLAZA *NUNC PRO TUNC* TO APRIL 1, 2015

Upon consideration of the Motion[2] of the Debtors for entry of an order, pursuant to Bankruptcy Code §§ 105, 363(c), 365 and Bankruptcy Rules 2002, 6004, and 6006; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the relief requested being in the best interest of the Debtors, their estates, creditors, and other parties-in-interest; and the Court having reviewed the Motion; and upon the record of these cases and any hearing held to consider the Motion; and after due deliberation and sufficient cause appearing therefor; and due and proper notice of the Motion having been provided; and it appearing that no further notice need be provided:

IT IS HEREBY ORDERED THAT:

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall be given the meaning ascribed to them in the Motion.

1. The Motion is granted as set forth herein.

2. The Modified Lease, attached hereto as Exhibit 1, is approved.

3. The Debtors are hereby authorized to assume the Modified Lease.

3. The Debtors are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: June 3, 2015                               By the court

*[signature]*
Alan H. W. Shiff
United States Bankruptcy Judge

## EXHIBIT 1

**Modified Lease**

3886522v1

**SECOND AMENDMENT**

THIS SECOND AMENDMENT (this "**Amendment**") is made and entered into as of ___, 2015 by and between **ONE STAMFORD PLAZA OWNER LLC**, a Delaware limited liability company ("**Landlord**"), and **OW BUNKER NORTH AMERICA INC.**, a Connecticut corporation ("**Tenant**").

<u>RECITALS:</u>

A.  Landlord and Tenant are parties to that certain Office Lease Agreement dated as of December 14, 2012, as amended by a certain First Amendment dated as of June 3, 2014 (as amended, the "**Lease**").

B.  Pursuant to the Lease, Landlord has leased to Tenant space currently containing approximately **3,924** rentable square feet (the "**Original Premises**") on the 15th floor of the building commonly known as Two Stamford Plaza located at 281 Tresser Boulevard, Stamford, Connecticut 06901 (the "**Building**"). The Building contains **258,647** rentable square feet.

C.  The Lease by its terms is scheduled to expire on December 31, 2018 (the "**Termination Date**"),.

D.  Landlord is currently holding a cash security deposit in the amount of $28,782.00 (the "**Security Deposit**").

E.  In November 2014, Tenant and its affiliates filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court District of Connecticut Bridgeport Division, which case is known as Chapter 11 Case No. 14-51720.

F.  Pursuant to 11 U.S.C. §§ 1107 and 1108, Tenant as a debtor in possession is authorized to, among other things, amend the Lease to reduce the size of the Original Premises to **1,754** rentable square feet and the reduce the length of the Term.

G.  All defined terms used herein shall have the meanings set forth in the Lease unless otherwise specified herein.

NOW, THEREFORE, in consideration of the above recitals which by this reference are incorporated herein, the mutual covenants and conditions contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant agree as follows:

1.  <u>Surrender</u>.  Effective as of April 1, 2015 (the "**Effective Date**"), Tenant shall surrender and vacate the portion of the Original Premises consisting of **2,170** rentable square feet labeled as "Suite A" on <u>Exhibit A</u> attached hereto (the "**Surrender Premises**") located on the 15th floor of the Building in order for Landlord to (i) construct the demising wall between the Surrender Premises and the Remaining Premises (as defined below), and (ii) perform all necessary separation of utilities between Surrender Premises and the Remaining Premises (collectively, the "**Landlord's Work**").  Tenant shall surrender the Surrender Premises on or before the Effective Date pursuant to Section 25 (Surrender) of the Lease.  If Tenant shall fail to surrender the Surrender Premises as aforesaid, Tenant shall be deemed a tenant at sufferance with respect to the Surrender Premises,

90942307.2

      subject to any and all penalties described in the Lease, including without limitation those set forth in Section 22 (Holding Over) of the Lease. Landlord and Tenant shall work together to coordinate the scheduling of the Landlord's Work, which shall be performed at Landlord's expense. Landlord shall use reasonable efforts to perform Landlord's Work in a such a manner that Tenant's full connectivity and access to its operating systems, network and servers remains undisturbed during the completion of the Landlord's Work.

2.    Premises. Effective as of the Effective Date, the Premises shall consist of the area labeled as "Suite B" on Exhibit A attached hereto (the "**Remaining Premises**") located on the 15th floor of the Building, and the Rentable Square Footage of the Remaining Premises, without representation, shall be deemed to be **1,754** rentable square feet. The Remaining Premises shall be subject to all of the terms and conditions of the Lease except as expressly set forth herein, except that Tenant shall not be entitled to receive any allowances, abatements or other financial concessions granted with respect to the Original Premises, provided, however, that Landlord shall have no claims of any types whatsoever for damages due to Tenant's rejection or termination of the Lease, pursuant to 11 U.S.C. §§ 365(g), 502(b((6) or otherwise. From and after the Effective Date, subject to the terms and conditions hereof, any and all references to the term "Premises" in the Lease, as amended hereby, shall be deemed to refer to the Remaining Premises, and the day immediately preceding the Effective Date shall be deemed the Termination Date with respect to the Surrender Premises.

3.    Term; Elimination of Renewal Option. As of the Effective Date, the Termination Date with respect to the Remaining Premises shall be changed to June 30, 2015, unless sooner terminated in accordance with the terms of the Lease, which Termination Date shall thereafter be subject to automatic extension on a month to month basis, until either party provides at written notice to the other party of its intention to terminate the Lease as of the date specified in the notice (which date must be at least thirty (30) days from the date of the notice). As of the Effective Date, all references in the Lease to "Termination Date" shall be deemed to mean the Termination Date as modified pursuant to this Section 3. The Renewal Option described in Exhibit B to the First Amendment is hereby deleted in its entirety and of no further effect.

4.    Base Rent. (a)The Base Rent, Additional Rent and all other charges under the Lease shall be payable as provided therein with respect to the Original Premises through and including the day immediately preceding the Effective Date without regard to this Amendment, including without limitation all electricity charges and other Additional Rent for the Original Premises that accrue and are due and payable under the terms of the Lease through the Effective Date, but which may be billed by Landlord after the Effective Date

      (b)    As of the Effective Date, Tenant shall pay Base Rent for the Remaining Premises as follows:

| Months | Annual Rate Per RSF | Annual Base Rent | Monthly Base Rent |
|---|---|---|---|
| Effective Date through July 31, 2015 | $49.00 | $85,946.00 | $7,162.17 |
| August 1, 2015 through April 30, 2016* | $49.00 | $85,946.00 | $7,162.17 |

-2-

90942307.2

| | | | |
|---|---|---|---|
| May 1, 2016 through April 30, 2017** | $50.00 | $87,700.00 | $7,308.33 |

*If Lease is not terminated pursuant to Section 3 above.

**If Lease is not terminated pursuant to Section 3 above and continues beyond April 30, 2016, annual rate per RSF shall increase to $50.00. If Lease is not terminated pursuant to Section 3 above and continues beyond April 30, 2017, there shall be further annual increases of $1.00 per RSF effective each April 1st thereafter, commencing as of May 1, 2017.

All such Base Rent shall be payable by Tenant in accordance with the terms of the Lease.

5. <u>Tenant's Pro Rata Share</u>: Effective on the Effective Date, Tenant's Pro Rata Share for the Remaining Premises shall be **0.6781%**.

6. <u>Tax Excess and Expense Excess</u>. As of the Effective Date, Tenant shall pay Tenant's Pro Rata Share of the Tax Excess and Expense Excess for the Remaining Premises based on a Base Year for Taxes of 2013 and a Base Year for Expenses of 2013.

7. <u>Condition of Premises</u>. Tenant is in possession of the Original Premises and, except as specifically set forth below, accepts the same "as is" without any agreements, representations, understandings or obligations on the part of Landlord to perform any alterations, repairs or improvements thereto. Subject to Landlord's obligations to perform Landlord's Work, the Remaining Premises is accepted by Tenant in "as is" condition and configuration without any representations or warranties by Landlord. Landlord shall construct the demising wall in compliance with all applicable federal state and local laws, codes, statutes, ordinances, guidelines, rules and regulations.

8. <u>Parking</u>. As of the Effective Date, <u>Section 26.01(a)</u> of the Lease, as amended by <u>Section 11</u> of the First Amendment, is amended to provide that Tenant shall be entitled to five (5) unreserved parking spaces (based on a ratio of 3 spaces per 1,000 square feet) at no additional charge.

9. <u>Notice Addresses</u>. <u>Section 1.12</u> of the Lease is hereby deleted in its entirety and replaced with the following:

"Notice Address(es)":

| Landlord: | Tenant: |
|---|---|
| One Stamford Plaza Owner LLC<br>c/o RFR Realty LLC<br>263 Tresser Blvd., 4th Floor<br>Stamford, Connecticut  06901<br>Attn: Property Manager | OW Bunker North America Inc.<br>281 Tresser Boulevard, 15th Floor<br>Stamford, Connecticut  06901-3264<br>Attn: President |

With a copy to:

One Stamford Plaza Owner LLC
c/o RFR Realty LLC
390 Park Avenue
New York, New York 10022

-3-

90942307.2

Attn: President

and

Day Pitney LLP
One Canterbury Green
Stamford, Connecticut 06901
Attn: Real Estate Department

A copy of any notice to Landlord shall also be sent to any Mortgagee who may have requested the same.

10. <u>Miscellaneous</u>.

   10.01 <u>Entire Agreement</u>.  This Amendment sets forth the entire agreement between the parties with respect to the matters set forth herein.  There have been no additional oral or written representations or agreements.  Under no circumstances shall Tenant be entitled to any Rent abatement, improvement allowance, leasehold improvements, or other work to the Premises, or any similar economic incentives that may have been provided Tenant in connection with entering into the Lease, unless specifically set forth in this Amendment.  Tenant agrees that neither Tenant nor its agents or any other parties acting on behalf of Tenant shall disclose any matters set forth in this Amendment or disseminate or distribute any information concerning the terms, details or conditions hereof to any person, firm or entity without obtaining the express written consent of Landlord.

   10.02 <u>Representations</u>.  Tenant hereby represents and warrants to Landlord that as of the date hereof: (i) all of Tenant's estate, right, title and interest in and to the Lease is free and clear of assignments, sublettings, liens and encumbrances; (ii) the Lease is in full force and effect; (iii) Tenant is presently in possession of the Premises; (iv) the Lease has not been modified, supplemented or amended in any way, except as may be indicated in the recitals set forth above; and (v) to the best of Tenant's knowledge as of the date hereof, Tenant is not aware of any actionable defenses, claims or set-offs under the Lease against rents or charges due or to become due thereunder.

   10.03 <u>Effect of Amendment; Ratification</u>.  Except as herein modified or amended, the provisions, conditions and terms of the Lease shall be incorporated hereby by this reference and shall remain unchanged and in full force and effect.  The Lease as hereby amended is hereby ratified and confirmed by the parties hereto.

   10.04 <u>Inconsistency</u>.  In the case of any inconsistency between the provisions of the Lease and this Amendment, the provisions of this Amendment shall govern and control.

   10.05 <u>Solicitation of Offer</u>.  Submission of this Amendment by Landlord is not an offer to enter into this Amendment but rather is a solicitation for such an offer by Tenant.  Landlord shall not be bound by this Amendment until Landlord has executed and delivered the same to Tenant.

90942307.2

10.06 <u>Broker</u>.  Anything in the Lease to the contrary notwithstanding, Tenant hereby represents to Landlord that Tenant has dealt with no broker in connection with this Amendment. Tenant agrees to indemnify and hold Landlord and Landlord Related Parties harmless from all claims of any brokers claiming to have represented Tenant in connection with this Amendment.

10.07 <u>Authority</u>.  Each signatory of this Amendment represents hereby that he or she has the authority to execute and deliver the same on behalf of the party hereto for which such signatory is acting.

10.08 <u>Governing Law</u>.  This Amendment shall be deemed to have been made in Fairfield County, Connecticut, and shall be governed by and construed in accordance with the laws of the State of Connecticut.

10.09 <u>Return of Security Deposit</u>.  Following the Effective Date and Tenant's surrender of the Surrender Premsies in accordance with the terms of the Lease, Landlord shall return the sum of $12,865.35 to Tenant, which represents the proportional difference between the Security Deposit for the Original Premises and that for the Remaining Premises.

**[Signatures follow on next page.]**

    IN WITNESS WHEREOF, Landlord and Tenant have duly executed this Amendment as of the day and year first above written.

LANDLORD:

**ONE STAMFORD PLAZA OWNER LLC,**
a Delaware limited liability company

By: _____
    Name:
    Title:

TENANT:

**OW BUNKER NORTH AMERICA INC.,**
a Connecticut corporation

By: _____
    Name:
    Title:

**Exhibit A**

## 2 Stamford Plaza — Floor 15



A-1

90942307.2