**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | Case No. 14-51720 |
| Debtors. | Jointly Administered |

**MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ENTRY OF ORDER APPROVING STIPULATED AGREED ORDER RESOLVING ADVERSARY PROCEEDING NO. 14-05074 COMMENCED BY WESTOIL MARINE SERVICES, INC. AGAINST O.W. BUNKER NORTH AMERICA, INC.**

The above captioned debtors and debtors in possession (collectively, the "Debtors") hereby move for entry of an order, substantially in the form attached hereto, pursuant to Rule 9019 (the "9019 Motion") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a Stipulated Agreed Order Resolving Adversary Proceeding No. 14-05074 (the "Stipulated Order," an executed copy of which is annexed hereto at Exhibit "A") commenced by Westoil Marine Services, Inc. ("Westoil") against O.W. Bunker North America, Inc. ("OWBNA"). Specifically, the Debtors seek approval of the terms and provisions of the Stipulated Order resolving the claims and defenses raised by Westoil and OWBNA in Adversary Proceeding No. 14-05074 (the "Adversary Proceeding") which, subject to Court approval have been settled and resolved.

In further support of the 9019 Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

3914366v1

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§1408 and 1409. The relief requested herein is warranted pursuant to Bankruptcy Rule 9019.

**BACKGROUND**

2. On November 13, 2014 (the "Petition Date"), each of the Debtors commenced a voluntary case in this Court (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 19, 2014, this Court ordered that the Debtors' cases be jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and D. Conn. LBR 1015-1.

3. On November 26, 2014, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these cases. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

4. On December 8, 2014, the Court entered an order approving, among other things, the sale of the Debtors' Vopak Oil and Related Assets (the "Sale Order," entered in the main case at D.I. 147). The Sale Order authorized the sale of the Debtors' marine oil located at the Vopak Terminal in Los Angeles, California (the "Vopak Oil"). Included in the Vopak Oil were certain quantities of oil stored on barges owned and operated by Westoil that were chartered by OWBNA.

5. When the Debtors' filed their Chapter 11 cases, Westoil asserted, among other things, a general maritime lien on the oil stored and transported as cargo on its barges (the "Oil

Cargo") and arrested them in an effort to protect this lien position and obtain payment for the services Westoil provided in connection with the Oil Cargo. The Debtors, among other claims, disputed Westoil's lien rights as well as the arrest of the vessels as a violation of the automatic stay imposed under 11 U.S.C. § 362.

6. To facilitate the return of the Oil Cargo to the Vopak Terminal so that it could be sold with the Vopak Oil, the Sale Order carved out reservations of Westoil's and the Debtors' rights with respect to all claims asserted in connection with the Oil Cargo (*see* Sale Order at ¶ 30). The Sale Order also provided for the creation of a trust fund in the amount of $340,816.90 (plus the costs of redelivery and offloading the Oil Cargo, collectively the "Trust Fund." The Trust Fund is currently held by Edwards Wildman, LLP, Westoil's Connecticut counsel). The Trust Fund represented the amount claimed by Westoil as a general maritime lien against the Oil Cargo, and was established to secure any potential lien claims that Westoil might have. (*see* Sale Order at ¶ 30). The parties thereafter attempted to work out their differences with respect to the positions they had taken with respect to the Oil Cargo, but were unable to come to an agreement.

7. Westoil thereafter commenced the Adversary Proceeding on December 30, 2014 to among other things, obtain the release of the Trust Fund amount (now $367,726.90) based upon it lien claim. On January 30, 2015, OWBNA filed an answer, affirmative defenses and asserted counterclaims challenging Westoil's lien claim as well as its claim to the Trust Fund. Westoil thereafter filed its answer and affirmative defenses to OWBNA's counterclaims on February 6, 2015.

8. Since then, the parties have engaged in discovery as well as settlement discussions, and each has agreed to compromise the claims, counterclaims and affirmative

-3-

defenses raised in the Adversary Proceeding on the terms and conditions set forth in the Stipulated Order.

*The Stipulated Order*

9. OWBNA and Westoil have engaged in arms-length negotiations with respect to resolution of the claims and defenses asserted in the Adversary Proceeding. These discussions culminated in the Stipulated Order (*see* Exhibit "A," incorporated herein by reference) resolving the issues each has raised, thereby resolving the Adversary Proceeding.

10. The salient terms of the Stipulated Order as summarized herein provide the basic framework of its terms to the Court and other parties in interest in the Chapter 11 Cases. Nothing in the summary, however, should be construed as supplanting or supplementing the detailed terms set forth in the Stipulated Order, and any conflict between the terms of the Stipulated Order and the summary should be resolved in favor of the Stipulated Order. In summary, the Stipulated Order provides:

   a. Within five days of the entry of the Stipulated Order, Edwards Wildman shall cause to be disbursed from the Trust Fund the amount of $340,000 to Westoil. Also within five days of the entry of the Stipulated Order, the balance of the Trust Fund ($27,726.90, plus any accumulated interest) shall be released to OWBNA to be administered as property of its estate in these jointly administered Chapter 11 cases.

   b. Pursuant to Federal Rule of Civil Procedure 41, applicable to the Adversary Proceeding pursuant to Rule 7041 of the Bankruptcy Rules, all claims and counterclaims asserted by OWBNA and Westoil in the Adversary Proceeding shall be dismissed with prejudice effective upon entry of the Stipulated Order.

   c. Upon entry of the Stipulated Order, Westoil and the Debtors, have agreed to mutually release and discharge each other form all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, damages, judgments, claims and demands whatsoever, with respect to any matter, cause or thing raised in or related to the Adversary Proceeding, including without limitation all unknown or contingent causes of action (see Stipulation and Order, ¶ 3). Said mutual releases, however, do not pertain to the proofs of claim filed by Westoil

>(Claim No. 16) and/ or its affiliate Harley Marine, NY, Inc. (Claim No. 17) and all rights of the Debtors to object to said claims (including their estates, any trustee, the Committee as well as their successors and assigns) as well as Westoil's, and Harley Marine NY Inc.'s rights with respect to seeking the allowance of said claims are reserved.

## RELIEF REQUESTED

11. The Debtors request that, pursuant to Bankruptcy Rule 9019, the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, approving the Stipulated Order.

## BASIS FOR RELIEF REQUESTED

*Legal Standard*

12. Bankruptcy Rule 9019(a) governs the approval of compromises and settlements and provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In approving a compromise and settlement, the Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an:

>[e]ducated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968).

13. The Court has discretion to approve a compromise. *Fischer v. Pereira (In re 47-49 Charles Street, Inc.)*, 209 B.R. 618 (S.D.N.Y. 1997). In doing so, the Court must "make an informed judgment whether the settlement is fair and equitable and in the best interests of the estate." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991). The Court is "required to review the reasonableness of the proposed settlement," *In re Drexel*

*Burnham Lambert Group, Inc.*, 138 B.R. 723, 758 (Bankr. S.D.N.Y. 1992), but does not decide questions of law and fact. Instead, the Court determines, "whether the settlement falls below the lowest point in the range of reasonableness." *In re: W.T. Grant, Co.*, 699 F.2d 599, 608 (2d Cir. 1983).

14. Courts in the Second Circuit examine several factors to determine whether to accept a settlement.

1. the balance between the litigation's possibility of success and the settlement's future benefits;

2. the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;

3. the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

4. whether other parties in interest support the settlement;

5. the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;

6. the nature and breadth of releases to be obtained by officers and directors;

7. the extent to which the settlement is the product of arm's length bargaining.

*In re: Iridium Operating, LLC*, 478 F.3d 452, 462 (2d Cir. 2007) (citing *In re: WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006) (internal citation omitted)); *see also TMT Trailer Ferry*, 390 U.S. at 424.

*The Stipulated Order Satisfies the Criteria for Approval*

15. In order to maximize the value of the assets subject to the Sale Order, the Debtors when faced with sudden, significant decreasing oil prices had to move on an expedited basis to conduct the sale, leaving them without sufficient time to litigate and/or resolve the issues in

connection with Westoil's claims to the Oil Cargo.  Thus, the Sale Order established the Trust Fund as a means to protect Westoil's claims, if successful, and to allow the Oil Cargo to be sold as part of the larger sale authorized by the Sale Order.

16. Having had the benefit of additional time as well as the opportunity to participate in discovery in the Adversary Proceeding, the Debtors have concluded that, in order to minimize the expenses incurred from continued, protracted litigation with Westoil on overlapping questions of maritime law and bankruptcy law, settlement on the terms and conditions set forth in the Stipulated Order is in the best interests of their estates and their creditors.

17. Entry of the Stipulated Order will allow the Debtors to avoid the significant costs of litigating with Westoil, thereby preserving estate assets in order to file a plan that provides a meaningful distribution to the Debtors' unsecured creditors.  The Stipulated Order resolves all claims raised by Westoil in the Adversary Proceeding and provides for a distribution of the Trust Fund assets to OWBNA's estate, which ultimately will benefit the Debtors' unsecured creditors by reducing litigation costs and resolving Westoil's claims to the entire Trust Fund.

18. Entry of the Stipulated Order also provides an additional benefit to the Debtors in that OWBNA will not need to incur the costs of litigating its own claims in the Adversary Proceeding, the successful outcome of which is by no means guaranteed.  Given the complexity of the issues raised in the Adversary Proceeding as well as the resources that would be expended and delays incurred in litigating them to conclusion as well as the potential for appeals, the Debtors submit that settlement is appropriate.

19. The Debtors further submit that the Stipulated Order was the result of arms-length negotiations conducted by experienced counsel for the Debtors and Westoil.  These negotiations

resulted in a resolution to the Adversary Proceeding that will benefit the Debtors, their estates and their creditors.

20.     Thus, the Debtors submit that entry of the Stipulated Order satisfies the Second Circuit's *Iridium* Factors, provides significant benefits to the Debtors' estates and their unsecured creditors, exceeds the "lowest point in the range of reasonableness," and should be approved by this Court.   Accordingly, the Debtors respectfully request that the Court grant this 9019 Motion and enter the Stipulated Order in the Adversary Proceeding.

## NOTICE

21.     Notice of this Motion will be given to (a) the United States Trustee for the District of Connecticut; (b) counsel to the Committee; (c) all creditors; and (d) other parties in interest requesting notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

22.     No previous motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested in the 9019 Motion and such other and further relief as may be just and proper.

Dated: Hartford, Connecticut
       June 19, 2015

                        Respectfully submitted,

                        *s/ Michael R. Enright*
                        Michael R. Enright, Esq. (ct10286)
                        Patrick M. Birney, Esq. (ct19875)
                        ROBINSON & COLE LLP
                        280 Trumbull Street
                        Hartford, CT  06103
                        Telephone: (860) 275-8290
                        Facsimile:  (860) 275-8299
                        menright@rc.com
                        pbirney@rc.com

                        - and -

                        Natalie D. Ramsey, Esq. (NY #5242730)
                            (admitted *pro hac vice*)
                        Richard G. Placey, Esq. (PA #37713)
                            (admitted *pro hac vice*)
                        Joseph O'Neil, Esq. (NY #2596435)
                            (admitted *pro hac vice*)
                        Davis Lee Wright, Esq. (NY #4761300)
                            (admitted *pro hac vice*)
                        MONTGOMERY, McCRACKEN, WALKER &
                        RHOADS, LLP
                        437 Madison Avenue, 29th Floor
                        New York, NY 10022
                        Telephone: (212) 867-9500
                        Facsimile:  (212) 599-1759
                        nramsey@mmwr.com
                        rplacey@mmwr.com
                        jo'neil@mmwr.com
                        dwright@mmwr.com

                        *Counsel for the Debtors and Debtors in Possession*

-9-