## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | : | Case No. 14-51720 (JAM) |
|  | : |  |
| Debtors. | : | [Case No. 14-51721, Claim No. 10], |
|  | : | [Case No. 14-51722, Claim No. 5], |
|  | : | [Case No. 14-51722, Claim No. 6] |
|  | : |  |
|  | : | Jointly Administered |
|  | : | **RE: ECF NO. 1133. 1165** |

### AMENDED ORDER GRANTING THE DEBTORS' MOTION SEEKING APPROVAL OF
### SETTLEMENT AGREEMENT WITH NUSTAR SUPPLY AND TRADING LLC, NUSTAR ENERGY SERVICES, INC., AND NUSTAR TERMINALS MARINE SERVICES N.V. PURSUANT TO 11 U.S.C. §363 AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

This matter coming before the Court on the *Debtors' Motion Seeking Approval of Settlement Agreement with NuStar Supply and Trading LLC, NuStar Energy Services, Inc., and NuStar Terminals Marine Services N.V. Pursuant to 11 U.S.C. § 363 and Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Motion");[1] the Court having reviewed the Motion and the settlement agreement between and among the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), NuStar Supply and Trading LLC ("NuStar Supply"), NuStar Energy Services, Inc. ("NuStar Services"), NuStar Terminals Marine Services N.V. ("NuStar Terminals" and, together with NuStar Supply and NuStar Services, "NuStar"); the Court taking notice that the Debtors filed the *Motion of Debtors Pursuant To Local Bankruptcy Rule 3019.1 for an Order Permitting Certain Non-Adverse and/or Non-Material Modifications*

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

-4-

3965164v2

*to the Plan* [Docket No. 1134][2] addressing a proposed modification to Article XIII.C. as required

by the NuStar Settlement Agreement; the Court finding that (a) it has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core matter pursuant to 28 U.S.C. §

157(b)(2)(A); and (c) notice of the Motion was sufficient under the circumstances; the Court

having considered the evidence presented, arguments and statements of counsel, judicial notice

of the record in this bankruptcy case and of other matters pursuant to Fed. R. Evid. 201, has

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor:

THE COURT HEREBY FINDS AND DETERMINES THAT:[3]

A.      Proper notice of the Motion with a reasonable opportunity to be heard was given

to all parties in interest within the meaning of due process, 11 U.S.C. § 101(1), Fed. R. Bankr. P.

9019, Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 2002, and all applicable local rules.  The

NuStar Settlement Agreement and each of the terms thereto, and all findings of fact, conclusions

of law, and orders made herein shall be binding on the Debtors, the Committee and NuStar and

all other parties-in-interest in these chapter 11 cases, and any of their respective successors and

assigns. Capitalized terms used but not defined herein or in the NuStar Settlement Agreement

shall have the meanings ascribed to them in the Plan (defined below).  The Debtors have

demonstrated good, sufficient and sound business purposes, causes and justifications for the

relief requested in the Motion and the approval of the NuStar Settlement Agreement and the

transactions contemplated thereby.

---

[2] Unless otherwise specified in the reference, the docket references in this order will refer to the docket in *In re O.W. Bunker Holding North America Inc.*, Case No. 14-51720.

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

-4-

B.      The Debtors have demonstrated that the relief requested in the Motion is

necessary for the prompt and efficient administration of the Chapter 11 Cases, is in the best

interests of the Debtors and their creditors, and complies with the standards set forth by the

United States Court of Appeals for the Second Circuit in *In re: Iridium Operating, LLC*, 478

F.3d 452, 462 (2d Cir. 2007).

C.      The NuStar Settlement Agreement was negotiated and entered into by and among

the Parties, each of which was represented by counsel, without collusion, in good faith and from

arm's length bargaining positions.

D.      The Court has compared the likelihood of success on the merits in the litigation

with costs and benefits of the litigation and immediate pursuit of the litigation and determined

that the Debtors have demonstrated that continued litigation of the matters resolved by the

NuStar Settlement Agreement could be complex, costly and delay the Chapter 11 Cases.  NuStar

Supply asserts a total claim of $6,772,447.58 against debtor OWB NA, of which NuStar Supply

asserts $6,772,447.58 is an administrative expense pursuant to 11 U.S.C. § 503(b)(9).  NuStar

Services asserts a total claim of $15,906,510.33 against debtor OWB USA, of which NuStar

Services asserts $6,476,246.17 is an administrative expense pursuant to 11 U.S.C. § 503(b)(9).

NuStar Terminals asserts a total claim of $2,456,997.27 against OWB USA, of which NuStar

Terminals asserts $2,456,997.27 is an administrative expense pursuant to 11 U.S.C. § 503(b)(9).

The Debtors have objected to each of these claims in Debtors' Objection to (I) NuStar Supply &

Trading LLC's Proof of Claim #10 Filed Against O.W. Bunker North America Inc.; (II) NuStar

Energy Services, Inc.'s Proof of Claim #5 Filed Against O.W. Bunker USA Inc.; and (III)

NuStar Terminals Marine Services N.V. Proof of Claims #6 Filed Against Debtor O.W. Bunker

USA Inc. ("Debtors' Objection") [Docket No. 68, Case No. 14-51721; Docket No. 53, Case No.

3965164v2

14-51722] and NuStar has filed responses to such Debtors' Objection (NuStar Supply [Docket

No. 1106]; NuStar Terminals [Docket No. 1110]; NuStar Services [Docket No. 1111]. The

Debtors have proposed the Debtors' Liquidating Plan ("Plan") [Docket No. 1017].  The NuStar

Settlement Agreement removes a major obstacle toward confirmation of the Plan, by providing

for the treatment of the NuStar Section 503(b)(9) Claims in a manner that will not jeopardize

Plan confirmation.

E.      The settlements, compromises, releases and transfers contemplated in the NuStar

Settlement Agreement are fair, equitable, reasonable and given in exchange for valuable and

reasonably equivalent consideration.

F.      The Debtors' entry into the NuStar Settlement Agreement, including the

compromises and releases embodied therein, is a prudent and reasonable exercise of business

judgment that is in the best interests of the Debtors and their creditors.

G.      The NuStar Settlement Agreement represents a resolution of a number of

complex factual and legal issues, and the releases and acknowledgments contained therein are a

necessary element of the consideration received by the Parties, and is a condition to the

effectiveness of the NuStar Settlement Agreement.

H.      Approval of the NuStar Settlement Agreement is supported by other parties in

interest who support the NuStar Settlement Agreement.  The Official Committee of Unsecured

Creditors ("Committee") was extensively involved in the negotiations of the NuStar Settlement

Agreement and is a party to the NuStar Settlement Agreement.  ING Bank N.V., as Security

Agent ("ING Bank"), which is the largest creditor in the bankruptcy cases, was extensively

involved in the negotiation of the NuStar Settlement Agreement, supports approval of the NuStar

Settlement Agreement, and has reviewed and approved of this Settlement Order.

-4-

I.      This Court incorporates by reference the terms and conditions of the NuStar

Settlement Agreement into this Order.  The failure specifically to describe or include any

particular provision of the NuStar Settlement Agreement in this Order shall not diminish or

impair the effectiveness of such a provision, it being the intent of this Court that the NuStar

Settlement Agreement be approved in its entirety.  Without limiting the foregoing, the NuStar

Settlement Agreement requires that this Court make certain findings, conclusions, and orders as

conditions to the effectiveness of the NuStar Settlement Agreement, which findings,

conclusions, and orders are set forth below.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Any and all objections to the Motion that have not been withdrawn, resolved,

waived or settled are overruled on the merits.

3.      The NuStar Settlement Agreement, a copy of which is attached to this Order as

Exhibit A, is APPROVED in all respects, and the Debtors are authorized to take all steps

necessary to consummate the compromise and settlement embodied in the NuStar Settlement

Agreement subject to the terms and conditions thereof.

4.      This Order and the NuStar Settlement Agreement shall become effective on the

effective date of the Plan (the "Plan Effective Date") and not before; *provided, however*, that

those provisions of the NuStar Settlement Agreement which are intended by the Parties to have

immediate effectiveness shall be immediately effective upon entry of this Order.

5.      NuStar Supply is hereby granted an Allowed Administrative Priority Claim

pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $3,629,227.80 against

OWB NA (the "NuStar Supply 503(b)(9) Claim").  The NuStar Supply 503(b)(9) Claim shall be

-4-

paid in full on the Plan Effective Date. NuStar Supply shall not be, nor deemed to be, treated as

an Electing OWB NA Claimant under the Plan.  NuStar Supply shall have no other claim against

OWB NA other than the NuStar Supply 503(b)(9) Claim [Case No. 14-51721, Claim No. 10].

6.    Upon the Plan Effective Date, NuStar Supply shall have the exclusive right, title

and interest to the proceeds of the NuStar Reclaimed Fuel and the Other Fuel, as such terms are

defined in the *Notice of True-Up Accounting Calculations Related to NuStar's Reclamation of*

*Fuel Oil on the Vessels EVA SCHULTE and ELISALEX SCHULTE* [Docket. No. 310].

7.    NuStar Services' and NuStar Terminals' claims against OWB USA shall be

allowed in the amount of $15,906,490.33 [Case No. 14-51722, Claim No. 5] and

$2,456,997.27 [Case No. 14-51722, Claim No. 6], respectively, solely for voting purposes as

general unsecured claims.  There shall be no reserve in respect of any claims held by NuStar

against OWB USA that NuStar has asserted are entitled to priority under section 503(b)(9) of

the Bankruptcy Code.  NuStar Services and NuStar Terminals retain all their rights to seek

allowance and priority under section 503(b)(9) of the Bankruptcy Code for their Claims.  All

other Parties retain all rights to object to the allowance or priority of such Claims of NuStar

Services and NuStar Terminals. NuStar Services and NuStar Terminals shall not be, nor

deemed to be, treated as an Electing OWB USA Claimant under the Plan.

8.    NuStar Services is hereby authorized to use and dispose of the $53,432.70

collected in connection with the arrest of the vessel known as the UMGENI (the "Umgeni

Proceeds"), which arrest action was commenced in Belize by NuStar Services, in any manner

so desired by NuStar Services.  Nothing in this Order shall be construed to prejudice any

rights OWB USA may hold against Unicorn Shipping and/or the UMGENI.

-4-

9.     On the Plan Effective Date, NuStar shall be released from any and all claims held by the Debtors under Chapter 5 of the Bankruptcy Code, including but not limited to claims under sections 547 and 548 of the Bankruptcy Code.

10.     The Debtors, the Committee, and ING Bank shall not seek, prior to the withdrawal of the Plan or its vacation or revocation, by motion in the Bankruptcy Court, agreement or otherwise, to use for any purpose other than to make Distributions pursuant to the Plan on or following the Plan Effective Date the funds held now or in the future in the ING Collection Accounts or any debtor-in-possession account maintained by OWB NA that are proceeds of invoices issued by OWB NA that have been collected in response to the Joint Instructions (the "Joint Instruction Proceeds").

11.     The terms and provisions of the NuStar Settlement Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of (i) NuStar, and their respective affiliates, successors and assigns, and (ii) the Debtors and their affiliates, successors and assigns, their estates, and their creditors, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

12.     Nothing contained in any plan of reorganization or liquidation confirmed in the Chapter 11 Cases or any order of this Court confirming such plans or in any other order in the Chapter 11 Cases, including any order entered after any conversion of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, shall alter, conflict with, or derogate from, the provisions of the NuStar Settlement Agreement or the terms of this Order.  The provisions of the NuStar Settlement Agreement and this Order and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered confirming or consummating any plan of

-4-

3965164v2

reorganization of the Debtors, or which may be entered converting the Chapter 11 Cases from

chapter 11 to chapter 7 of the Bankruptcy Code, and the terms and provisions of the NuStar

Settlement Agreement and this Order as well as the rights and interests granted pursuant to this

Order shall continue in the Chapter 11 Cases or any superseding case and shall be specifically

performable and enforceable against and binding upon the Debtors, their estates, NuStar, and

their respective successors and permitted assigns, including any trustee, responsible officer or

other fiduciary hereafter appointed as a legal representative of the Debtors or their estates under

chapter 7 or chapter 11 of the Bankruptcy Code.

13.    The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of the Agreement and this

Order.

Dated: December 14, 2015                                    BY THE COURT


                                                            *Julie A. Manning*
                                                            Julie A. Manning
                                                            Chief United States Bankruptcy Judge


---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses:  O.W. Bunker Holding North America Inc. (7474), ).W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556).  The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT  06901.

-4-